1   LITTLER MENDELSON, P.C.
    RYAN L. EDDINGS, Bar No. 256519
2   SYED H. MANNAN, Bar No. 328218
    5200 North Palm Avenue, Suite 302
3   Fresno, CA  93704.2225
    Telephone:   559.244.7500
4   Facsimile:   559.244.7525

5   Attorneys for Defendant
    MASTEC NETWORK SOLUTIONS, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  GREGG LEE FOSHEE JR.,                    Case No.

12              Plaintiff,          **NOTICE OF REMOVAL OF CIVIL
                                    ACTION TO FEDERAL COURT**
13  v.

14  MASTEC NETWORK SOLUTIONS,
    INC., and DOES 1 to 10,                  Action filed in State Court: 05/04/2020;
15                                           Fresno County Superior Court Case No.
                Defendants.                  20CECG01106
16

17

18        **TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES'**

19  **COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant MASTEC NETWORK

20  SOLUTIONS, INC. ("Defendant"), by and through the undersigned counsel, and pursuant to 28

21  U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior

22  Court of the State of California, County of Fresno, to the United States District Court for the Eastern

23  District of California (the "Notice of Removal"). In support of its Notice of Removal, Defendant

24  respectfully submits to this Honorable Court the following information:

25              **STATEMENT OF JURISDICTION (DIVERSITY)**

26        1.        Removal jurisdiction exists because this Court has original jurisdiction over

27  Plaintiff GREGG LEE FOSHEE JR.'S ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1332, and

28

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1  which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which

2  neither Plaintiff nor any Defendant are citizens of the same state and in which the amount in

3  controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction). Here, Plaintiff

4  was a citizen of California at the time the Complaint was filed in the Fresno County Superior Court

5  and is not currently a citizen of Florida. At the time Plaintiff's Complaint was filed, and also as of the

6  time of this Removal, Defendant is a Florida corporation with its principal place of business in Coral

7  Gables, Florida. As set forth herein, this case meets all of the requirements for removal, is timely, and

8  is properly removed by the filing of this Notice.

9  ## STATE COURT ACTION

10  2.    On or about May 4, 2020, Plaintiff filed this action in the Fresno County

11  Superior Court, titled *Gregg Lee Foshee Jr. v. Mastec Network Solutions, Inc., and DOES 1 to 10*,

12  Case Number 20CECG01106, which is attached hereto as Exhibit A. The Complaint was served on

13  Defendant on May 27, 2020. See concurrently-filed Declaration of Syed H. Mannan ("Mannan

14  Decl."), at ¶ 2.

15  3.    Plaintiff's Complaint purports to assert ten causes of action against Defendant

16  for: (i) whistleblower retaliation in violation of California Labor Code section 1102.5 and 1102.6; (ii)

17  medical leave discrimination in violation of California Government Code section 12945.2; (iii)

18  medical leave retaliation in violation of California Government Code section 12945.2; (iv) disability

19  discrimination in violation of California Government Code section 12940(a); (v) retaliation for

20  requesting and using accommodations for disabilities in violation of California Government Code

21  section 12940(m); (vi) failure to engage in a timely, good faith interactive process in violation of

22  California Government Code section 12940(n); (vii) failure to reasonably accommodate disabilities in

23  violation of California Government Code section 12940(m); (viii) discrimination on the basis of race

24  in violation of California Government Code section 12940; (ix) retaliation for opposing violations of

25  the Fair Employment and Housing Act in violation of California Government Code section 12940(h);

26  and (x) wrongful termination in violation of public policy.

27  4.    Defendant filed a General Denial and Affirmative Defenses to Plaintiff's

28  Complaint on or about June 24, 2020. A true and correct copy of the General Denial and Affirmative

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                    2.

1  Defenses to Plaintiff's Complaint is attached hereto as Exhibit B.

2       5.    The remaining submissions in this action remaining on file with the Fresno

3  County Superior Court are attached hereto as Exhibit C.

4  ### TIMELINESS OF NOTICE OF REMOVAL

5       6.    An action may be removed from state court by filing a notice of removal,

6  together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of

7  Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or

8  proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served his Complaint on May 27, 2020.

9  Mannan Decl., at ¶ 2. Therefore, Defendant can remove this action up to June 26, 2020. See FED. R.

10  CIV. P. 6(a) (explaining that "the last day of the period shall be included, "but if the last day is a

11  Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not

12  a Saturday, Sunday, or legal holiday.").

13  ### VENUE

14       7.    Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the

15  United States District Court for the Eastern District of California insofar as Defendant conducts

16  business within Fresno County, California, which is where Plaintiff was employed, where the instant

17  action was originally filed, and which is within this Court's jurisdiction.

18  ### NOTICE TO PLAINTIFF

19       8.    As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the

20  filing of this Notice of Removal to Plaintiff. See Defendant's Notice to Plaintiff of Removal to Federal

21  Court, attached hereto as Exhibit D.

22  ### NOTICE TO THE SUPERIOR COURT

23       9.    Defendant also filed its Notice of Removal with the Clerk of the Fresno County

24  Superior Court, attached hereto as Exhibit E.

25  ### FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

26       10.   This action is a civil action of which this Court has original jurisdiction under

27  28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the

28  provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    3.

and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff claims that he is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

### A.    Citizenship of Parties

11.    Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California. See Complaint, ¶ 4 ("At all relevant times, Plaintiff . . . is and was an individual residing in the County of Fresno, State of California.").

12.    Defendant is a corporation duly organized and existing under the laws of the State of Florida, and it maintains its principal place of business in Coral Gables, Florida. See concurrently-filed Declaration of Windy Cox ("Cox Decl."), at ¶ 3.  Defendant is a citizen of Florida. Defendant is not a citizen of California.

### B.    Amount in Controversy

13.    "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing to *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996); see also 28 U.S.C. § 1446(c)(2) (generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.")  In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (stating that compensatory and punitive damages are included in determining the amount in controversy).

14.    Here, Defendant reasonably and in good faith believes that the amount put in

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    4.

controversy herein exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Specifically, Plaintiff prays for the following jurisdictional relief which is far in excess of the jurisdictional requirement: "[f]or special compensatory damages, including past and future lost wages and medical expenses, in an amount to be proven, but estimated to be no less than $200, 000," as well as "[f]or general compensatory damages, including for past and future emotional distress, in an amount to be proven, but estimated to be no less than $300,000." See Complaint, Pg. 14:15-21.

15.     Should Plaintiff prevail on his claims for violations of the California Labor Code, the California Government Code, and wrongful termination in violation of public policy, he would be entitled to recover the amount he would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970). Here, Plaintiff alleges that he was employed by Defendant on or about December 2013 through to his termination on or about September 30, 2019. Complaint, ¶ 10. Plaintiff alleges that Defendant employed him as a Foreman. Complaint, ¶ 10. Plaintiff's last rate of pay was $32 per hour. Cox Decl., ¶ 4. Plaintiff tended to work approximately 50 hours per week as a Foreman. Cox Decl., ¶ 4. Plaintiff seeks lost income from the date of his termination on September 30, 2019, through to the present and into the future. *See* Complaint, ¶ 9, 29 (e.g., "[P]laintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but estimated to be no less than $200,000."). As of the date of this Notice of Removal, it has been approximately 38 weeks since the Plaintiff's separation of employment with Defendant. Complaint, ¶ 10 ("Plaintiff . . . was employed by Defendant . . . from approximately December 2013 through Plaintiff's wrongful termination on or about September 30, 2019."). Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $60,800 in damages in the form of lost income alone as of the date of this filing ($32 hourly wage x 50 hours x 38 weeks), with damages continuing into the future through trial at the rate of approximately $1600 per week ($32 hourly wage x 50 hours).

16.     Plaintiff also seeks damages for the emotional distress. Complaint, Pg. 14:20-23 (seeking relief for "general compensatory damages, including for past and future emotional distress, in an amount to be proven, but estimated to be no less than $300,000.") Plaintiff's claim for severe emotional distress damages further augments the foregoing amounts and demonstrates that the

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                                          5.

jurisdictional prerequisite for removal of this action is met.  See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. See, e.g., *Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where he had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and lost wages are at issue. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive and statutory damages, and attorney's fees, establishes that the plaintiff's total damages more likely than not will exceed the jurisdictional amount of $75,000.

