Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, California  93704.2225
Telephone:     559.244.7500
Fax No.:         559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MASTEC NETWORK SOLUTIONS, INC., and DOES 1 TO 10,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00890-AWI-SAB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION**<br><br>Date:　　October 18, 2021<br>Time:　　1:30 PM<br>Judge:　　Hon. Anthony W. Ishii<br>Dept:　　Courtroom 2<br><br>Trial Date: xxx |

TO PLAINTIFF GREGG LEE FOSHEE JR., AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 18, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2 of the above entitled Court located at 2500 Tulare Street, Fresno, California 93721, Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant) will move and hereby do, move this Court for an order granting Summary Judgment, or in the alternative, Summary Adjudication against Plaintiff GREGG LEE FOSHEE, JR. ("Plaintiff").

Defendant's motion is made on the grounds that summary judgment, or summary adjudication, is proper because the pleadings, depositions, answers to interrogatories, and admissions on file, together with the declarations submitted, if any, show that there is no genuine issue as to any

Defendant's Notice of Motion and Motion for
Summary Judgment, or Alternatively,
Summary Adjudication

1:20-CV-00890-AWI-SAB

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

material fact and that Defendant is entitled to judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 56.  Specifically, summary judgment is appropriate because: (1) as to Plaintiff's First Cause of Action for whistleblower retaliation, Plaintiff never engaged in a protected activity, and even if he did, Plaintiff cannot establish a causal link between his alleged protected activity and his termination; (2) as to Plaintiff's Second Cause of Action for medical leave discrimination in violation of California Government Code Section 12945.2, Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual; (3) as to Plaintiff's Third Cause of Action for medical leave retaliation in violation of California Government Code Section 12945.2, Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-retaliatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual; (4) as to Plaintiff's Fourth Cause of Action for disability discrimination, Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual; (5) as to Plaintiff's Fifth Cause of Action for retaliation for requesting and using accommodations for disabilities, Plaintiff did not engage in a protected activity, and even if he did, there is no causal link between Plaintiff's alleged protected activity and his termination; (6) as to Plaintiff's Sixth Cause of Action for failure to engage in a timely, good faith, interactive process to determine reasonable accommodation for disability, Plaintiff never initiated the interactive process; (7) as to Plaintiff's Seventh Cause of Action for failure to reasonable accommodate disabilities, Plaintiff did not suffer from a disability as defined under the Fair Employment and Housing Act, and Plaintiff never requested an accommodation; (8) as to Plaintiff's Eighth Cause of Action for discrimination based on race, Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual; (9) as to Plaintiff's Ninth Cause of Action for opposing violations of the Fair Employment and Housing Act, he never opposed any conduct prohibited by the Fair Employment and Housing Act, and even if he

did, Defendant terminated Plaintiff's employment for a legitimate, non-retaliatory reason, and Plaintiff cannot show that Defendant's reason was pretextual; and (10) as to Plaintiff's Tenth Cause of Action for wrongful termination, the claim is based entirely upon his first nine causes of action, all of which fail as a matter of law.

In the alternative, Defendant moves for summary adjudication of the following issues:

(1) Summary adjudication must be entered as to Plaintiff's First Cause of Action for whistleblower retaliation because Plaintiff never engaged in a protected activity, and even if he did, Plaintiff cannot establish a causal link between his alleged protected activity and his termination.

(2) Summary adjudication must be entered as to Plaintiff's Second Cause of Action for medical leave discrimination in violation of California Government Code Section 12945.2 because Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.

(3) Summary adjudication must be entered as to Plaintiff's Third Cause of Action for medical leave retaliation in violation of California Government Code Section 12945.2 because Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-retaliatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.

(4) Summary adjudication must be entered as to Plaintiff's Fourth Cause of Action for disability discrimination because Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.

(5) Summary adjudication must be entered as to Plaintiff's Fifth Cause of Action for retaliation for requesting and using accommodations for disabilities because Plaintiff did not engage in a protected activity, and even if he did, there is no causal link between Plaintiff's alleged protected activity and his termination.

///

(6) Summary adjudication must be entered as to Plaintiff's Sixth Cause of Action for failure to engage in a timely, good faith, interactive process to determine reasonable accommodation for disability because Plaintiff never initiated the interactive process.

(7) Summary adjudication must be entered as to Plaintiff's Seventh Cause of Action for failure to reasonable accommodate disabilities because Plaintiff did not suffer from a disability as defined under the Fair Employment and Housing Act, and Plaintiff never requested an accommodation.

(8) Summary adjudication must be entered as to Plaintiff's Eighth Cause of Action for discrimination based on race because Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.

(9) Summary adjudication must be entered as to Plaintiff's Ninth Cause of Action for opposing violations of the Fair Employment and Housing Act because he never opposed any conduct prohibited by the Fair Employment and Housing Act, and even if he did, Defendant terminated Plaintiff's employment for a legitimate, non-retaliatory reason, and Plaintiff cannot show that Defendant's reason was pretextual.

(10) Summary adjudication must be entered as to Plaintiff's Tenth Cause of Action for wrongful termination because the claim is based entirely upon his first nine causes of action, all of which fail as a matter of law.

This Motion is based upon (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, or Alternatively Summary Adjudication; (3) the Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment, or Alternatively, Summary Adjudication; (4) the Joint Statement of Undisputed Facts in Support of Defendant's Motion for Summary Judgment, or Alternatively, Summary Adjudication; (5) the Declaration of Julie R. Campos in Support of Defendant's Motion for Summary Judgment, or Alternatively, Summary Adjudication, and exhibits thereto; (6) the Declaration of Windy

///

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Defendant's Notice of Motion and Motion for Summary Judgment, or Alternatively, Summary Adjudication

4

1:20-CV-00890-AWI-SAB

Cox in Support of Defendant's Motion for Summary Judgment; and (7) such other matters as may be presented at or before the hearing on this motion.

Pursuant to the Court's August 19, 2020 Scheduling Order, prior to filing this Motion Defense Counsel met and conferred with Counsel for Plaintiff via telephone to: (1) avoid filing motions for summary judgment where a question of fact exists; (2) determine whether the respondent agrees that the motion has merit in whole or in part; (3) discuss whether issues can be resolved without the necessity of briefing; (4) narrow the issues for review by the court; (5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and (6) to arrive at a Joint Statement of Undisputed Facts. Unfortunately, the Parties were unable to agree on the merits of Defendant's Motion for Summary Judgment and were unable to agree on the resolution of any issues without the necessity of briefing. Further, the Parties were unable to reach a resolution of any claims presented by Plaintiff. Finally, while Counsel for Plaintiff indicated that he disputes some of the facts set forth in Defendant's Separate Statement of Undisputed Material Facts, the Parties submit certain facts about which there is no dispute for purposes of Defendant's Motion, which are contained in the concurrently filed Joint Statement of Undisputed Facts. A true and correct copy of the email correspondence documenting Counsels' meet and confer efforts is attached as Exhibit F to the concurrently filed Declaration of Julie R. Campos in Support of Defendant's Motion for Summary Judgment, or Alternatively, Summary Adjudication.

Dated: September 13, 2021

LITTLER MENDELSON P.C.

_____
Ryan L. Eddings
Julie R. Campos
LITTLER MENDELSON P.C.
Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

4837-5966-4376.1 / 046446-1254

Defendant's Notice of Motion and Motion for Summary Judgment, or Alternatively, Summary Adjudication

5

1:20-CV-00890-AWI-SAB

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500