Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:    559.244.7500
Fax No.:      559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE, JR., | Case No. 1:20-cv-00890-AWI-SAB |
| Plaintiff, | **DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, SUMMARY ADJUDICATION** |
| v. | |
| MASTEC NETWORK SOLUTIONS, INC., and DOES 1 TO 10, | |
| Defendants. | Date:     October 18, 2021 |
| | Time:     1:30 p.m. |
| | Judge:    Hon. Anthony W. Ishii |
| | Dept:     Courtroom 2 |
| | Trial Date: May 17, 2022 |

Pursuant to this Court's Local Rule 260, Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant"), hereby submits the following Separate Statement of Undisputed Material Facts in Support of Their Motion for Summary Adjudication, or Alternatively, Summary Adjudication, together with references to evidentiary support. By reason of these facts, Defendant is entitled to summary judgment, or alternatively, summary adjudication, as follows:

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB

## STATEMENT OF FACTS AS TO ALL CLAIMS

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 1. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Declaration of Windy Cox in Support of Motion for Summary Judgment (hereinafter "Cox Decl."), ¶ 5. |
| 2. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Declaration of Julie R. Campos in Support of Defendant's Motion for Summary Judgment, or Alternatively, Summary Adjudication (hereinafter "Campos Decl."), ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 3. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 4. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 5. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 6. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 7. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def.'s Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

2

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 8. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not disciplined for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 9. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 10. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |
| 11. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 12. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 13. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 14. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 66:11-69:25, Exhibit 4 thereto. |
| 15. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 16. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 66:11-69:25, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 17. | Accordingly, effective July 6, 2019, Plaintiff returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he previously earned as a Foreman just a few months earlier. | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |
| 18. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 19. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 20. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 21. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 22. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 23. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

4

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 24. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 25. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 26. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement plan, instead of terminating his employment. | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |
| 27. | However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 28. | Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 29. | After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 30. | On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

5

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 31. | Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |
| 32. | In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 33. | However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 34. | Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 35. | Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 36. | Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 37. | Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, ... national | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action."<br><br>(Emphasis in original.) | |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

7

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 38. | Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 39. | Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | Cox Decl., ¶ 16, Ex. B. |
| 40. | At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 41. | Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 42. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |
| 43. Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 44. However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 45. Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 46. During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 47. Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 48. Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 49. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 50. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that the alleged drug users did not do anything and were making his job difficult. | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |
| 51. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 52. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 53. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 54. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

In the alternative, summary adjudication is proper as to the following claims:

**(1)      Summary adjudication must be entered as to Plaintiff's First Cause of Action for whistleblower retaliation because Plaintiff never engaged in a protected activity, and**

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

10

1:20-CV-00890-AWI-SAB

**even if he did, Plaintiff cannot establish a causal link between his alleged protected activity and his termination.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 55. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Declaration of Windy Cox in Support of Motion for Summary Judgment (hereinafter "Cox Decl."), ¶ 5. |
| 56. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Declaration of Julie R. Campos in Support of Defendant's Motion for Summary Judgment, or Alternatively, Summary Adjudication (hereinafter "Campos Decl."), ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 57. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 58. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 59. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 60. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 61. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | over the phone to work through their disagreement. | |
| 62. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 63. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 64. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |
| 65. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 66. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 67. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 68. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 69. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

12

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | everyone at this time. I want our team to win and this is just what's best right now." | |
| 70. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 71. | Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he previously earned as a Foreman just a few months earlier. | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |
| 72. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 73. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 74. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 75. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 76. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 77. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 78. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 79. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 80. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement plan, instead of terminating his employment. | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |
| 81. | However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 82. | Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 83. | After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 84. On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 85. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |
| 86. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 87. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 88. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 89. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 90. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 91. Defendant's policy specifically provides that: | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation | |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | has occurred, it will take prompt and effective remedial action." (Emphasis in original.) | |
| 92. | Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 93. | Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | Cox Decl., ¶ 16, Ex. B. |
| 94. | At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 95. | Employees were advised to report suspected harassment or discrimination to | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | their Human Resources Contact, or by using the online portal Convercent. | |
| 96. | As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |
| 97. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 98. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 99. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 100. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 101. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 102. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate | Cox Decl., ¶ 18, Ex. D. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