17.    Additionally, Plaintiff seeks an award of attorneys' fees in connection with her claims for violation of various provisions of the California Labor Code. Complaint, ¶¶ 34, 39, 44, 49, 53, 57, 62, 66, and 70 (*e.g.*, "Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law, and is entitled to recover reasonable attorneys' fees"). Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S*, *supra*, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                     6.

1    reasonable attorneys' fees like to be recovered by plaintiff if he were to prevail). Moreover, past cases

2    indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of

3    $75,000. See *Mitchell v. GigOptix, LLC*, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the

4    trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the

5    claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

6        18.    The amount in controversy also includes punitive damages unless (1) punitive

7    damages are not recoverable as a matter of state law, and (2) it is a legal certainty that plaintiff would

8    not be entitled to recover the jurisdictional amount. See *Anthony, supra*, 75 F.3d at 315; *St. Paul*

9    *Reinsurance Co., Ltd. v. Greenberg* (5th Cir. 1998) 134 F.3d 1250, 1253-1254. Here, Plaintiff alleges

10   that he is entitled to punitive damages for Defendant's willful and malicious misconduct, but does not

11   provide a total amount of the alleged punitive damages sought. *See* Complaint ¶¶ 35, 40, 45, 50, 54,

12   58, 67, 71, 75. With respect to punitive damages, California law does not provide any specific

13   monetary limit on the amount of punitive damages which may be awarded under Civil Code section

14   3294, and the proper amount of punitive damages under California law is based on the reprehensibility

15   of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between

16   damages and a defendant's net worth. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir.

17   1994). Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on his

18   claims, the punitive damages alone could exceed the jurisdictional minimum.

19       19.    Thus, while Defendant's position is that Plaintiff is not entitled to damages in

20   any amount, the total amount in controversy appears to be, at a minimum, well over $75,000 as of the

21   date of this Notice of Removal. This sum is reflective of a potential amount in controversy of at least

22   $60,800 in lost income to date, $25,000 in emotional distress damages, other applicable statutory

23   damages as requested, and a possible award of punitive damages. In addition, Plaintiff's request for

24   attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely

25   than not that the total amount in controversy exceeds the jurisdictional amount of $75,000.

26       20.    Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that

27   the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a

28   civil action between citizens of different states.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                    7.

1    WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this

2    case from the Superior Court of the State of California, County of Los Angeles, to the United States

3    Court for the Central District of California.

4

5    Dated:        June 26, 2020                    LITTLER MENDELSON, P.C.

6

7

8    By: _____
         RYAN L. EDDINGS
9        SYED H. MANNAN
         Attorneys for Defendant
10       MASTEC NETWORK SOLUTIONS,
         INC.

11
     4836-5556-9599.1 046446.1254
12   6/5/20

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT                          8.

# EXHIBIT "A"

GEOFFREY C. LYON (Cal. Bar No. 132747)
*glyon@lyonlawyer.com*
**LYON LAW PC**
10960 Wilshire Blvd Ste 820
Los Angeles CA 90024-3732
Tel: 310-818-7700; Fax: 424-832-7405

Attorneys for Plaintiff,
GREGG LEE FOSHEE JR.

E-FILED
5/4/2020 8:00 AM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA - COUNTY OF FRESNO

FRESNO SUPERIOR COURT

| | |
|---|---|
| GREGG LEE FOSHEE JR.,<br><br>                         Plaintiffs,<br><br>vs.<br><br>MASTEC NETWORK SOLUTIONS,<br>INC.; and DOES 1 to 10,<br><br>                         Defendants. | Case No.  20CECG01106<br><br>**COMPLAINT FOR DAMAGES FOR DISCRIMINATION IN EMPLOYMENT, WRONGFUL TERMINATION AND RELATED CLAIMS**<br><br>Unlimited Jurisdiction<br>Jury Trial Demanded<br><br>Judge: To be assigned<br>Dept: To be assigned<br><br>Complaint Filed:<br>Trial Date:  None Set |

COMES NOW GREGG LEE FOSHEE JR. ("Plaintiff") and for his causes of action against Defendant MASTEC NETWORK SOLUTIONS, INC. ("Employer"), and DOES 1-10, allege as follows:

## I.

### SUBJECT MATTER JURISDICTION

1.       This action is brought pursuant to California Govt. Code sections § 12940; §

-1-
COMPLAINT

1   12945.2; Labor Code § 1102.5; California tort law and Civ. Code § 3294.

2          2.       Plaintiff has timely exhausted Plaintiff's administrative remedies with respect

3   to the named defendant(s).  True and correct copies of Plaintiff's administrative complaint(s) to, and

4   Right-To-Sue Notice(s) from, the California Department of Fair Employment and Housing is

5   attached hereto as Exhibit 1, respectively, and incorporated herein.

6          3.       This Court has subject matter jurisdiction over the causes of action alleged in

7   this complaint.

8                                          **II.**

9                    **PERSONAL JURISDICTION AND VENUE**

10         4.       At all relevant times, Plaintiff GREGG LEE FOSHEE JR. ("Plaintiff" or "Mr.

11  Foshee") is and was an individual residing in the County of Fresno, State of California.

12         5.       At all relevant times, Defendant MASTEC NETWORK SOLUTIONS, INC.

13  ("Employer") is and was a corporation organized under the laws of the State of Florida, authorized

14  to do and doing business in the County of Fresno, State of California.

15         6.       The violations of law described in this complaint have been committed within

16  the County of Fresno, State of California.

17         7.       Pursuant to section 393 of the California Code of Civil Procedure, the County

18  of Fresno is a proper and legal venue for this case.

19         8.       The true names and capacities of the Defendants named herein as DOES 1 to

20  10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or

21  otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant

22  to California Code of Civil Procedure Section 474.  Plaintiff will amend this complaint to show such

23  true names and capacities when they have been determined.

24         9.       The wrongful conduct of Employer set forth in the General Allegations and

25  various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm,

26  including but not limited to physical, mental and emotional injuries and distress, pain and suffering,

27  lost wages and benefits and health care expenses, and other general, special and statutory damages in

28  amounts to be proven.

### III.

### GENERAL ALLEGATIONS

10.      Plaintiff GREGG LEE FOSHEE JR.("Plaintiff") was employed by Defendant MASTEC NETWORK SOLUTIONS, INC. ("Employer") from approximately December 2013 through Plaintiff's wrongful termination on or about September 30, 2019. Plaintiff worked full-time at 5278 North Cornelia Avenue, Fresno, CA 93722. Plaintiff's job title was "Foreman." Plaintiff's primary responsibilities included building and upgrading cellphone towers as well as managing his team. Plaintiff worked under managers and supervisors including Junior Operations Manager Joseph Ecklin ("Mgr. Ecklin") and Senior Operations Manager Justin Barrie ("Mgr. Barrie"). At all relevant times, Plaintiff performed his duties competently and satisfactorily, and Employer's stated reasons for termination of Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

11.      In or around February 2018, Employer laid off several employees. Mgr. Barrie told Plaintiff that the company did not have enough paperwork to fire employees and so had to term the action "layoffs." Plaintiff had requested to hire more workers, but Mgr. Barrie told Plaintiff that Plaintiff would have to wait to do so because otherwise the company would legally have to bring back the workers who had been laid off first.

12.      Plaintiff received stellar 2018 reviews and never had a write-up.

13.      In or around December 2018, Mgr. Barrie visited Plaintiff's worksite in the middle of the night and climbed the tower in flip flops without a harness or hard hat. Plaintiff, Tophand Kameron Hughes ("Mr. Hughes"), Greenhand Connor "LNU" ("Mr. Connor"), and Tophand Kazi King ("Mr. King") all witnessed the incident, which no one reported. Climbing a tower without a harness or hard hat is in direct violation of OSHA regulations and company policy, yet Mgr. Barrie did not receive a write-up, nor was he terminated.