18

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | managers or their Human Resources Contact. | |
| 103. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 104. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that the alleged drug users did not do anything and were making his job difficult. | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |
| 105. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 106. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 107. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 108. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

/ / /

/ / /

/ / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

19

1:20-CV-00890-AWI-SAB

1     **(2)    Summary adjudication must be entered as to Plaintiff's Second Cause of**

2 **Action for medical leave discrimination in violation of California Government Code Section**

3 **12945.2 because Plaintiff cannot establish a prima facie case, and even if he could, Defendant**

4 **terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff**

5 **cannot establish that Defendant's reason was pretextual.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 109. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 110. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 111. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 112. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 113. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 114. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 115. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA      20      1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | over the phone to work through their disagreement. | |
| 116. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 117. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 118. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |
| 119. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 120. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 121. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 122. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 123. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | everyone at this time. I want our team to win and this is just what's best right now." | |
| 124. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 125. | Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he previously earned as a Foreman just a few months earlier. | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |
| 126. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 127. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 128. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 129. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 130. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

22

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 131. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 132. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 133. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 134. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement plan, instead of terminating his employment. | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |
| 135. | However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 136. | Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 137. | After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

23

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 138. On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 139. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |
| 140. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 141. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 142. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 143. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 144. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 145. Defendant's policy specifically provides that: | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

24

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convergent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation | |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

25

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| has occurred, it will take prompt and effective remedial action." (Emphasis in original.) | |
| 146. Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 147. Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | Cox Decl., ¶ 16, Ex. B. |
| 148. At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 149. Employees were advised to report suspected harassment or discrimination to | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

26

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | their Human Resources Contact, or by using the online portal Convercent. | |
| 150. | As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |
| 151. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 152. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 153. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 154. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 155. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 156. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate | Cox Decl., ¶ 18, Ex. D. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

27

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | managers or their Human Resources Contact. | |
| 157. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 158. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that the alleged drug users did not do anything and were making his job difficult. | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |
| 159. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 160. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 161. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 162. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

**(3)      Summary adjudication must be entered as to Plaintiff's Third Cause of Action for medical leave retaliation in violation of California Government Code Section 12945.2 because Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated**

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

28

1:20-CV-00890-AWI-SAB

**Plaintiff's employment for a legitimate, non-retaliatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 163. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 164. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 165. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 166. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 167. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 168. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 169. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

29

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 170. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 171. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 172. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |
| 173. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 174. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 175. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 176. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 177. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

30

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 178. Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 179. Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he previously earned as a Foreman just a few months earlier. | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |
| 180. On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 181. Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 182. The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 183. The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 184. Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 185. The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

31

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 186. The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 187. The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 188. Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement plan, instead of terminating his employment. | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |
| 189. However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 190. Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 191. After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 192. On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

32

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 193. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |
| 194. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 195. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 196. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 197. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 198. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 199. Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

33

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent (formerly MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action."<br><br>(Emphasis in original.) | |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

34

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 200. | Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 201. | Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | Cox Decl., ¶ 16, Ex. B. |
| 202. | At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 203. | Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

35

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 204. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |
| 205. Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 206. However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 207. Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 208. During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 209. Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 210. Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

36

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 211. During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 212. The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that the alleged drug users did not do anything and were making his job difficult. | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |
| 213. Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 214. Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 215. During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 216. Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

**(4)     Summary adjudication must be entered as to Plaintiff's Fourth Cause of Action for disability discrimination because Plaintiff cannot establish a prima facie case, and**

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

**even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 217. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 218. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 219. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 220. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 221. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 222. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 223. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 224. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 225. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 226. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |
| 227. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 228. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 229. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 230. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 231. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

39

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 232. Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 233. Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he previously earned as a Foreman just a few months earlier. | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |
| 234. On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 235. Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 236. The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 237. The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 238. Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 239. The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

40

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 240. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 241. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 242. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement plan, instead of terminating his employment. | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |
| 243. | However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 244. | Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 245. | After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 246. | On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

41

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 247. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |
| 248. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 249. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 250. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 251. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 252. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 253. Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

42

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination. Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action." (Emphasis in original.) | |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

43

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 254. | Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 255. | Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | Cox Decl., ¶ 16, Ex. B. |
| 256. | At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 257. | Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 258. | As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |
| 259. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 260. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 261. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 262. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 263. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 264. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