14.      In or around March 2019, Plaintiff was promoted to Construction Manager.

15.      On or about April 18, 2019, Plaintiff texted Project Manager Miguel Galvez ("Mgr. Galvez") to let him know that Plaintiff was sick with an ear infection and ear pain and would not be coming in that day. Mgr. Galvez texted back saying it was unacceptable for Plaintiff to call in just a few hours before work; Plaintiff and Mgr. Galvez then had a phone call which ended with

1   Mgr. Galvez bullying Plaintiff, calling Plaintiff a "fucking pussy" and telling Plaintiff that he would

2   "beat [Plaintiff's] ass". On information and belief, Mgr. Galvez did not speak to employees who

3   were not African-American in this manner. Plaintiff called Mgr. Barrie a few hours later to tell him

4   about the phone call, and Mgr. Barrie promised to take care of it. Plaintiff subsequently went to

5   Premium Urgent Care, where he received a doctor's note allowing him to take a two-day medical

6   leave for his ear infection and pain.

7           16.     On or about April 19, 2019, Plaintiff returned to work, and Mgr. Galvez

8   apologized to Plaintiff.

9           17.     From approximately March 2019 to June 2019, Plaintiff frequently witnessed

10  managers, including Mgr. Barrie and Mgr. Ecklin, using cocaine and drinking beer. Plaintiff would

11  often leave work early to avoid being in this unsafe working environment in violation of OSHA

12  regulations. Mgr. Ecklin once called Plaintiff on a Sunday to instruct Plaintiff to throw away the beer

13  in the fridge before managers from Sacramento visited and saw evidence of drinking in the office.

14  Plaintiff did not complain because the managers to whom he would complain, namely Mgr. Barrie

15  and Mgr. Ecklin, were themselves participating in the drug and alcohol use.

16          18.     In or around June 2019, Plaintiff requested to step down from Construction

17  Manager and resume his position as Foreman because he did not want to be in a toxic environment

18  in which there was frequent alcohol and drug usage. Mgr. Barrie, Mgr. Galvez, and Mgr. Ecklin

19  were amongst the alcohol and drug users. Mr. Hughes and Tower Tech III Brian Montgomery ("Mr.

20  Montgomery") were witnesses to the drug and alcohol usage within management.

21          19.     In or around July 2019 during a meeting in Sacramento, Mgr. Barrie asked

22  Plaintiff why he had really chosen to step down. Plaintiff replied that all everybody in management

23  did was smoke and drink and that nobody was focused on work. This behavior violated OSHA

24  regulations.

25          20.     Since Plaintiff complained to Mgr. Barrie about upper management's

26  behavior, Mgr. Ecklin retaliated against Plaintiff, who is African-American, with excessive

27  supervision, constantly demanding to know Plaintiff's whereabouts and what Plaintiff had

28  accomplished each day. Plaintiff felt that Mgr. Ecklin's excessive supervision was retaliation for

1    telling Mgr. Barrie about the practices within upper management. On information and belief, Mgr.

2    Ecklin did not treat employees who were not African-American in this manner.

3        21.    On or about August 13, 2019, Foreman Robert Hutchins ("Mr. Hutchins"), a

4    Caucasian employee, brought his dog to work, which was against company policy, and later left his

5    green hand on the tower by himself to look for the dog, another major violation of OSHA and

6    company policy. Mr. Hutchins, who had the same job title as Plaintiff, only received a write-up from

7    Mgr. Ecklin.

8        22.    On or about September 26, 2019, a Crown Castle employee caught Plaintiff

9    not wearing a hard hat. The Crown Castle employee told superintendent Luis Hernandez ("Mr.

10   Hernandez") about the incident.

11       23.    On or about September 27, 2019, Plaintiff spoke with Mgr. Barrie, who told

12   Plaintiff that Crown Castle had sent a report to Corporate, which was trying to terminate Plaintiff,

13   yet Mgr. Barrie was fighting the decision. Soon after, Mgr. Ecklin called Plaintiff, instructing him to

14   get Plaintiff's new worksite done and to work overtime if possible to finish the site over the

15   weekend. Later that day, Plaintiff accessed the Oracle system online to see if he was fired; the

16   system showed that he was terminated as of that day and showed the termination date as September

17   30.

18       24.    In or around December 2019, Mgr. Barrie told Tophand Tshikala Tshibaka

19   ("Mr. Tshibaka") that Plaintiff was terminated because Plaintiff was "marching to the beat of his

20   own drum" and did not reference the hard hat incident. On information and belief, Mgr. Barrie was

21   referring to Plaintiff's refusal to drink beer and smoke pot with the crew and Plaintiff's reporting

22   OSHA violations to management.

23       25.    In or around April 2019, Plaintiff took approximately one day of medical

24   leave from work for ear and throat infections that limited Plaintiff's ability to work. Employer failed

25   and refused to engage in a timely good faith interactive process with Plaintiff to identify and provide

26   reasonable accommodations. Employer discouraged Plaintiff from taking time off work for medical

27   appointments and/or flare-ups in symptoms. Plaintiff took medical leave on April 18, 2019, and was

28   terminated on September 30, 2019.

1    26.    Mgr. Ecklin, Mgr. Barrie, and Human Resources Representative Wendy Cox

2    ("Rep. Cox") participated in the decision to terminate Plaintiff. Mgr. Ecklin and Mgr. Barrie met

3    with Plaintiff for the termination, and Rep. Cox was present over the phone.

4    27.    Employer was substantially motivated to and did discriminate and retaliate

5    against Plaintiff, including terminating Plaintiff, based upon Plaintiff's race, African-American, and

6    retaliated against Plaintiff's opposition to discrimination.

7    28.    On information and belief, Employer replaced Plaintiff with a less qualified

8    individual not in Plaintiff's protected class. On information and belief, Employer harassed,

9    discriminated and/or retaliated against other employees based on the same protected class as

10    Plaintiff. On information and belief, Employer did not terminate or discipline other employees

11    outside Plaintiff's protected class as severely for the same purported deficiencies for which

12    Employer terminated and/or disciplined Plaintiff.

13    29.    As the proximate result of Defendant's wrongful conduct, Plaintiff has and

14    will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact,

15    but estimated to be no less than $200,000, and has past and future emotional distress and mental

16    suffering estimated to be no less than $300,000.

17    30.    Junior Operations Manager Joseph Ecklin, Senior Operations Manager Justin

18    Barrie, and Office Director Ryan "LNU" ("Dir. Ryan") are managing agents of Employer because

19    on information and belief they set major corporate policies for Employer, including through their

20    authority to exercise substantial discretion, had the power to manage, supervise, evaluate, discipline,

21    hire and fire other managers, enter into substantial agreements on behalf of Employer, as with

22    vendors, contractors and/or customers, and participated in and/or ratified the harassing,

23    discriminatory, retaliatory and unlawful termination of Mr. Foshee. On information and belief, Mgr.

24    Ecklin, Mgr. Barrie, and Dir. Ryan had authority to recommend, determine, implement, ratify and/or

25    enforce major policies of Employer, including but not limited to discrimination, harassment and

26    retaliation policies and legal compliance, and had responsibility to oversee the implementation,

27    compliance and enforcement of those policies.

28

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION

## LABOR CODE §§ 1102.5 & 1102.6

## BY PLAINTIFF AGAINST EMPLOYER

31.      Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

32.      Plaintiff reported to supervisors, and refused to participate in, Employer's activities that Plaintiff reasonably believed, would result in a violation of, or noncompliance with, state or federal regulations, statutes or Constitutional provisions, including but not limited to Cal. Govt. Code 12940, 12945.2, Cal. Labor Code, and workplace safety laws including Cal-OSHA.

33.      Employer was substantially motivated to, and did, take adverse employment actions against Plaintiff in retaliation for Plaintiff's protected activities, in violation of Labor Code §§ 1102.5 & 1102.6.

34.      Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven, and $10,000 per violation under CC § 1102.5.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law, and is entitled to recover reasonable attorneys' fees.  Plaintiff is entitled to injunctive relief including reinstatement and back pay and promotion without discrimination or retaliation.