45

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 265. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 266. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that the alleged drug users did not do anything and were making his job difficult. | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |
| 267. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 268. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 269. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 270. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

    **(5)**    **Summary adjudication must be entered as to Plaintiff's Fifth Cause of Action for retaliation for requesting and using accommodations for disabilities because Plaintiff did not engage in a protected activity, and even if he did, there is no causal link between Plaintiff's alleged protected activity and his termination.**

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

46

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 271. Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 272. On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 273. Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 274. As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 275. Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 276. Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 277. Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |
| 278. Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 279. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 280. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |
| 281. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 282. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 283. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 284. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 285. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 286. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

48

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 287. Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he previously earned as a Foreman just a few months earlier. | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |
| 288. On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 289. Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 290. The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 291. The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 292. Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 293. The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 294. The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 295. The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

49

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| | 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| **296.** Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement plan, instead of terminating his employment. | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |
| **297.** However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| **298.** Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| **299.** After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| **300.** On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

50

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 301. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |
| 302. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 303. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 304. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 305. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 306. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 307. Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

51

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action."<br><br>(Emphasis in original.) | |
| 308. Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 309. Defendant's policy states that: | Cox Decl., ¶ 16, Ex. B. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

52

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | |
| 310. At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 311. Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |
| 312. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | |
| 313. Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 314. However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 315. Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 316. During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 317. Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 318. Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |
| 319. During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

54

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 320. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that the alleged drug users did not do anything and were making his job difficult. | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |
| 321. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 322. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 323. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 324. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

(6)     **Summary adjudication must be entered as to Plaintiff's Sixth Cause of Action for failure to engage in a timely, good faith, interactive process to determine reasonable accommodation for disability because Plaintiff never initiated the interactive process.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 325. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 326. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 327. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 328. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 329. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 330. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 331. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |
| 332. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 333. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 334. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

56

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 335. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 336. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 337. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 338. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 339. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 340. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 341. | Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

57

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | previously earned as a Foreman just a few months earlier. | |
| 342. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 343. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 344. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 345. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 346. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 347. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 348. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 349. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 350. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

58

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | plan, instead of terminating his employment. | |
| 351. | However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 352. | Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 353. | After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 354. | On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 355. | Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 356. | In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 357. | However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 358. | Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 359. | Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 360. | Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 361. | Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination. Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convergent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action." (Emphasis in original.) | |
| 362. Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 363. Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the | Cox Decl., ¶ 16, Ex. B. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | |
| 364. At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 365. Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |
| 366. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

62

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 367. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 368. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 369. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 370. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 371. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 372. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |
| 373. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 374. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | the alleged drug users did not do anything and were making his job difficult. | |
| 375. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 376. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 377. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 378. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

(7)     **Summary adjudication must be entered as to Plaintiff's Seventh Cause of Action for failure to reasonable accommodate disabilities because Plaintiff did not suffer from a disability as defined under the Fair Employment and Housing Act, and Plaintiff never requested an accommodation.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 379. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 380. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material Facts ISO MSJ, or Alternatively, MSA

64

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 381. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 382. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 383. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 384. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 385. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |
| 386. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 387. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 388. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

65

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 389. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 390. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 391. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 392. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 393. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 394. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 395. | Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

66

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | previously earned as a Foreman just a few months earlier. | |
| 396. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 397. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 398. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 399. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 400. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 401. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 402. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 403. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 404. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

67

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | plan, instead of terminating his employment. | |
| 405. | However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 406. | Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 407. | After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 408. | On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 409. | Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

68

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 410. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 411. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 412. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 413. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 414. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 415. Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convergent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action."<br><br>(Emphasis in original.) | |
| 416. Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 417. Defendant's policy states that:<br>"To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the | Cox Decl., ¶ 16, Ex. B. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | |
| 418. At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 419. Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |
| 420. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

71

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 421. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 422. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 423. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 424. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 425. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 426. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |
| 427. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 428. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| the alleged drug users did not do anything and were making his job difficult. | |
| 429. Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 430. Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 431. During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 432. Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

(8)     **Summary adjudication must be entered as to Plaintiff's Eighth Cause of Action for discrimination based on race because Plaintiff cannot establish a prima facie case, and even if he could, Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason, and Plaintiff cannot establish that Defendant's reason was pretextual.**

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 433. Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 434. On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