35.      Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

-7-

COMPLAINT

**SECOND CAUSE OF ACTION**

**MEDICAL LEAVE DISCRIMINATION**

**GOVT. CODE § 12945.2 (CFRA)**

**BY PLAINTIFF AGAINST EMPLOYER**

36.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

37.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave.

38.     On information and belief, Employer discouraged Plaintiff from taking and denied Plaintiff medical leave from work in violation of Govt. Code § 12945.2, in part by terminating Plaintiff's employment to prevent Plaintiff from taking medical leave from work in the future.

39.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

40.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**THIRD CAUSE OF ACTION**

**MEDICAL LEAVE RETALIATION**

**Govt. Code § 12945.2 (CFRA)**

**By Plaintiff against Employer**

41.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

42.     On information and belief, Employer has more than 50 employees within 75

1    miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had

2    worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave.

3           43.        Employer took adverse employment actions against Plaintiff in retaliation for

4    Plaintiff's attempts to and exercise of Plaintiff's rights to medical leave under Govt. Code § 12945.2,

5    and in retaliation for Plaintiff's opposition to Employer's interference with Plaintiff's rights.

6    Employer's retaliation violated Govt. Code § 12945.2, including subsection (l).

7           44.        Employer's wrongful conduct proximately caused Plaintiff to suffer general

8    and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys,

9    including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees,

10   including under Govt. Code § 12965.

11          45.        Employer's wrongful conduct was malicious, oppressive, fraudulent,

12   despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or

13   perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

14   and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

### FOURTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION

### GOVT. CODE § 12940(A)

### BY PLAINTIFF AGAINST EMPLOYER

19          46.        Plaintiff realleges and incorporates in this cause of action all numbered

20   paragraphs above that precede the title block for the "First Cause of Action."

21          47.        Plaintiff is a member of a class protected from disability discrimination, those

22   having or perceived to have current or future disabilities, including but not limited to bilateral otitis

23   media, bilateral otalgia, fatigue, and related conditions and symptoms requiring disability leave and

24   medical evaluation and treatment, sometimes during working hours.

25          48.        Employer took adverse employment actions against Plaintiff, including

26   termination, that were substantially motivated by Plaintiff's protected class.  This violated Govt.

27   Code 12940, including subsection (a).

28          49.        Employer's wrongful conduct proximately caused Plaintiff to suffer general

1    and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys,

2    including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees,

3    including under Govt. Code § 12965.

4        50.    Employer's wrongful conduct was malicious, oppressive, fraudulent,

5    despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or

6    perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

7    and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

8                    **FIFTH CAUSE OF ACTION**

9    **RETALIATION FOR REQUESTING AND USING ACCOMMODATIONS FOR**

10                        **DISABILITIES**

11                   **GOVT. CODE § 12940(M)**

12                **BY PLAINTIFF AGAINST EMPLOYER**

13

14       51.    Plaintiff realleges and incorporates in this cause of action all numbered

15   paragraphs above that precede the title block for the "First Cause of Action."

16       52.    Employer retaliated against Plaintiff for requesting and using accommodations

17   for his disabilities, including time off work for flareups in symptoms and treatment. Employer's

18   conduct violated Govt. Code § 12940, including subsection (m).

19       53.    Employer's wrongful conduct proximately caused Plaintiff to suffer general

20   and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys,

21   including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees,

22   including under Govt. Code § 12965.

23       54.    Employer's wrongful conduct was malicious, oppressive, fraudulent,

24   despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or

25   perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

26   and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

27

28

-10-
COMPLAINT

## SIXTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS TO

## DETERMINE REASONABLE ACCOMMODATION FOR DISABILITY

## GOVT. CODE § 12940(N)

## BY PLAINTIFF AGAINST EMPLOYER

55.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

56.     Employer failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disabilities. Employer discouraged Plaintiff from taking further leave.  This violated Govt. Code § 12940, including subsection (n).

57.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

58.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## SEVENTH CAUSE OF ACTION

## FAILURE TO REASONABLY ACCOMMODATE DISABILITIES

## GOVT. CODE § 12940(M)

## BY PLAINTIFF AGAINST EMPLOYER

59.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

60.     Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or future physical or mental disabilities, including but not

-11-
COMPLAINT

1  limited to Major Depressive Disorder and related conditions and symptoms. Plaintiff's disabilities

2  required reasonable accommodations, including but not limited to disability leave and medical

3  treatment, sometimes during working hours.

4        61.      Employer failed to make reasonable accommodations for the disabilities of

5  Plaintiff. Employer tried to intimidate Plaintiff to prevent Plaintiff from requesting further

6  accommodations.  This violated Govt. Code § 12940, including subsection (m).

7        62.      Employer's wrongful conduct proximately caused Plaintiff to suffer general

8  and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys,

9  including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees,

10  including under Govt. Code § 12965.

11        63.      Employer's wrongful conduct was malicious, oppressive, fraudulent,

12  despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or

13  perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

14  and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

15  **EIGHTH CAUSE OF ACTION**

16  **DISCRIMINATION BASED ON RACE – disparate treatment**

17  **Govt. Code § 12940**

18  **By Plaintiff against Employer**

19        64.      Plaintiff realleges and incorporates in this cause of action all numbered

20  paragraphs above that precede the title block for the "First Cause of Action."

21        65.      Employer took adverse employment actions against Plaintiff substantially

22  motivated by Plaintiff's race, African-American. Employer's discrimination and disparate treatment

23  violated Govt. Code § 12940, including subsection (a).

24        66.      Employer's wrongful conduct proximately caused Plaintiff to suffer general,

25  special and statutory damages in an amount to be proven.  Plaintiff has been required to hire attorney

26  Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney's fees, including

27  under Govt. Code §12965.

28        67.      Employer's wrongful conduct was malicious, oppressive, fraudulent,

-12-
COMPLAINT

1  despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or

2  perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

3  and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**NINTH CAUSE OF ACTION**

**RETALIATION FOR OPPOSING VIOLATIONS OF FEHA (GOVT. CODE § 12900, ET**

**SEQ.)**

**Govt. Code § 12940(h)**

**By Plaintiff against Employer**

9        68.     Plaintiff realleges and incorporates in this cause of action all numbered

10  paragraphs above that precede the title block for the "First Cause of Action."

11        69.     Employer took adverse employment actions against Plaintiff substantially

12  motivated by, and in retaliation for, Plaintiff's opposition to Employer's violation of FEHA, Govt.

13  Code §§ 12900-12996, including Govt. Code §§ 12940 (discrimination), 12945.2 (family/medical

14  leave); see Govt. Code 12920, 12926. Employer's retaliation violated Govt. Code § 12940, including

15  subsection (h).

16        70.     Employer's wrongful conduct proximately caused Plaintiff to suffer general,

17  special and statutory damages in an amount to be proven.  Plaintiff has been required to hire attorney

18  Geoffrey Lyon of Lyon Law, PC and is entitled to recover reasonable attorney fees, including under

19  Govt. Code § 12965.

20        71.     Employer's wrongful conduct was malicious, oppressive, fraudulent,

21  despicable and not to be tolerated by civilized society and was known, authorized, ratified and/or

22  perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

23  and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**TENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES**

**Common Law Tort**

**By Plaintiff against Employer**

28        72.     Plaintiff realleges and incorporates in this cause of action all numbered

-13-
COMPLAINT

1 | paragraphs above that precede the title block for the "First Cause of Action."

2 |      73.      Employer discharged Plaintiff in violation of important and well-established

3 | public policies, set forth in various statutes and Constitutional provisions including but not limited to

4 | Government Code § 12940, 12948, see 12926 (employment discrimination and retaliation); Cal.

5 | Const. Art. I, § 8 (employment discrimination); Govt. Code §§ 12945, 12945.2 (pregnancy

6 | disability, family & medical leave).

7 |      74.      Employer's wrongful conduct proximately caused Plaintiff to suffer general

8 | and special damages in an amount to be proven.