73

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 435. Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 436. As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 437. Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 438. Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 439. Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |
| 440. Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 441. Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 442. However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 443. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 444. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 445. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 446. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 447. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 448. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 449. | Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

75

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | previously earned as a Foreman just a few months earlier. | |
| 450. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 451. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 452. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 453. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 454. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 455. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 456. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 457. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 458. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

76

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| plan, instead of terminating his employment. | |
| **459.** However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| **460.** Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| **461.** After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| **462.** On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| **463.** Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 464. | In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 465. | However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 466. | Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 467. | Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 468. | Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 469. | Defendant's policy specifically provides that:<br>"MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action."<br><br>(Emphasis in original.) | |
| 470. Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| 471. Defendant's policy states that:<br>"To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the | Cox Decl., ¶ 16, Ex. B. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | |
| 472. At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 473. Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |
| 474. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

80

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 475. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 476. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 477. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 478. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 479. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 480. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |
| 481. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 482. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| the alleged drug users did not do anything and were making his job difficult. | |
| 483. Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 484. Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 485. During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 486. Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

**(9)    Summary adjudication must be entered as to Plaintiff's Ninth Cause of Action for opposing violations of the Fair Employment and Housing Act because he never opposed any conduct prohibited by the Fair Employment and Housing Act, and even if he did, Defendant terminated Plaintiff's employment for a legitimate, non-retaliatory reason, and Plaintiff cannot show that Defendant's reason was pretextual.**

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 487. Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 488. On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 489. Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 490. As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 491. Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 492. Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 493. Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |
| 494. Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 495. Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 496. However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

83

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 497. Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 498. Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 499. Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 500. Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 501. On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 502. Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 503. Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

84

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | previously earned as a Foreman just a few months earlier. | |
| 504. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 505. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 506. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 507. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 508. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 509. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 510. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 511. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 512. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| plan, instead of terminating his employment. | |
| 513. However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 514. Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 515. After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 516. On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 517. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 518. | In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 519. | However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 520. | Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 521. | Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 522. | Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 523. | Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination. Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convergent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action." (Emphasis in original.) | |
| **524.** Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| **525.** Defendant's policy states that: "To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the | Cox Decl., ¶ 16, Ex. B. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

88

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | |
| 526. At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 527. Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |
| 528. As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

89

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 529. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 530. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 531. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 532. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 533. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 534. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |
| 535. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 536. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | the alleged drug users did not do anything and were making his job difficult. | |
| 537. | Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 538. | Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 539. | During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 540. | Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

**(10) Summary adjudication must be entered as to Plaintiff's Tenth Cause of Action for wrongful termination because the claim is based entirely upon his first nine causes of action, all of which fail as a matter of law.**

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 541. | Plaintiff worked for Defendant as a Foreman until he was promoted to a Construction Manager in about March 2019. | Cox Decl., ¶ 5. |
| 542. | On April 18, 2019, Plaintiff failed to appear for his scheduled shift. | Campos Decl., ¶ 4, Ex. C, 48:20-49:23, Exhibit 1 thereto. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