9 |      75.      Employer's wrongful conduct was malicious, oppressive, fraudulent,

10 | despicable, not to be tolerated by civilized society and was known, authorized, ratified and/or

11 | perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive

12 | and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

13 |      **V.**

14 |      **PRAYER FOR RELIEF**

15 |      WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more

16 | specifically set forth in the individual causes of action:

17 |      1.      For special compensatory damages, including past and future lost wages and

18 |              medical expenses, in an amount to be proven, but estimated to be no less than

19 |              $200,000;

20 |      2.      For general compensatory damages, including for past and future emotional

21 |              distress, in an amount to be proven, but estimated to be no less than $300,000;

22 |      3.      For punitive and exemplary damages, including under Civil Code § 3294, in and

23 |              amount to be proven;

24 |      4.      For statutory damages and penalties, including under the Labor Code, including §

25 |              1102.5;

26 |      5.      For injunctive relief;

27 |      6.      For prejudgment interest;

28 |      7.      For costs of suit, including under CCP 1033.5, in an amount to be proven;

-14-

COMPLAINT

1    8. For reasonable attorneys' fees, including litigation assistant fees, including under

2      Govt. Code § 12965, in an amount to be proven;

3    9. For such other and further relief as the court deems just and proper.

4 DATED:  March 23, 2020     LYON LAW PC

5

6

7          By:  Geoffrey C. Lyon

8          Attorneys for Plaintiff,
           GREGG LEE FOSHEE JR.

-15-

COMPLAINT

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED:  March 23, 2020                         LYON LAW PC

By:  Geoffrey C. Lyon
Attorneys for Plaintiff,
GREGG LEE FOSHEE JR.

-16-
COMPLAINT

# EXHIBIT NO. 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                               KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 20, 2020

Geoffrey Lyon
10960 Wilshire Blvd, Suite 820
Los Angeles, California 90024

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202003-09660620
        Right to Sue: Lee Foshee Jr. / Mastec Network Solutions, Inc.

Dear Geoffrey Lyon:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

 STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 20, 2020

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202003-09660620
Right to Sue: Lee Foshee Jr. / Mastec Network Solutions, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 20, 2020

Gregg Lee Foshee Jr.

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202003-09660620
        Right to Sue: Lee Foshee Jr. / Mastec Network Solutions, Inc.

Dear Gregg Lee Foshee Jr.,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective March
20, 2020 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Gregg Lee Foshee Jr.                    DFEH No. 202003-09660620

                    Complainant,

vs.

Mastec Network Solutions, Inc.
5278 North Cornelia Avenue
Fresno, California 93722

                    Respondents
_____

1. Respondent **Mastec Network Solutions, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Gregg Lee Foshee Jr.**, resides in the City of  State of .

3. Complainant alleges that on or about **September 30, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, ancestry, national origin (includes language restrictions), color, family care or medical leave (cfra) (employers of 50 or more people), genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's race, ancestry, national origin (includes language restrictions), color, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), medical condition (cancer or genetic characteristic), age (40 and over), other, association with a member of a protected class and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family

-1-
*Complaint – DFEH No. 202003-09660620*

Date Filed: March 20, 2020

care or medical leave (cfra) (employers of 50 or more people), other, denied work opportunities or assignments, denied or forced to transfer.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), other, denied or forced to transfer.

**Additional Complaint Details:** Plaintiff GREGG LEE FOSHEE JR.("Plaintiff") was employed by Defendant MASTEC NETWORK SOLUTIONS ("Employer") from approximately December 2013 through Plaintiff's wrongful termination on or about September 30, 2019. Plaintiff worked full-time at 5278 North Cornelia Avenue, Fresno, CA 93722. Plaintiff's job title was "Foreman." Plaintiff's primary responsibilities included building and upgrading cellphone towers as well as managing his team. Plaintiff worked under managers and supervisors including Junior Operations Manager Joseph Ecklin ("Mgr. Ecklin") and Senior Operations Manager Justin Barrie ("Mgr. Barrie"). At all relevant times, Plaintiff performed his duties competently and satisfactorily, and Employer's stated reasons for termination of Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

11. In or around February 2018, Employer laid off several employees. Mgr. Barrie told Plaintiff that the company did not have enough paperwork to fire employees and so had to term the action "layoffs." Plaintiff had requested to hire more workers, but Mgr. Barrie told Plaintiff that Plaintiff would have to wait to do so because otherwise the company would legally have to bring back the workers who had been laid off first.

12. Plaintiff received stellar 2018 reviews and never had a write-up.

13. In or around December 2018, Mgr. Barrie visited Plaintiff's worksite in the middle of the night and climbed the tower in flip flops without a harness or hard hat. Plaintiff, Tophand Kameron Hughes ("Mr. Hughes"), Greenhand Connor "LNU" ("Mr. Connor"), and Tophand Kazi King ("Mr. King") all witnessed the incident, which no one reported. Climbing a tower without a harness or hard hat is in direct violation of OSHA regulations and company policy, yet Mgr. Barrie did not receive a write-up, nor was he terminated.

Date Filed: March 20, 2020

14. In or around March 2019, Plaintiff was promoted to Construction Manager.

15. On or about April 18, 2019, Plaintiff texted Project Manager Miguel Galvez ("Mgr. Galvez") to let him know that Plaintiff was sick with an ear infection and ear pain and would not be coming in that day. Mgr. Galvez texted back saying it was unacceptable for Plaintiff to call

in just a few hours before work; Plaintiff and Mgr. Galvez then had a phone call which ended with Mgr. Galvez bullying Plaintiff, calling Plaintiff a "fucking pussy" and telling Plaintiff that he would "beat [Plaintiff's] ass". On information and belief, Mgr. Galvez did not speak to employees who were not African-American in this manner. Plaintiff called Mgr. Barrie a few hours later to tell him about the phone call, and Mgr. Barrie promised to take care of it. Plaintiff subsequently went to Premium Urgent Care, where he received a doctor's note allowing him to take a two-day medical leave for his ear infection and pain.

16. On or about April 19, 2019, Plaintiff returned to work, and Mgr. Galvez apologized to Plaintiff.

17. From approximately March 2019 to June 2019, Plaintiff frequently witnessed managers, including Mgr. Barrie and Mgr. Ecklin, using cocaine and drinking beer. Plaintiff would often leave work early to avoid being in this unsafe working environment in violation of OSHA regulations. Mgr. Ecklin once called Plaintiff on a Sunday to instruct Plaintiff to throw away the beer in the fridge before managers from Sacramento visited and saw evidence of drinking in the office. Plaintiff did not complain because the managers to whom he would complain, namely Mgr. Barrie and Mgr. Ecklin, were themselves participating in the drug and alcohol use.

18. In or around June 2019, Plaintiff requested to step down from Construction Manager and resume his position as Foreman because he did not want to be in a toxic environment in which there was frequent alcohol and drug usage. Mgr. Barrie, Mgr. Galvez, and Mgr. Ecklin were amongst the alcohol and drug users. Mr. Hughes and Tower Tech III Brian Montgomery ("Mr. Montgomery") were witnesses to the drug and alcohol usage within management.

19. In or around July 2019 during a meeting in Sacramento, Mgr. Barrie asked Plaintiff why he had really chosen to step down. Plaintiff replied that all everybody in management did was smoke and drink and that nobody was focused on work. This behavior violated OSHA regulations.

20. Since Plaintiff complained to Mgr. Barrie about upper management's behavior, Mgr. Ecklin retaliated against Plaintiff, who is African-American, with excessive

supervision, constantly demanding to know Plaintiff's whereabouts and what Plaintiff had

accomplished each day. Plaintiff felt that Mgr. Ecklin's excessive supervision was retaliation for telling Mgr. Barrie about the practices within upper management. On information and belief, Mgr. Ecklin did not treat employees who were not African-American in this manner.

21. On or about August 13, 2019, Foreman Robert Hutchins ("Mr. Hutchins"), a Caucasian employee, brought his dog to work, which was against company policy, and later left his green hand on the tower by himself to look for the dog, another major violation of OSHA and company policy. Mr. Hutchins, who had the same job title as Plaintiff, only received a write-up from Mgr. Ecklin.