91

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 543. | Plaintiff's Project Manager, Miguel Galvez ("Galvez"), and Operations Manager, Joseph Ecklind ("Ecklind"), attempted to contact Plaintiff yet they were unable to reach him. | Campos Decl., ¶ 4, Ex. C, 40:24-41:8. |
| 544. | As a result, Galvez emailed Plaintiff advising him that he would be written up because he did not call in or appear for his shift. | Campos Decl., ¶ 3-4, Ex. B, 55:7-56:18, Exhibit 3 thereto, Ex. C, 48:20-49:23, Exhibit 1 thereto. |
| 545. | Once Plaintiff received this email, he called Galvez and explained that he was receiving medical care for a dual ear infection. | Campos Decl., ¶ 3-4, Ex. B, 49:5-12, Ex. C, 41:20-42:12. |
| 546. | Plaintiff and Galvez had a verbal disagreement over the phone regarding Plaintiff's failure to appear for work. | Campos Decl., ¶ 3-5, Ex. B, 49:13-20, Ex. C, 43:3-25, Ex. D, 43:6-44:6. |
| 547. | Plaintiff's Project Manager, Justin Barrie ("Barrie") met with Galvez and Plaintiff over the phone to work through their disagreement. | Campos Decl., ¶ 3-5, Ex. B 50:11-21, Ex. C, 46:18-47:10, Ex. D, 47:6-48:13. |
| 548. | Ultimately, Barrie, Galvez, and Plaintiff resolved the conflict, and Plaintiff was not written up for his failure to call in or appear for work. | Campos Decl., ¶ 3-5, Ex. B, 57:2-4, Ex. C, 46:15-47:10, 50:25-51:8, 51:18-52:12, Ex. D, 47:6-48:16. |
| 549. | Plaintiff was released to return to work on April 20, 2019 with no restrictions. | Campos Decl., ¶ 3, Ex. B, 52:8-19, Exhibit 2 thereto. |
| 550. | However, Plaintiff voluntarily chose to return to work on April 19, 2019. | Campos Decl., ¶ 3, Ex. B, 52:20-53:8, 53:12-15. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 551. | Plaintiff never requested any accommodation or leave for his dual ear infection or any other medical condition. | Cox Decl., ¶ 7-8; Campos Decl. ¶ 3, Ex. B, 84:23-85:8. |
| 552. | Plaintiff admits that aside from this time off to heal from his dual ear infection, he did not need any accommodations to do his job. | Campos Decl., ¶ 3, Ex. B, 84:23-85:3. |
| 553. | Plaintiff did not have any other medical condition that impacted his ability to do his job during his employment at Defendant. | Campos Decl., ¶ 3, Ex. B, 82:9-16, 85:4-8. |
| 554. | Just a few months after his promotion to Construction Manager Plaintiff voluntarily requested to return to his position as a Foreman. | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 555. | On June 17, 2019, Plaintiff emailed Ecklind "requesting to step back down to a foreman roll [sic]," because "timing and life is playing a big roll [sic] in this interest but I think it is the best decision for everyone at this time. I want our team to win and this is just what's best right now." | Campos Decl., ¶ 3, Ex. B, 68:5-22, Exhibit 4 thereto. |
| 556. | Even though Plaintiff voluntarily requested his demotion back down to a Foreman, Barrie fought for Plaintiff to retain his higher rate of pay because of Plaintiff's management experience. | Campos Decl., ¶ 3, 5-6, Ex. B, 68:5-22, Exhibit 4 thereto, Ex. D, 37:21-38:21, Ex. E, 65:3-20. |
| 557. | Accordingly, effective July 6, 2019, Plaintiff was returned to his position as a Foreman at a rate of $32.00 per hour, rather than the rate of $28.91 per hour he | Campos Decl., ¶ 5, Ex. B, 68:5-22, Ex. E, 65:3-20; Cox Decl., ¶ 6. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

93

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | previously earned as a Foreman just a few months earlier. | |
| 558. | On September 25, 2019, one of Defendant's clients notified Defendant that they observed several issues at Plaintiff's job site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 559. | Specifically, the client reported that they arrived on the site at 10:15 AM and the crew was not yet on site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 560. | The client returned about 30 minutes later and went over the client's policies and requirements with the crew. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 561. | The client left the crew with a warning. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 562. | Later that day, the client passed by the job site again and observed Plaintiff in a man lift without a hard hat, at which point the decision was made to shut down the site. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 563. | The client also reported that all of Plaintiff's crew were on site without hard hats on nor in the vicinity. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 564. | The client advised Defendant that all of its policies must be followed. | Cox Decl., ¶ 9; Campos Decl., ¶ 6, Ex. E, 59:23-61:5, 80:1-9, Exhibit 2 thereto. |
| 565. | The client sent Defendant photographs clearly showing Plaintiff up in the man lift without a hard hat. | Cox Decl., ¶ 9; Campos Decl., ¶ 3, 6, Ex. B, 74:10-76:13, Exhibit 5 thereto, Ex. E, 59:23-61:5, 80:1-9, 81:16-20, Exhibits 2, 5a, 5b thereto. |
| 566. | Following Plaintiff's safety violations, Ecklind and Barrie pushed for Plaintiff to be placed on a performance improvement | Campos Decl., ¶ 5-6, Ex. D, 49:1-7, 49:13-15, Ex. E, 59:23-60:13, 62:25-64:5, 64:6-17. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| plan, instead of terminating his employment. | |
| 567. However, after speaking with Windy Cox ("Cox") of Human Resources, it became clear that Plaintiff's safety violations as a Foreman warranted termination, given that the client caught Plaintiff violating policy multiple times in one day, ultimately had to shut down the site, and submitted photographic evidence of Plaintiff in the man lift without a hard hat. | Campos Decl., ¶ 5-6, Ex. D, 49:1-50:1, Ex. E, 67:20-69:13, 71:10-20. |
| 568. Therefore, Cox recommended terminating Plaintiff's employment based upon his safety violations and the position that he held. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 569. After receiving Cox's recommendation, Barrie and Ecklind agreed to move forward with Plaintiff's termination. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 69:8-13, 69:22-25. |
| 570. On September 30, 2019, Defendant terminated Plaintiff's employment for his failure to enforce and follow safety protocol by not wearing a hard hat while in the man lift, and for allowing his team on the job site without hard hats. | Campos Decl., ¶ 3-6, Ex. B, 72:18-74:3, 80:18-82:8, Exhibit 6 thereto, Ex. C, 62:13-64:9, Ex. D, 60:20-62:2, Exhibit 6 thereto, Ex. E, 76:22-77:19, Exhibit 4 thereto. |
| 571. Plaintiff admits that he was terminated "because of [his] not having a hard hat on" and that Defendant's client, "took a picture of that, and, yeah, and that's – I was terminated because of it." | Campos Decl., ¶ 3, Ex. B, 72:18-74:3. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