22. On or about September 26, 2019, a Crown Castle employee caught Plaintiff not wearing a hard hat. The Crown Castle employee told superintendent Luis Hernandez ("Mr. Hernandez") about the incident.

23. On or about September 27, 2019, Plaintiff spoke with Mgr. Barrie, who told Plaintiff that Crown Castle had sent a report to Corporate, which was trying to terminate Plaintiff, yet Mgr. Barrie was fighting the decision. Soon after, Mgr. Ecklin called Plaintiff, instructing him to get Plaintiff's new worksite done and to work overtime if possible to finish the site over the weekend. Later that day, Plaintiff accessed the Oracle system online to see if he was fired; the system showed that he was terminated as of that day and showed the termination date as September 30.

24. In or around December 2019, Mgr. Barrie told Tophand Tshikala Tshibaka ("Mr. Tshibaka") that Plaintiff was terminated because Plaintiff was "marching to the beat of his own drum" and did not reference the hard hat incident. On information and belief, Mgr. Barrie was referring to Plaintiff's refusal to drink beer and smoke pot with the crew and Plaintiff's reporting OSHA violations to management.

25. In or around April 2019, Plaintiff took approximately one day of medical leave from work for ear and throat infections that limited Plaintiff's ability to work. Employer failed and refused to engage in a timely good faith interactive process with Plaintiff to identify and provide reasonable accommodations. Employer discouraged Plaintiff from taking time off work for medical appointments and/or flare-ups in symptoms. Plaintiff took medical leave on April 18, 2019,

and was terminated on September 30, 2019.

26. Mgr. Ecklin, Mgr. Barrie, and Human Resources Representative Wendy Cox ("Rep. Cox") participated in the decision to terminate Plaintiff. Mgr. Ecklin and Mgr.

1  Barrie met with Plaintiff for the termination, and Rep. Cox was present over the
2  phone.

3  27. Employer was substantially motivated to and did discriminate and retaliate
   against Plaintiff, including terminating Plaintiff, based upon Plaintiff's race, African-
4  American, and retaliated against Plaintiff's opposition to discrimination.

5  28. On information and belief, Employer replaced Plaintiff with a less qualified
   individual not in Plaintiff's protected class. On information and belief, Employer
6  harassed, discriminated and/or retaliated against other employees based on the
7  same protected class as Plaintiff. On information and belief, Employer did not
   terminate or discipline other employees outside Plaintiff's protected class as
8  severely for the same purported deficiencies for which Employer terminated and/or
   disciplined Plaintiff.
9

10 29. As the proximate result of Defendant's wrongful conduct, Plaintiff has and will
   suffer past and future lost wages and benefits in an amount to be determined by the
11 trier of fact, but estimated to be no less than $200,000, and has past and future
   emotional distress and mental suffering estimated to be no less than $200,000.
12

13 30. Junior Operations Manager Joseph Ecklin, Senior Operations Manager Justin
   Barrie, and Office Director Ryan "LNU" ("Dir. Ryan") are managing agents of
14 Employer because on information and belief they set major corporate policies for
15 Employer, including through their authority to exercise substantial discretion, had the
   power to manage, supervise, evaluate, discipline, hire and fire other managers,
16 enter into substantial agreements on behalf of Employer, as with vendors,
   contractors and/or customers, and participated in and/or ratified the harassing,
17 discriminatory, retaliatory and unlawful termination of Mr. Foshee. On information
   and belief, Mgr. Ecklin, Mgr. Barrie, and Dir. Ryan had authority to recommend,
18 determine, implement, ratify and/or enforce major policies of Employer, including but
   not limited to discrimination, harassment and retaliation policies and legal
19 compliance, and had responsibility to oversee the implementation, compliance and
   enforcement of those policies.

20

21

22

23

24

25

26

27                                    -5-
                        *Complaint – DFEH No. 202003-09660620*
28
   Date Filed: March 20, 2020

1    VERIFICATION

2    I, **Geoffrey C Lyon**, am the **Attorney** in the above-entitled complaint. I have read the

3    foregoing complaint and know the contents thereof. The matters alleged are based
     on information and belief, which I believe to be true.

4
     On March 20, 2020, I declare under penalty of perjury under the laws of the State of

5    California that the foregoing is true and correct.

6                                                                    **Los Angeles, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                              -6-
27    _____
                            *Complaint – DFEH No. 202003-09660620*
28
     Date Filed: March 20, 2020

# EXHIBIT "B"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA  93704.2225
   Telephone:   559.244.7500
4  Fax No.:      559.244.7525

E-FILED
6/24/2020 3:31 PM
Superior Court of California
County of Fresno
By: A. Rodriguez, Deputy

5  Attorneys for Defendant
   MASTEC NETWORK SOLUTIONS, INC.

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF FRESNO

10  GREGG LEE FOSHEE JR.,                Case No.  20CECG01106

11              Plaintiff,               **DEFENDANT'S GENERAL DENIAL AND
                                         AFFIRMATIVE DEFENSES**
12       v.
                                         ASSIGNED FOR ALL PURPOSES TO JUDGE
13  MASTEC NETWORK SOLUTIONS,            JEFFREY Y. HAMILTON
    INC., and DOES 1 to 10,
14
                                         COMPLAINT FILED: MAY 4, 2020
15              Defendants.

16

17          Defendant MASTEC NETWORK SOLUTIONS, INC., ("Defendant"), answering the

18  Complaint of Plaintiff GREGG LEE FOSHEE JR. ("Plaintiff") for itself alone and for no other

19  Defendants, hereby answers Plaintiff's unverified Complaint (the "Complaint") as follows:

20                              **GENERAL DENIAL**

21          Pursuant to the provisions of the California Code of Civil Procedure section 431.30(d),

22  Defendant denies generally and specifically each and every allegation contained in the Complaint. In

23  addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the

24  manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or

25  absence thereof on the part of said Defendant.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendant has any burden of proof or persuasion, and incorporating herein by reference each and every allegation made in the General Denial, Defendant asserts the following affirmative defenses. Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal facts in support of the following:

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

1.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause of action upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

2.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

3.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

4.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

5.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

6.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

7.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

after-acquired evidence bars any remedy or certain remedies in this action.

### EIGHTH AFFIRMATIVE DEFENSE

8.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because to the extent that Plaintiff may be entitled to any recovery, any recovery must be reduced by reason of Plaintiff's failure to mitigate his damages, if any.

### NINTH AFFIRMATIVE DEFENSE

9.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, et seq., and  Section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to his employment and was acting within the course and scope of his employment; and (3) Plaintiff alleges that the injuries were caused by his employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

### TENTH AFFIRMATIVE DEFENSE

10.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because they are barred by the statute of limitations as set forth in California Code of Civil Procedure sections 335.1, 338, and Government Code sections 12960 and 12965.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because at all relevant times, (a) Defendant acted in good faith and exercised reasonable care to prevent and promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant denies occurred), including but not limited to promulgating and maintaining anti-discrimination, anti-retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3.

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1  were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established

2  internal grievance and/or complaint procedure and any preventive or corrective opportunities provided

3  to him by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's

4  procedures as required by Defendant's employment policies would have prevented at least some, if

5  not all, of the purported harm that Plaintiff allegedly suffered.

6                              **TWELFTH AFFIRMATIVE DEFENSE**

7         12.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

8  claims for damages are barred by the doctrine of avoidable consequences.

9                            **THIRTEENTH AFFIRMATIVE DEFENSE**

10        13.    As a separate and distinct affirmative defense, Defendant alleges that any

11 recovery to which Plaintiff might otherwise allegedly be entitled must be offset by all sums received

12 by Plaintiff from any source, including, but not limited to, unemployment insurance, private insurance,

13 state disability insurance, Social Security disability payments, workers' compensation payments,

14 pension benefits, and any sums earned by Plaintiff in other employment.

15                           **FOURTEENTH AFFIRMATIVE DEFENSE**

16        14.    As a separate and distinct affirmative defense, Defendant alleges that the

17 Complaint and each cause of action set forth therein cannot be maintained against Defendant because

18 Defendant's conduct was protected by the managerial privilege in that all actions taken with respect

19 to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good

20 faith, and for proper, lawful reasons.