95

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| 572. In her role with Human Resources, Cox had access to Defendant's general demographic information. | Cox Decl., ¶ 12; Campos Decl., ¶ 6, Ex. E, 121:18-25. |
| 573. However, Cox did not specifically know the demographics of Plaintiff's location by memory. | Cox Decl., ¶ 13; Campos Decl., ¶ 6, Ex. E, 123:3-8, 124:13-20. |
| 574. Moreover, Cox did not personally know Plaintiff at the time she recommended his termination. | Cox Decl., ¶ 14. |
| 575. Cox's recommendation to terminate Plaintiff was based solely on the severity of his safety violations as a Foreman. | Campos Decl., ¶ 5-6, Ex. D, 49:13-50:1, Ex. E, 67:20-68:3, 71:10-15; Cox Decl. ¶ 9-11. |
| 576. Throughout Plaintiff's employment, Defendant maintained a "zero-tolerance policy for unlawful discrimination, harassment or retaliation and will not tolerate any such conduct." | Cox Decl., ¶ 15, Ex. A; Campos Decl., ¶ 6, Ex. E, 112:18-24, 120:3-121:17, Exhibit 1 thereto. |
| 577. Defendant's policy specifically provides that: "MasTec provides equal employment opportunities to all qualified individuals without regard to race, color, … national origin, … disability or any other basis or characteristic protected by applicable law. MasTec is also committed to providing a work environment free of harassment on the basis of race, color, national origin … or disability or any other characteristic protected by applicable law. It is the responsibility of each and every employee | Cox Decl., ¶ 15, Ex. A. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB

| UNDISPUTED FACTS | SOURCE |
|---|---|
| to report unlawful harassment or discrimination when it occurs-whether they are a victim of, or a witness to, unlawful behavior. Employees will be protected from retaliation for opposing unlawful discriminatory practices when they report, in good faith, unlawful harassment or discrimination.<br><br>Reports of unlawful harassment, discrimination or retaliation can be made to your Human Resources contact or by contacting **Convercent** (formerly **MySafeWorkplace).** Human Resources will investigate all allegations of unlawful harassment and discrimination promptly, impartially and in a confidential manner. If the Company determines that unlawful harassment, discrimination or retaliation has occurred, it will take prompt and effective remedial action."<br><br>(Emphasis in original.) | |
| **578.** Throughout Plaintiff's employment, Defendant also maintained a Reasonable Accommodation Policy. | Cox Decl., ¶ 16, Ex. B. |
| **579.** Defendant's policy states that:<br>"To comply with applicable laws ensuring equal employment opportunities to individuals with disabilities (even if in remission or ameliorated), MasTec will make reasonable accommodations for the | Cox Decl., ¶ 16, Ex. B. |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