21                            **FIFTEENTH AFFIRMATIVE DEFENSE**

22        15.    As a separate and distinct affirmative defense, Defendant alleges that the

23 Complaint and each cause of action set forth therein cannot be maintained against Defendant because

24 Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence in order to avoid the

25 alleged incidents, and the alleged injuries and damages, if any in fact were suffered and such, were

26 proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct.

27                            **SIXTEENTH AFFIRMATIVE DEFENSE**

28        16.    As a separate and distinct affirmative defense, Defendant alleges that the entire

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4.

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

Complaint, and each cause of action alleged therein, is barred by Plaintiff's failure to exhaust administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by Plaintiff's failure to exhaust all internal grievance and/or complaint procedures.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    As a separate and distinct affirmative defense, Defendant alleges that with respect to the Complaint and each cause of action alleged therein, any damages incurred by Plaintiff were directly and proximately caused and contributed to by the acts, conduct and/or omissions of third persons and/or entities.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    As a separate and distinct affirmative defense, Defendant alleges that some or all of Plaintiff's claims for damages are barred by the doctrine of set-off.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    As a separate and distinct affirmative defense, Defendant alleges that the entire Complaint, and each cause of action alleged therein is barred in whole or in part to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    As a separate and distinct affirmative defense, any employment practice maintained by Defendant, to the extent such practice may have impacted Plaintiff with respect to any alleged protected status, is justified either as a bona fide occupational qualification, by business necessity (including undue hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action plans and/or by requirement of law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive, exemplary, or emotional distress damages on the grounds that any

5.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1    award of punitive, exemplary, or emotional distress damages under California law in general, and/or

2    as applied to the facts of this specific action, violates Defendant's constitutional rights under

3    provisions of the United States and California Constitutions, including but not limited to the equal

4    protection and due process clauses of the Fifth and Fourteenth Amendments of the United States

5    Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment

6    of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the

7    California Constitution.

8                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

9            23.     As a separate and distinct affirmative defense, Defendant alleges that the

10   Complaint, and each cause of action therein, is barred because if any unlawful discriminatory or

11   retaliatory motive existed in connection with any employment decision involving Plaintiff, such

12   employment decision would have been the same irrespective of any allegedly unlawful discriminatory

13   or retaliatory motive.

14                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

15           24.     As a separate and distinct affirmative defense, Defendant alleges that the

16   Complaint, and each cause of action set forth therein, cannot be maintained against Defendant because

17   any adverse employment action suffered by Plaintiff was based upon reasonable factors other than his

18   alleged disability.

19                   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

20           25.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

21   Complaint, claims, and damages are barred in whole or in part because Plaintiff was not a qualified

22   individual with a disability during the time period that he alleges Defendant violated FEHA.

23                   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

24           26.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

25   suffered no harm or other prejudice as a result of Defendant's alleged failure to initiate or properly

26   conduct the interactive process because, at all material times, a reasonable accommodation of

27   Plaintiff's alleged disability was not possible, so that Plaintiff's Complaint, and each and every cause

28   of action contained therein, are barred in whole or in part, or fail as a matter of law.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6.

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

2        27.    As a separate and distinct affinitive defense, Defendant alleges that to the extent

3  the Court may find that Plaintiff is a qualified individual with a disability under the Fair Employment

4  and Housing Act, and that Defendant had an obligation to reasonably accommodate such disability,

5  that Defendant made all reasonably available accommodations, except those that would impose an

6  undue hardship.

7

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

8        28.    As a separate and distinct affirmative defense, Defendant alleges that any

9  recovery on Plaintiff's Complaint and each and every purported alleged therein is barred because

10  Defendant's conduct was based on legitimate, non-discriminatory and non-retaliatory business reasons

11  and not based upon Plaintiff's alleged exercise of his rights under the California Family Rights Act

12  ("CFRA").

13

## TWENTY-NINTH AFFIRMATIVE DEFENSE

14        29.    As a separate and distinct affirmative defense, Defendant is informed and

15  believes and thereon alleges that Plaintiff's Complaint and claims therein, and this action, are subject

16  to binding arbitration, pursuant to Plaintiff's agreement to arbitrate all disputes arising from or related

17  to his employment with Defendant, and this Court lacks jurisdiction to hear Plaintiff's claims.

18

## RESERVATION OF ADDITIONAL DEFENSES

19        Defendant alleges that because Plaintiff's Complaint is couched in conclusory terms,

20  all affirmative defenses that may be applicable cannot be fully anticipated at this time.  Accordingly,

21  the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses

22  are applicable, is reserved.  Additionally, Defendant reserves the right to amend this Answer should

23  Defendant later discover facts demonstrating the existence of new and/or additional affirmative

24  defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative

25  defenses.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

7.

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

## **PRAYER**

**WHEREFORE**, Defendant prays as follows:

1.     That Plaintiff takes nothing by way of the Complaint on file herein;

2.     That judgment be awarded in favor of Defendant;

3.     That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

4.     That Defendant be awarded all costs of suit incurred by it in this action;

5.     That Defendant be awarded its reasonable attorneys' fees; and

6.     For such other and further relief as the Court may deem just and proper.

Dated:     June 24, 2020

RYAN L. EDDINGS
SYED H. MANNAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

4848-9334-0353.1 046446.1254
6/24/20

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704. On June 24, 2020, I served the within document(s):

*DEFENDANT'S GENERAL DENIAL AND*
*AFFIRMATIVE DEFENSES*

☒    **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Geoffrey C. Lyon, Esq.                    *Counsel for Plaintiff*
LYON LAW PC
10960 Wilshire Blvd., Suite 820
Los Angeles, CA 90024-3732
Telephone: (310) 818-7700
Facsimile: (424) 832-7405
Email: glyon@lyonlawyer.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 24, 2020, at Fresno, California.

_____
                    Lisa Hammond

4814-2091-0271.1

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

# EXHIBIT "C"



**AST / ALL**
**Transmittal Number: 21557502**
**Date Processed: 05/29/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ellen R Widom<br>MasTec, Inc.<br>800 S Douglas Rd<br>Ste 1200<br>Coral Gables, FL 33134-3165 |
| **Electronic copy provided to:** | Michele Laine |

| | |
|---|---|
| **Entity:** | MasTec Network Solutions, LLC<br>Entity ID Number  2740670 |
| **Entity Served:** | MasTec Network Solutions, Inc. |
| **Title of Action:** | Gregg Lee Foshee Jr. vs. Mastec Network Solutions, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Fresno County Superior Court, CA |
| **Case/Reference No:** | 20CEG01106 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 05/27/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Geoffrey C. Lyon<br>310-818-7700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MASTEC NETWORK SOLUTIONS, INC.; and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GREGG LEE FOSHEE JR.

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |
| E-FILED<br>5/5/2020<br>Superior Court of California<br>County of Fresno<br>By: A. Rodriguez, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California--County of Fresno<br>B.F. Sisk Courthouse<br>1130 O Street, Fresno, CA 93721 | CASE NUMBER: *(Número del Caso):*<br>**20CECG01106** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Geoffrey C. Lyon; LYON LAW PC, 10960 Wilshire Blvd., Suite 820, Los Angeles, CA 90024; 310-818-7700

| DATE:<br>*(Fecha)* 5/5/2020 | Clerk, by<br>*(Secretario)* A. Rodriguez | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* **MASTEC NETWORK SOLUTIONS, INC.**

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]  [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Geoffrey C. Lyon (SBN 132747)<br>LYON LAW PC<br>10960 Wilshire Blvd., Suite 820, Los Angeles, CA 90024<br><br>TELEPHONE NO.: 310-818-7700    FAX NO. *(Optional):* 424-832-7405<br>ATTORNEY FOR *(Name):* GREGG LEE FOSHEE JR. | E-FILED<br>5/4/2020 8:00 AM<br>Superior Court of California<br>County of Fresno<br>By: A. Rodriguez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Foshee v. Mastec Network Solutions, Inc.,et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 20CECG01106 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