97

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| | known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue hardship and/or a direct threat to the health and/or safety of the individual or others would result. Any applicant or employee who requires an accommodation in order to perform the essential functions of the job should contact your Human Resources Contact and request such an accommodation in writing." | |
| 580. | At all relevant times, Defendant maintained procedures for complaints of discrimination, mistreatment, and substance abuse. | Cox Decl., ¶ 17, Ex. C. |
| 581. | Employees were advised to report suspected harassment or discrimination to their Human Resources Contact, or by using the online portal Convercent. | Cox Decl., ¶ 17, Ex. C. |
| 582. | As the handbook provides, "Convercent . . . is a 24-hour incident reporting hotline. Convercent allows you to make reports on a wide variety of topics, including, but not limited to, reports of accounting irregularities, fraud, theft, unsafe working conditions, harassment, discrimination, mistreatment . . . safety violations, substance abuse or threats of violence." | Cox Decl., ¶ 17, Ex. C. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

98

1:20-CV-00890-AWI-SAB

| | UNDISPUTED FACTS | SOURCE |
|---|---|---|
| 583. | Defendant's Open Door Policy instructed employees to speak with their immediate supervisor to address work-related issues. | Cox Decl., ¶ 18, Ex. D. |
| 584. | However, if an employee felt uncomfortable speaking directly with their supervisor, they could meet directly with their department's manager, Human Resources Contact, general manager, or other appropriate management personnel. | Cox Decl., ¶ 18, Ex. D. |
| 585. | Employees could also report issues through Defendant's hotline, Convercent. | Cox Decl., ¶ 18, Ex. D. |
| 586. | During Plaintiff's employment, Defendant strictly prohibited the use of drugs and alcohol in the workplace. | Cox Decl., ¶ 19, Ex. E; Campos Decl., ¶ 4-5, Ex. C, 35:10-36:2, Ex. D, 42:5-8. |
| 587. | Employees were advised to report any substance abuse through Convercent. | Cox Decl., ¶ 17, Ex. C; Campos Decl., ¶ 4, Ex. C, 35:21-36:2. |
| 588. | Pursuant to Defendant's Open Door Policy, employees could also report substance abuse issues to their appropriate managers or their Human Resources Contact. | Cox Decl., ¶ 18, Ex. D. |
| 589. | During his employment, Plaintiff never made, or threatened to make, any formal complaint with Defendant or any other entity regarding alleged drug use. | Cox Decl., ¶ 20; Campos Decl., ¶ 3-6, Ex. B, 40:4-8, 65:13-19, Ex. C, 35:10-12, 36:18-22, Ex. D, 38:22-39:11, 63:20-64:9, Ex. E, 85:12-21, 86:10-17, 87:6-19, 90:17-24. |
| 590. | The only "complaints" Plaintiff alleges to have made regarding the alleged drug use were to his co-workers, simply stating that | Cox Decl., ¶ 20; Campos Decl., ¶ 3, Ex. B, 40:4-8, 47:3-48:3, 65:13-24. |

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

| UNDISPUTED FACTS | SOURCE |
|---|---|
| the alleged drug users did not do anything and were making his job difficult. | |
| 591. Barrie testified that Plaintiff never expressed to him any concern regarding drinking or drug use at work, or that he wanted to step down from his position as a Construction Manager because of the alleged drinking and drug use. | Campos Decl., ¶ 5, Ex. D, 38:22-39:8, 63:20-64:9. |
| 592. Galvez also testified that Plaintiff never reported any alleged drinking or drug use to him. | Campos Decl., ¶ 4, Ex. C, 35:10-12, 36:18-22. |
| 593. During his employment, Plaintiff never complained of any unfair treatment or discrimination based upon his race. | Cox Decl., ¶ 21. |
| 594. Plaintiff alleges that he did not receive support from his managers, however none of Plaintiff's allegations are tied to his race. | Campos Decl., ¶ 3, Ex. B, 40:4-8, 41:17-43:10, 44:17-45:20, 46:5-48:3, 65:13-24. |

Dated: September 13, 2021

LITTLER MENDELSON P.C.

_____
Ryan L. Eddings
Julie R. Campos

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

4840-5843-2504.1 / 046446-1254

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def's Sep. Statement of Undisputed Material
Facts ISO MSJ, or Alternatively, MSA

1:20-CV-00890-AWI-SAB