    **Auto Tort**
    [ ] Auto (22)
    [ ] Uninsured motorist (46)
    **Other PI/PD/WD (Personal Injury/Property**
    **Damage/Wrongful Death) Tort**
    [ ] Asbestos (04)
    [ ] Product liability (24)
    [ ] Medical malpractice (45)
    [ ] Other PI/PD/WD (23)
    **Non-PI/PD/WD (Other) Tort**
    [ ] Business tort/unfair business practice (07)
    [ ] Civil rights (08)
    [ ] Defamation (13)
    [ ] Fraud (16)
    [ ] Intellectual property (19)
    [ ] Professional negligence (25)
    [ ] Other non-PI/PD/WD tort (35)
    **Employment**
    [x] Wrongful termination (36)
    [ ] Other employment (15)

    **Contract**
    [ ] Breach of contract/warranty (06)
    [ ] Rule 3.740 collections (09)
    [ ] Other collections (09)
    [ ] Insurance coverage (18)
    [ ] Other contract (37)
    **Real Property**
    [ ] Eminent domain/Inverse
        condemnation (14)
    [ ] Wrongful eviction (33)
    [ ] Other real property (26)
    **Unlawful Detainer**
    [ ] Commercial (31)
    [ ] Residential (32)
    [ ] Drugs (38)
    **Judicial Review**
    [ ] Asset forfeiture (05)
    [ ] Petition re: arbitration award (11)
    [ ] Writ of mandate (02)
    [ ] Other judicial review (39)

    **Provisionally Complex Civil Litigation**
    **(Cal. Rules of Court, rules 3.400–3.403)**
    [ ] Antitrust/Trade regulation (03)
    [ ] Construction defect (10)
    [ ] Mass tort (40)
    [ ] Securities litigation (28)
    [ ] Environmental/Toxic tort (30)
    [ ] Insurance coverage claims arising from the
        above listed provisionally complex case
        types (41)
    **Enforcement of Judgment**
    [ ] Enforcement of judgment (20)
    **Miscellaneous Civil Complaint**
    [ ] RICO (27)
    [ ] Other complaint *(not specified above)* (42)
    **Miscellaneous Civil Petition**
    [ ] Partnership and corporate governance (21)
    [ ] Other petition *(not specified above)* (43)

2.  This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve            courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence             court
                                                              f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4.  Number of causes of action *(specify):* 10
5.  This case [ ] is   [x] is not   a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 23, 2020
Geoffrey C. Lyon
_____                                    ►        *(signature)*
(TYPE OR PRINT NAME)                                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                                                                          Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                   **CIVIL CASE COVER SHEET**                   Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form | Save this form |          | Clear this form |

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Unlimited Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>5/5/2020<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**Gregg Foshee, JR vs. Mastec Network Solutions, Inc.** | |
| NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF<br>JUDGE FOR ALL PURPOSES | CASE NUMBER:<br>**20CECG01106** |

**To All Parties and their Attorneys of Record: Geoffrey C. Lyon**

> This case has been assigned to **Jeffrey Y. Hamilton**, Judge  for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **09/09/2020**  at **3:30 PM** in **Department 402** of the court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aid office *(listed in the phone book)*.

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  __5/5/2020__ _____  Clerk, by  __Ashley Rodriguez__ _____ , Deputy

---

CV-48  R03-09       **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT**
**OF JUDGE FOR ALL PURPOSES**

# EXHIBIT "D"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA  93704.2225
   Telephone:  (559) 244-7500
4  Fax No.:  (559) 244-7525
   Email:  reddings@littler.com
5          smannan@littler.com

6  Attorneys for Defendant
   MASTEC NETWORK SOLUTIONS, INC.

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF FRESNO

10 | GREGG LEE FOSHEE JR.,                | Case No.  20CECG01106
11 |              Plaintiff,              | **DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**
12 |       v.                             |
13 | MASTEC NETWORK SOLUTIONS, INC.; and DOES 1 to 10, |
14 |                                      |
15 |              Defendants.             | Assigned For All Purposes To Judge Jeffrey Y. Hamilton
16 |                                      | Complaint Filed:  May 5, 2020
17 |                                      | Trial Date:  TBD

18

19               TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

20               PLEASE TAKE NOTICE THAT on June 26, 2020, Defendant MASTEC NETWORK

21 SOLUTIONS, INC. ("Defendant"), filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441,

22 and 1446, in the United States District Court for the Eastern District of California. A true and correct

23 copy of Defendant's Notice of Removal is attached hereto as Exhibit A.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

                                                   1.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1 | Dated:        June 26, 2020

2

3

_____

4 | RYAN L. EDDINGS
SYED H. MANNAN

5 | LITTLER MENDELSON, P.C.
Attorneys for Defendant

6 | MASTEC NETWORK SOLUTIONS, INC.

4817-1708-1023.1 046446.1254

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On June 26, 2020, I served the within document(s):

*DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S*
*NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL*
*ACTION TO FEDERAL COURT*

☒     **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Geoffrey C. Lyon, Esq.                          *Counsel for Plaintiff*
LYON LAW PC
10960 Wilshire Blvd., Suite 820
Los Angeles, CA 90024-3732
Telephone: (310) 818-7700
Facsimile: (424) 832-7405
Email:  glyon@lyonlawyer.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 26, 2020, at Fresno, California.

4814-2091-0271.1

_____
Lisa Hammond

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

# EXHIBIT "E"

1  RYAN L. EDDINGS, Bar No. 256519
   SYED H. MANNAN, Bar No. 328218
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, CA  93704.2225
   Telephone:  (559) 244-7500
4  Fax No.:  (559) 244-7525
   Email:  reddings@littler.com
5            smannan@littler.com

6  Attorneys for Defendant
   MASTEC NETWORK SOLUTIONS, INC.

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF FRESNO

10 GREGG LEE FOSHEE JR.,                   Case No.  20CECG01106

11              Plaintiff,                 **DEFENDANT MASTEC NETWORK
                                           SOLUTIONS, INC.'S NOTICE TO STATE**
12      v.                                 **COURT OF REMOVAL OF CIVIL
                                           ACTION TO FEDERAL COURT**
13 MASTEC NETWORK SOLUTIONS,
   INC.; and DOES 1 to 10,
14                                         Assigned For All Purposes To
                Defendants.                Judge Jeffrey Y. Hamilton
15
                                           Complaint Filed:  May 4, 2020
16                                         Trial Date:  TBD

17

18

19         TO THE CLERK OF THE ABOVE-TITLED COURT:

20         PLEASE TAKE NOTICE that on June 26, 2020, the above-captioned matter was

21 removed from the Superior Court of the State of California, County of Fresno, where it was previously

22 pending, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C.

23 §§ 1332, 1441, and 1446.  A copy of the Notice of Removal filed by Defendant MASTEC NETWORK

24 SOLUTIONS, INC., is attached hereto as Exhibit A.

25         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

26 of a Notice of Removal in the United States District Court, together with the filing of a copy of a

27 Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

28 may proceed no further unless and until the case is remanded.

1.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE TO STATE COURT OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

1    Dated:          June 26, 2020

2

3

4

5                                                    _____
6                                                    RYAN L. EDDINGS
                                                     SYED H. MANNAN
7                                                    LITTLER MENDELSON, P.C.
                                                     Attorneys for Defendant
8                                                    MASTEC NETWORK SOLUTIONS, INC.

     4838-7092-1663.1 046446.1254
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE TO STATE COURT OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT

**<u>PROOF OF SERVICE</u>**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 N. Palm Ave., Suite 302, Fresno, California 93704.  On June 26, 2020, I served the within document(s):

*DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S*
*NOTICE TO STATE COURT OF REMOVAL OF CIVIL*
*ACTION TO FEDERAL COURT*

☒    **By electronic service.**  Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Geoffrey C. Lyon, Esq.                    *Counsel for Plaintiff*
LYON LAW PC
10960 Wilshire Blvd., Suite 820
Los Angeles, CA 90024-3732
Telephone: (310) 818-7700
Facsimile: (424) 832-7405
Email:  glyon@lyonlawyer.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on June 26, 2020, at Fresno, California.

4814-2091-0271.1

_____
Lisa Hammond