Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:   559.244.7500
Fax No.:       559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE, JR., | Case No. 1:20-cv-00890-AWI-SAB |
| Plaintiff, | **DECLARATION OF JULIE R. CAMPOS IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL THE APPEARANCE OF NON-RETAINED EXPERT ASHLEY DELGADO, M.S. AT HER DEPOSITION** |
| v. | |
| MASTEC NETWORK SOLUTIONS, INC., and DOES 1 TO 10, | |
| Defendants. | Date:       October 20, 2021<br>Time:       10:00 AM<br>Judge:     Hon. Stanley A. Boone<br>Dept:       Courtroom 9 |
| | Trial Date:   May 17, 2022 |
| | [*Concurrently Filed with Defendant's Stipulated Application for an Order Shortening Time to Hear Defendant's Motion to Compel the Appearance of Non-Retained Expert Ashley Delgado, M.S. at Her Deposition*] |

I, JULIE R. CAMPOS, hereby declare and state:

1.      I am licensed to practice in the State of California and am an attorney with the law firm of Littler Mendelson, a Professional Corporation, attorneys of record for Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant").  I submit this Declaration in Support of Defendant's Motion to Compel the Appearance of Non-Retained Expert Ashley Delgado, M.S. at Her Deposition ("Defendant's Motion"). I am one of the attorneys representing Defendant in this case.  I

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Declaration of Julie R. Campos iso Motion to
Compel Appearance of Ashley Delgado, M.S.

1:20-CV-00890-AWI-SAB

1 have personal knowledge of the following facts, and if called to testify, I could and would competently

2 testify thereto.

3         2.      On May 21, 2021, Defendant filed and served its initial Expert Witness

4 Disclosures, which identified Ms. Delgado as a non-retained expert in this case based upon her

5 treatment of Plaintiff while she was employed at Central Valley Family Therapy ("CVFT"). A true

6 and correct copy of Defendant's Expert Witness Disclosures is attached hereto as **Exhibit A**.

7         3.      On June 24, 2021, Defendant served its Notice of Deposition of Ashley

8 Delgado, M.A. on Plaintiff, for the deposition set for July 13, 2021. A true and correct copy of this

9 Notice of Deposition is attached hereto as **Exhibit B**.

10         4.      On June 24, 2021, Defendant attempted to personally serve Ms. Delgado with

11 the deposition subpoena for her deposition set for July 13, 2021, however the attempt at service was

12 unsuccessful. A true and correct copy of this Deposition Subpoena is attached hereto as **Exhibit C**.

13         5.      Defendant's process server attempted to serve the deposition subpoena on Ms.

14 Delgado again on June 28, 2021, and was informed that Ms. Delgado no longer worked at the address

15 listed on the subpoena. A true and correct copy of correspondence regarding this proof of attempted

16 service is attached hereto as **Exhibit D**.

17         6.      On July 1, 2021, Defendant attempted to personally serve Ms. Delgado with the

18 deposition subpoena for her July 13, 2021 deposition at the address stated on Ms. Delgado's

19 registration with the state Board of Behavioral Sciences. However, Defendant's attempt at service at

20 this address was unsuccessful. A true and correct copy of this proof of attempted service is attached

21 hereto as **Exhibit E**.

22         7.      After diligent efforts to locate a current address for Ms. Delgado, Defendant

23 was able to locate her new business address on July 12, 2021. So, on July 12, 2021 Defendant served

24 the deposition subpoena on Ms. Delgado's new business. A true and correct copy of this proof of

25 service is attached hereto as **Exhibit F**.

26         8.      However, given that the deposition was scheduled for the next day, Defendant

27 rescheduled the deposition in order to allow Ms. Delgado sufficient time to comply with the subpoena.

28 On July 13, 2021, Defendant served an amended Notice of Deposition on Plaintiff, for the new

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

Declaration of Julie R. Campos iso Motion to
Compel Appearance of Ashley Delgado, M.S.

2

1:20-CV-00890-AWI-SAB

1  deposition date of July 23, 2021. A true and correct copy of this Notice of Deposition is attached hereto

2  as **Exhibit G**.

3        9.      On July 14, 2021, Defendant also personally served an amended deposition

4  subpoena on Ms. Delgado at her current business address. A true and correct copy of this Deposition

5  Subpoena is attached hereto as **Exhibit H**.

6        10.     In addition to Ms. Delgado's deposition, Defendant subpoenaed the deposition

7  of Ms. Delgado's supervisor from CVFT, Dr. Melissa Tihin ("Dr. Tihin"), who was also disclosed as

8  a non-retained expert in this case. The deposition subpoena's for both Ms. Delgado and Dr. Tihin

9  contained document requests regarding their treatment of Plaintiff. Once the deposition subpoenas

10  were served, Defendant was informed by CVFT that Plaintiff had revoked his authorization for CVFT

11  to release his medical records, despite having previously signed a release in early 2021. As a result,

12  Defendant had to again continue Ms. Delgado's deposition in order to allow time for the production

13  of the necessary records from CVFT. A true and correct copy of this correspondence is attached hereto

14  as **Exhibit I**.

15        11.     On July 22, 2021, I reached out to Ms. Delgado via telephone and email to

16  inform her that her July 23, 2021 deposition was going to be rescheduled. I advised Ms. Delgado that

17  she did not need to appear for her deposition on July 23, 2021, and asked Ms. Delgado if she was

18  available to reschedule her deposition for August 3, 2021. I further asked Ms. Delgado to provide her

19  availability in the event that August 3, 2021 was unavailable. Ms. Delgado responded via email on the

20  night of July 22, 2021 stating that she would not speak on the issue and would not produce any records.

21  On July 23, 2021, I responded to Ms. Delgado stating that she still needed to appear for her deposition,

22  and again requested that Ms. Delgado provide her availability for her deposition. On July 25, 2021,

23  Ms. Delgado responded via email stating that she could not confirm or deny the information I was

24  requesting and that she did not have any information or records to produce. On July 26, 2021 I

25  responded to Ms. Delgado via email and reiterated that she had been identified as an expert in this

26  case, and that Plaintiff had authorized CVFT to release his medical information. I again asked Ms.

27  Delgado if she was available on August 3, 2021 for her deposition and requested that Ms. Delgado

28  provider her availability if that date did not work. Ms. Delgado never responded to my email. A true

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

Declaration of Julie R. Campos iso Motion to
Compel Appearance of Ashley Delgado, M.S.

3

1:20-CV-00890-AWI-SAB

1    and correct copy of this email correspondence is attached hereto as **Exhibit J**.

2         12.    On July 27, 2021, Defendant served a second amended Notice of Deposition on

3    Plaintiff for Ms. Delgado's deposition set for August 3, 2021. A true and correct copy of this Notice

4    of Deposition is attached hereto as **Exhibit K**.

5         13.    On July 29, 2021, Defendant personally served its second amended deposition

6    subpoena on Ms. Delgado. A true and correct copy of this Deposition Subpoena is attached hereto as

7    **Exhibit L**.

8         14.    On July 29, 2021, I also emailed Ms. Delgado a copy of the second amended

9    deposition subpoena, along with the login information for the videoconference deposition. A true and

10   correct copy of this email correspondence is attached hereto as **Exhibit M**.

11        15.    At the start time of the deposition, Ms. Delgado was not present. The Parties

12   waited for 10 minutes to allow Ms. Delgado some time to join the videoconference deposition,

13   however she never joined. At 10:10:45 AM, I emailed Ms. Delgado advising that her deposition was

14   set to begin an 10:00 AM, and asked Ms. Delgado to let me know if she was having trouble connecting

15   to the videoconference. I also included the login information for the videoconference deposition. Ms.

16   Delgado never responded to this email. A true and correct copy of this email correspondence is

17   attached hereto as **Exhibit N**.

18        16.    The Parties remained on the videoconference call until 10:21 AM. At that time,

19   Ms. Delgado still had not appeared for her deposition pursuant to Defendant's deposition subpoena.

20   Ms. Delgado totally and completely failed to appear for her deposition pursuant to Defendant's

21   deposition subpoena, despite my multiple emails stating that her appearance was required pursuant to

22   the deposition subpoena. A true and correct copy of the deposition transcript showing Ms. Delgado's

23   failure to appear is attached hereto as **Exhibit O**.

24        17.    On August 27, 2021, I conferred with Counsel for Plaintiff regarding

25   Defendant's intention to file a motion to compel the deposition of Ms. Delgado, following her failure

26   to appear for her deposition pursuant to Defendant's deposition subpoena. Plaintiff's counsel

27   confirmed that Plaintiff would not oppose Defendant's motion. A true and correct copy of this email

28   correspondence is attached hereto as **Exhibit P**. Pursuant to Local Rules 133(j) and 250.1(a) of the

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559.244.7500

Declaration of Julie R. Campos iso Motion to
Compel Appearance of Ashley Delgado, M.S.

4

1:20-CV-00890-AWI-SAB

United States District Court for the Eastern District of California, a true and correct copy of this deposition transcript will be submitted concurrently to the email box of United States Magistrate Judge Stanley A. Boone, and will likewise be emailed to all other parties having appeared in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration is executed on October 15, 2021, in Fresno, California.

_____
Julie R. Campos

4821-1921-3311.1 / 046446-1254

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Declaration of Julie R. Campos iso Motion to
Compel Appearance of Ashley Delgado, M.S.

5

1:20-CV-00890-AWI-SAB

Exhibit "A"

LITTLER MENDELSON, P.C.
RYAN L. EDDINGS, Bar No. 256519
JULIE R. CAMPOS, Bar No. 314063
5200 North Palm Avenue, Suite 302
Fresno, CA  93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE JR.,<br><br>Plaintiff,<br><br>v.<br><br>MASTEC NETWORK SOLUTIONS, INC., and DOES 1 to 10,<br><br>Defendants. | Case No. 1:20-cv-00890-AWI-SAB<br><br>**DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S EXPERT WITNESS DISCLOSURES**<br><br>**[FED. R. CIV. PROC. 26(A)(2)]**<br><br>Action filed in State Court: 05/04/2020; Fresno County Superior Court Case No. 20CECG01106 |

**TO PLAINTIFF GREGG LEE FOSHEE JR. AND HIS COUNSEL OF RECORD:**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Federal Rules of Evidence Rules 702, 703, and 705, and this Court's Scheduling Conference Order, Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant") hereby discloses the following non-retained experts.

/ / /

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT MASTEC NETWORK
SOLUTIONS, INC.'S EXPERT WITNESS
DISCLOSURES

1   Michael Klug, M.D.

2   Premium Urgent Care, Inc. – NW

3   6643 N. Milburn Avenue, Suite 104

4   FRESNO CA 93722

5   (559) 412-2535

6       Defendant is informed and so believes that Dr. Michael Klug will testify

7   regarding Plaintiff GREGG LEE FOSHEE JR.'s ("Plaintiff") medical condition(s),

8   treatment received therefor, and ability to perform his job duties for Defendant.

9   Defendant believes and so alleges that all documents supporting Dr. Klug's testimony

10   have been produced or are equally available to both parties, but will provide

11   supplemental documents if Defendant is incorrect. Defendant does not have an export

12   report from Dr. Klug and does not know what Dr. Klug will charge per hour on this

13   matter.

14   Ashley Delgado, M.A.

15   Central Valley Family Therapy

16   770 E. Shaw Avenue, Suite 230

17   Fresno, CA 93710

18   (559) 691-6840

19       Defendant is informed and so believes that Ms. Delgado will testify

20   regarding Plaintiff's medical condition(s), treatment received therefor, and ability to

21   perform his job duties for Defendant. Defendant does not have an export report from

22   Ms. Delgado and does not know what Ms. Delgado will charge per hour on this matter.

23   Dr. Melissa Tihin, Psy.D.

24   Central Valley Family Therapy

25   770 E. Shaw Avenue, Suite 230

26   Fresno, CA 93710

27   (559) 691-6840

28       Defendant is informed and so believes that Dr. Tihin will testify regarding

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

DEFENDANT MASTEC NETWORK
SOLUTIONS, INC.'S EXPERT WITNESS
DISCLOSURES

2.

1  Plaintiff's medical condition(s), treatment received therefor, and ability to perform his

2  job duties for Defendant. Defendant does not have an export report from Dr. Tihin and

3  does not know what Dr. Tihin will charge per hour on this matter.

4        In addition to the above-stated non-retained experts, Defendant reserves

5  the right to call as expert witnesses any and all experts who have been, or may be,

6  subsequently designated by any of the parties in this action including, but not limited

7  to, witnesses who have been designated by Plaintiff.  Moreover, Defendant reserves the

8  right to designate additional experts in rebuttal to any expert witnesses designated by

9  Plaintiff.

10

11  Dated:      May 21, 2021                LITTLER MENDELSON, P.C.

12

13

14  By:

15  RYAN L. EDDINGS
    JULIE R. CAMPOS

16  Attorneys for Defendant
    MASTEC NETWORK

17  SOLUTIONS, INC.

18  4835-9314-3274.1 / 046446-1254

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559 244 7500

DEFENDANT MASTEC NETWORK
SOLUTIONS, INC.'S EXPERT WITNESS
DISCLOSURES                                    3.

Exhibit "B"

LITTLER MENDELSON, P.C.
RYAN L. EDDINGS, Bar No. 256519
JULIE R. CAMPOS, Bar No. 314063
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE JR., <br><br> Plaintiff, <br><br> v. <br><br> MASTEC NETWORK SOLUTIONS, INC., and DOES 1 to 10, <br><br> Defendants. | Case No. 1:20-cv-0089-AWI-SAB <br><br> **DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF GREGG LEE FOSHEE JR.'S NON-RETAINED EXPERT WITNESS ASHLEY DELGADO, M.A.** <br><br> Date: July 13, 2021 <br> Time: 10:00 am <br> Location: Via Videoconference <br><br> Action filed in State Court: 05/04/2020; Fresno County Superior Court Case No. 20CECG01106 |

TO PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant"), through its attorneys of record, will take the deposition of Plaintiff's non-retained expert witness Ashley Delgado, M.A. on July 13, 2021, commencing at 10:00 a.m., via videoconference. The deposition will continue from day to day thereafter, excluding weekends and holidays, until completed, unless otherwise mutually agreed by counsel for the parties.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S NOTICE OF DEPO OF PLAINTIFF
GREGG LEE FOSHEE JR.'S NON-RETAINED
EXPERT WITNESS ASHLEY DELGADO, M.S.

Due to restrictions stemming from the COVID-19 pandemic and the California statewide Orders issued by Governor Newsom, this deposition will be conducted **by video conference**, whereby Deponent, Claimant's counsel, Respondents' representative, Respondents' counsel, the court reporter, and the videographer will each separately appear by video. A court reporting services provider will be providing all parties involved with an e-mail containing an internet link that will allow them to download and install applicable video conferencing software prior to the deposition. Each party involved will then be able to use their own respective personal computer (with webcam component) to participate in the video conferenced deposition from their respective homes in compliance with the Governor's Orders.

PLEASE TAKE FURTHER NOTICE that the deposition will be taken by a duly-qualified deposition officer who is authorized to administer an oath. The deposition will be recorded stenographically and by videotape and use instant visual display of testimony, e.g., RealTime and/or LiveNote. The deposition will be taken for the purpose of cross-examination and for all other purposes and uses authorized by the Federal Rules of Civil Procedure. Defendant reserves the right to introduce the deposition testimony, including any video recording of the deposition testimony, as evidence at the arbitration of this matter.

If you require the services of an interpreter, you must advise this office in writing of both the need for the interpreter and the language required no later than five (5) days before the date set for the deposition. If you fail to do so and the deposition is then continued for lack of an interpreter, sanctions will be brought against you.

PLEASE TAKE FURTHER NOTICE the deponent is to produce the documents and other tangible things described below three days before the deposition (no later than close of business on July 10, 2021) as well as to bring the originals of same to the deposition, at the time and place indicated above. Deponent is also requested to provide a current W-9 form as soon as possible for payment of expert

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559 244.7500

DEF'S NOTICE OF DEPO OF PLAINTIFF
GREGG LEE FOSHEE JR.'S NON-RETAINED          2.
EXPERT WITNESS ASHLEY DELGADO. M.S.

witness fees. Please email the W-9 form to the following email address: jcampos@littler.com.

## REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

### REQUEST FOR PRODUCTION NO. 3:

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 4:

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

### REQUEST FOR PRODUCTION NO. 5:

Any and all test data or test results concerning the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 6:

The complete file of each expert, including any notes.

### REQUEST FOR PRODUCTION NO. 7:

Any and all physical items, materials, substances or real evidence in their custody or control.

### REQUEST FOR PRODUCTION NO. 8:

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S NOTICE OF DEPO OF PLAINTIFF
GREGG LEE FOSHEE JR.'S NON-RETAINED
EXPERT WITNESS ASHLEY DELGADO. M.S.

3.

**REQUEST FOR PRODUCTION NO. 9**:

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10**:

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11**:

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12**:

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13**:

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15**:

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S NOTICE OF DEPO OF PLAINTIFF
GREGG LEE FOSHEE JR.'S NON-RETAINED
EXPERT WITNESS ASHLEY DELGADO. M.S.

4.

**REQUEST FOR PRODUCTION NO. 17**:

All correspondence of any kind with or relating to Plaintiff

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining to your treatment of Plaintiff.

\*   \*   \*

A true and correct copy of the deposition subpoena is attached hereto as Exhibit A.

Dated:      June 24, 2021             LITTLER MENDELSON, P.C.

By: _____
RYAN L. EDDINGS
SYED H. MANNAN
Attorneys for Defendant
MASTEC NETWORK
SOLUTIONS, INC.

4851-6401-4574.1 / 046446-1254

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S NOTICE OF DEPO OF PLAINTIFF
GREGG LEE FOSHEE JR.'S NON-RETAINED                 5.
EXPERT WITNESS ASHLEY DELGADO. M.S.

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
for the

EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ashley Delgado, M.S., Central Valley Family Therapy, 770 E. Shaw Avenue, Suite 230, Fresno, CA 93710, (559)691-6840

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>Via videoconference at | Date and Time:<br>July 13, 2021 at 10:00am |
|---|---|

The deposition will be recorded by this method: stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 24, 2021

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| | | /s/ Julie R. Campos |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc.
, who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.<br>www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                    .

My fees are $                    for travel and $                    for services, for a total of $

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D)*Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

4840-5206-5262.1 / 046446-1254

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.**

**DEFINITIONS**

A.     The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.     The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.     The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.     Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

    1.     The words "and" and "or" shall be construed both disjunctively and conjunctively;

    2.     The words "any" and "all" shall be construed to mean "any and all";

    3.     The singular shall include the plural; and vice versa;

    4.     The words "include(s)" and "including" shall be construed to mean "without limitation"; and

    5.     Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.     The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

F.     The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

G.     The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

H.     The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

I.     The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

J.     The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

K.     The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

///

# INSTRUCTIONS

A.    This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.    Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.    Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

1.    The date the document bears;

2.    The type of document, whether letter, memorandum, etc.;

3.    The subject matter of the document;

4.    The name(s) of the author(s) of the document;

5.    The name(s) of the recipient(s) of the document;

6.    The name of each person who received a copy of the document, whether indicated or by blind copy;

7.    The name and address of the current or most recent custodian of the document; and

8.    The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.    If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

E.    Any document responsive to any category of this Demand that was, but no longer

is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1. The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2. The date of disposal;

3. The reason for disposal;

4. The person authorizing disposal;

5. The person disposing of the document; and

6. The name, address of the most recent custodian of the document.

F. Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

1  LITTLER MENDELSON, P.C.
   RYAN L. EDDINGS, Bar No. 256519
2  JULIE R. CAMPOS, Bar No. 314063
   5200 North Palm Avenue, Suite 302
3  Fresno, CA 93704.2225
   Telephone:   559.244.7500
4  Facsimile:   559.244.7525
   Email: reddings@littler.com
5          jcampos@littler.com

6  Attorneys for Defendant
   MASTEC NETWORK SOLUTIONS, INC.

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  GREGG LEE FOSHEE JR.,            Case No. 1:20-cv-0089-AWI-SAB

12              Plaintiff,           **CERTIFICATE OF SERVICE**

13  v.

14  MASTEC NETWORK SOLUTIONS,        Action filed in State Court: 05/04/2020;
    INC., and DOES 1 to 10,          Fresno County Superior Court Case No.
15                                   20CECG01106
                Defendants.
16

17

18      I am a resident of the State of California, over the age of eighteen years, and not a party to the
    within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California
19  93704.2225.  On June 24, 2021, I served the within document(s):

20      **1.    DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE
               OF DEPOSITION OF PLAINTIFF'S EXPERT WITNESS
21             TAMORAH HUNT**

22      **2.    DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE
               OF DEPOSITION OF PLAINTIFF'S EXPERT WITNESS TIMOTHY
23             LANNING**

24      **3.    DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE
               OF DEPOSITION OF PLAINTIFF GREGG LEE FOSHEE JR.'S
25             NON-RETAINED EXPERT WITNESS ASHLEY DELGADO, M.A.**

26      **4.    DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE
               OF DEPOSITION OF PLAINTIFF GREGG LEE FOSHEE JR.'S
27             NON-RETAINED EXPERT WITNESS MICHAEL KLUG, M.D.**

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Case No. 1:20-cv-0089-AWI-SAB                              CERTIFICATE OF SERVICE

**5. DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S NOTICE OF DEPOSITION OF PLAINTIFF GREGG LEE FOSHEE JR.'S NON-RETAINED EXPERT WITNESS DR. MELISSA TIHIN, PSY.D.**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

    ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California.**

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559 244.7500

Case No. 1:20-cv-0089-AWI-SAB      2.      CERTIFICATE OF SERVICE

☒ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Geoffrey C. Lyon, Esq.                    *Counsel for Plaintiff*
LYON LAW
3605 Long Beach Blvd., # 311
Long Beach, CA 90807-4013
Facsimile: (424) 832-7405
Email:  glyon@lyonlawyer.com
kmoreno@lyonlawyer.com


        I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or
office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 24, 2021, at Fresno, California.

                                          Jennifer A. Drudge

4823-1869-4343.1 / 046446-1254

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

Case No. 1:20-cv-0089-AWI-SAB                3.                CERTIFICATE OF SERVICE

Exhibit "C"

# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Ashley Delgado, M.S., Central Valley Family Therapy, 770 E. Shaw Avenue, Suite 230, Fresno, CA 93710, (559)691-6840

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via videoconference at | July 13, 2021 at 10:00am |

The deposition will be recorded by this method: stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 24, 2021

| CLERK OF COURT | |
|---|---|
| | OR |
| | /s/ Julie R. Campos |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc. , who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)* .

☐ I served the subpoena by delivering a copy to the named individual as follows:

on *(date)* ;or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ for travel and $ for services, for a total of $

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:



## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

   **(i)** is a party or a party's officer; or

   **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

4840-5206-5262.1 / 046446-1254


American LegalNet, Inc.
www.FormsWorkFlow.com

**TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.**

**DEFINITIONS**

A.    The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.    The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.    The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.    Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

> 1.    The words "and" and "or" shall be construed both disjunctively and conjunctively;
>
> 2.    The words "any" and "all" shall be construed to mean "any and all";
>
> 3.    The singular shall include the plural; and vice versa;
>
> 4.    The words "include(s)" and "including" shall be construed to mean "without limitation"; and
>
> 5.    Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.    The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

      F.      The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

      G.      The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

      H.      The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

      I.      The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

      J.      The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

      K.      The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

*///*

## INSTRUCTIONS

A.     This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.     Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.     Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

     1.     The date the document bears;

     2.     The type of document, whether letter, memorandum, etc.;

     3.     The subject matter of the document;

     4.     The name(s) of the author(s) of the document;

     5.     The name(s) of the recipient(s) of the document;

     6.     The name of each person who received a copy of the document, whether indicated or by blind copy;

     7.     The name and address of the current or most recent custodian of the document; and

     8.     The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.     If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

E.     Any document responsive to any category of this Demand that was, but no longer

is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1. The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2. The date of disposal;

3. The reason for disposal;

4. The person authorizing disposal;

5. The person disposing of the document; and

6. The name, address of the most recent custodian of the document.

F. Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

Exhibit "D"

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| JULIE R CAMPOS (#SBN )<br>LITTLER MENDELSON PC<br>5200 NORTH PALM AVENUE SUITE 302<br>FRESNO , CA 93704<br>  Telephone No:  (559) 244-7500 | | | | |
|   Attorney For:   Defendant | | Ref. No. or File No.:<br>046446.1254 | | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA |

|   Plaintiff:   GREGG LEE FOSHEE JR |
|---|
|   Defendant:   MASTEC NETWORK SOLUTIONS, INC. |

| AFFIDAVIT OF DUE DILIGENCE | Hearing Date:<br>7/13/2021 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>1:20-CV-00890-AWI-SAB |
|---|---|---|---|---|

1.  I, Robert Reyes S200210000003, Fresno County , and any employee or independent contractors retained by FIRST LEGAL are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on subject ASHLEY DELGADO, M.S./ CENTRAL VALLEY FAMILY THERAPY as follows:

2.  *Documents:* Subpoena to Testify at a Deposition in a Civil Action

| Attempt Detail |
|---|

1) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jun 24, 2021, 12:05 pm PDT at 770 E SHAW AVE STE 230, FRESNO, CA 93710
Business closed for lunch.

2) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jun 28, 2021, 11:30 am PDT at 770 E SHAW AVE STE 230, FRESNO, CA 93710
Per receptionist, Ashley Delgado no longer works here. Address unknown W/F, brown hair, brown eyes, 130# @30yo.

*3. Person Who Served Papers:*

  a. Robert Reyes (S200210000003, Fresno County)
  **b. FIRST LEGAL**
     1517 W. Beverly Blvd.
     LOS ANGELES, CA 90026
  c. (213) 250-1111

Recoverable cost Per CCP 1033.5(a)(4)(B)

  **d. *The Fee for Service was:***
  **e. I am: A Registered California Process Server**

4.  *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the foregoing is true and correct.*

07/08/2021      *Robert Reyes*

(Date)          (Signature)



**AFFIDAVIT OF**
**DUE DILIGENCE**

*5827988*
*(8377366)*

Exhibit "E"

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| JULIE R CAMPOS (#SBN 314063)<br>LITTLER MENDELSON PC<br>5200 NORTH PALM AVENUE SUITE 302<br>FRESNO , CA 93704<br>  Telephone No:  (559) 244-7500 | | |
|  Attorney For:  Defendant | Ref. No. or File No.:<br>046446.1254 | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA |

| Plaintiff:  GREGG LEE FOSHEE JR |
|---|
| Defendant:  MASTEC NETWORK SOLUTIONS, INC. |

| AFFIDAVIT OF DUE DILIGENCE | Hearing Date:<br>7/13/2021 | Time:<br>10:00am | Dept/Div: | Case Number:<br>1:20-CV-00890-AWI-SAB |
|---|---|---|---|---|

1.  I, Robert Reyes S200210000003, Fresno County , and any employee or independent contractors retained by FIRST LEGAL are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on subject ASHLEY DELGADO, M.S. as follows:

2.  *Documents:* Subpoena to Testify at a Deposition in a Civil Action

| Attempt Detail |
|---|

1) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 1, 2021, 4:57 pm PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , The Ring , Silver Ford Fiesta lic. 6SSL546 parked in the driveway ,

2) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 1, 2021, 7:53 pm PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , The Ring , Silver Ford Fiesta lic. 6SSL546 parked in the driveway ,

3) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 2, 2021, 5:44 pm PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , Silver Ford Fiesta lic. 6SSL546 parked in the driveway ,

4) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 3, 2021, 11:21 am PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , Porch light on , Silver Ford Fiesta lic. 6SSL546 parked in the driveway ,

5) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 6, 2021, 6:21 pm PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , Porch light off , Silver Ford Fiesta lic. 6SSL546 parked in the driveway ,

6) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 8, 2021, 12:12 pm PDT at 516 E Magill Ave, Fresno, CA 93710
Per The Ring , Ashley will be home after 3:00 pm today ,

7) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 8, 2021, 5:11 pm PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , no answer on the ring also , porch light on , Silver Ford Fiesta lic. 6SSL546 parked in the driveway , spider webs , car hasn't moved in a long time ,



| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| JULIE R CAMPOS (#SBN 314063)<br>LITTLER MENDELSON PC<br>5200 NORTH PALM AVENUE SUITE 302<br>FRESNO , CA 93704<br>*Telephone No:* (559) 244-7500 | | | | |
| *Attorney For:* Defendant | *Ref. No. or File No.:*<br>046446.1254 | | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA | | | | |
| *Plaintiff:* GREGG LEE FOSHEE JR<br>*Defendant:* MASTEC NETWORK SOLUTIONS, INC. | | | | |
| **AFFIDAVIT OF DUE DILIGENCE** | *Hearing Date:*<br>7/13/2021 | *Time:*<br>10:00am | *Dept/Div:* | *Case Number:*<br>1:20-CV-00890-AWI-SAB |

8) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 9, 2021, 6:08 pm PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , Porch light off , Silver Ford Fiesta parked in driveway ,

9) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 10, 2021, 8:20 am PDT at 516 E Magill Ave, Fresno, CA 93710
No Answer , Quiet , porch light off , Silver Ford Fiesta parked in the driveway ,

10) Unsuccessful Attempt by: Robert Reyes (S200210000003, Fresno County) on: Jul 11, 2021, 7:07 pm PDT at 516 E Magill Ave, Fresno, CA 93710
Per Female Resident , Ashley Delgado moved , Ashley uses to rent house from female resident's mother , Ashley no longer lives here , Ashley's address and phone number are both unknown , W/F 5-8 Dark Brown Hair Brown Eyes 140 @ 37 years old , Silver Ford Fiesta and Gray Toyota Tundra Truck lic 96592H2 both parked in the driveway , small dog inside house ,

*3. Person Who Served Papers:*
   a. Robert Reyes (S200210000003, Fresno County)
   **b. FIRST LEGAL**
     1517 W. Beverly Blvd.
     LOS ANGELES, CA 90026
   c. (213) 250-1111

Recoverable cost Per CCP 1033.5(a)(4)(B)

   d. *The Fee for Service was:*
   e. I am: A Registered California Process Server

*4.*   *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the foregoing is true and correct.*

07/12/2021

*(Date)*

*(Signature)*



**AFFIDAVIT OF**
**DUE DILIGENCE**

*5852551*
*(8377644)*
Page 2 of 2

# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
   Ashley Delgado, M.S., 516 E. Magill Ave., Fresno, CA 93710
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:<br>Via videoconference at | Date and Time:<br>July 13, 2021 at 10:00am |
|---|---|

   The deposition will be recorded by this method:  stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See Attachment A.

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 1, 2021

   *CLERK OF COURT*

OR

/s/ Julie R. Campos

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc.
, who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.<br>www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)*

on *(date)*           .

☐ I served the subpoena by delivering a copy to the named individual as follows:

                                     on *(date)*         ;or

☐ I returned the subpoena unexecuted because:

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                     .

My fees are $              for travel and $            for services, for a total of $

     I declare under penalty of perjury that this information is true.

Date:           

                                     *Server's signature*

                                     *Printed name and title*

                                     *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

4835-0592-4848.1 / 046446-1254

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.**

**DEFINITIONS**

A.     The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.     The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.     The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.     Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

   1.     The words "and" and "or" shall be construed both disjunctively and conjunctively;

   2.     The words "any" and "all" shall be construed to mean "any and all";

   3.     The singular shall include the plural; and vice versa;

   4.     The words "include(s)" and "including" shall be construed to mean "without limitation"; and

   5.     Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.     The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

F.     The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

G.     The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

H.     The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

I.     The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

J.     The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

K.     The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

///

## INSTRUCTIONS

A.    This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.    Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.    Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

        1.    The date the document bears;

        2.    The type of document, whether letter, memorandum, etc.;

        3.    The subject matter of the document;

        4.    The name(s) of the author(s) of the document;

        5.    The name(s) of the recipient(s) of the document;

        6.    The name of each person who received a copy of the document, whether indicated or by blind copy;

        7.    The name and address of the current or most recent custodian of the document; and

        8.    The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.    If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

E.    Any document responsive to any category of this Demand that was, but no longer

is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1. The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2. The date of disposal;

3. The reason for disposal;

4. The person authorizing disposal;

5. The person disposing of the document; and

6. The name, address of the most recent custodian of the document.

F. Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

Exhibit "F"

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| JULIE R CAMPOS (#SBN 314063)<br>LITTLER MENDELSON PC<br>5200 NORTH PALM AVENUE SUITE 302<br>FRESNO , CA 93704<br>*Telephone No:* (559) 244-7500 | | | | |
| *Attorney For:* Defendant | | *Ref. No. or File No.:*<br>046446.1254 | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA | | | | |
| *Plaintiff:* GREGG LEE FOSHEE JR<br>*Defendant:* MASTEC NETWORK SOLUTIONS, INC. | | | | |
| **PROOF OF SERVICE** | *Hearing Date:*<br>7/13/2021 | *Time:*<br>10:00am | *Dept/Div:* | *Case Number:*<br>1:20-CV-00890-AWI-SAB |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Testify at a Deposition in a Civil Action

3. *a. Party served:* ASHLEY DELGADO, M.S.
   *b. Person served:* JANE DOE, RECEPTIONIST. AUTHORIZED TO ACCEPT. Hispanic , Female , Age: @55 , Hair: Black , Eyes: Brown , Height: 5'7" , Weight: 150 , authorized to accept served under F.R.C.P. Rule 4.

4. *Address where the party was served:* 8050 N Palm Ave STE 300, Fresno, CA 93720

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Jul 12 2021 (2) at: 04:54 PM

6. *Person Who Served Papers:*
   a. Robert Reyes (S200210000003, Fresno County)
   b. **FIRST LEGAL**
      2300 Tulare Street, Suite 130
      FRESNO, CA 93721
   c. (559) 233-1993

   *d. The Fee for Service was:*

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

07/13/2021

*(Date)*

*(Signature)*



**PROOF OF
SERVICE**

*5883850
(8377988)*

# UNITED STATES DISTRICT COURT
for the

### EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
  Ashley Delgado, M.S., 8050 N. Palm Ave., Suite 300, Fresno, CA 93720
  *(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via videoconference at | July 13, 2021 at 10:00am |

  The deposition will be recorded by this method:  stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 12, 2021

  *CLERK OF COURT*

  OR

  /s/ Julie R. Campos

  *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  MasTec Network Solutions, Inc.
, who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)*

on *(date)*         .

    ☐ I served the subpoena by delivering a copy to the named individual as follows:

                                   on *(date)*           ;or

    ☐ I returned the subpoena unexecuted because:

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $                .

My fees are $                 for travel and $             for services, for a total of $

    I declare under penalty of perjury that this information is true.

Date:

                                          *Server's signature*

                                        *Printed name and title*

                                        *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.**

**DEFINITIONS**

A.     The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.     The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.     The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.     Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

1.     The words "and" and "or" shall be construed both disjunctively and conjunctively;

2.     The words "any" and "all" shall be construed to mean "any and all";

3.     The singular shall include the plural; and vice versa;

4.     The words "include(s)" and "including" shall be construed to mean "without limitation"; and

5.     Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.     The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

F.     The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

G.     The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

H.     The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

I.     The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

J.     The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

K.     The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

///

# INSTRUCTIONS

A.    This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.    Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.    Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

        1.    The date the document bears;

        2.    The type of document, whether letter, memorandum, etc.;

        3.    The subject matter of the document;

        4.    The name(s) of the author(s) of the document;

        5.    The name(s) of the recipient(s) of the document;

        6.    The name of each person who received a copy of the document, whether indicated or by blind copy;

        7.    The name and address of the current or most recent custodian of the document; and

        8.    The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.    If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

E.    Any document responsive to any category of this Demand that was, but no longer

is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1. The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2. The date of disposal;

3. The reason for disposal;

4. The person authorizing disposal;

5. The person disposing of the document; and

6. The name, address of the most recent custodian of the document.

F. Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

Exhibit "G"

LITTLER MENDELSON, P.C.
RYAN L. EDDINGS, Bar No. 256519
JULIE R. CAMPOS, Bar No. 314063
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE JR., | Case No. 1:20-cv-0089-AWI-SAB |
| Plaintiff, | **DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF GREGG LEE FOSHEE JR.'S NON-RETAINED EXPERT WITNESS ASHLEY DELGADO, M.A.** |
| v. | |
| MASTEC NETWORK SOLUTIONS, INC., and DOES 1 to 10, | Date: July 23, 2021<br>Time: 10:00 am<br>Location: Via Videoconference |
| Defendants. | Action filed in State Court: 05/04/2020;<br>Fresno County Superior Court Case No. 20CECG01106 |

TO PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant"), through its attorneys of record, will take the deposition of Plaintiff's non-retained expert witness Ashley Delgado, M.A. on July 23, 2021, commencing at 10:00 a.m., via videoconference. The deposition will continue from day to day thereafter, excluding weekends and holidays, until completed, unless otherwise mutually agreed by counsel for the parties.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S AMENDED NOTICE OF DEPO OF
PLAINTIFF GREGG LEE FOSHEE JR.'S NON-
RETAINED EXPERT WITNESS ASHLEY
DELGADO, M.A.

1    Due to restrictions stemming from the COVID-19 pandemic and the
2  California statewide Orders issued by Governor Newsom, this deposition will be
3  conducted **by video conference**, whereby Deponent, Claimant's counsel, Respondents'
4  representative, Respondents' counsel, the court reporter, and the videographer will each
5  separately appear by video. A court reporting services provider will be providing all
6  parties involved with an e-mail containing an internet link that will allow them to
7  download and install applicable video conferencing software prior to the deposition.
8  Each party involved will then be able to use their own respective personal computer
9  (with webcam component) to participate in the video conferenced deposition from their
10  respective homes in compliance with the Governor's Orders.

11    PLEASE TAKE FURTHER NOTICE that the deposition will be taken by
12  a duly-qualified deposition officer who is authorized to administer an oath.  The
13  deposition will be recorded stenographically and by videotape and use instant visual
14  display of testimony, e.g., RealTime and/or LiveNote.  The deposition will be taken for
15  the purpose of cross-examination and for all other purposes and uses authorized by the
16  Federal Rules of Civil Procedure. Defendant reserves the right to introduce the
17  deposition testimony, including any video recording of the deposition testimony, as
18  evidence at the arbitration of this matter.

19    If you require the services of an interpreter, you must advise this office in
20  writing of both the need for the interpreter and the language required no later than five
21  (5) days before the date set for the deposition. If you fail to do so and the deposition is
22  then continued for lack of an interpreter, sanctions will be brought against you.

23    PLEASE TAKE FURTHER NOTICE the deponent is to produce the
24  documents and other tangible things described below three days before the deposition
25  (no later than close of business on July 20, 2021) as well as to bring the originals of
26  same to the deposition, at the time and place indicated above.  Deponent is also
27  requested to provide a current W-9 form as soon as possible for payment of expert
28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

DEF'S AMENDED NOTICE OF DEPO OF
PLAINTIFF GREGG LEE FOSHEE JR.'S NON-
RETAINED EXPERT WITNESS ASHLEY

2.

1  witness fees.  Please email the W-9 form to the following email address:
2  jcampos@littler.com.

### REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

5  Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 2:**

9  Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

11  Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

15  Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

18  Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

20  The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

22  Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

25  Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559 244.7500

DEF'S AMENDED NOTICE OF DEPO OF
PLAINTIFF GREGG LEE FOSHEE JR.'S NON-
RETAINED EXPERT WITNESS ASHLEY

3.

**REQUEST FOR PRODUCTION NO. 9**:

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10**:

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11**:

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12**:

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13**:

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15**:

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

/ / /

LITTLER MENDELSON, P.C.
5200 North 99th Avenue
Suite 312
Fresno, CA 93704.2225
559 244.7500

DEF'S AMENDED NOTICE OF DEPO OF
PLAINTIFF GREGG LEE FOSHEE JR.'S NON-
RETAINED EXPERT WITNESS ASHLEY

4.

1 **REQUEST FOR PRODUCTION NO. 17**:

2     All correspondence of any kind with or relating to Plaintiff

3 **REQUEST FOR PRODUCTION NO. 18**:

4     All records, including electronically stored information, relating to Plaintiff's

5 medical and/or psychological and/or psychiatric histories, complaints, symptoms,

6 examinations, findings, diagnoses, prognoses, treatment, or therapy.

7 **REQUEST FOR PRODUCTION NO. 19**:

8     All documents, including electronically stored information, showing flowsheet

9 data by day, sign-in sheets, color photographs, video tapes, or other written or graphic

10 material pertaining to your treatment of Plaintiff.

11                   *     *     *

12     A true and correct copy of the deposition subpoena is attached hereto as

13 Exhibit A.

14 Dated:     July 13, 2021         LITTLER MENDELSON, P.C.

15

16

17                               By: _____
                                  RYAN L. EDDINGS

18                                   JULIE R. CAMPOS
                                  Attorneys for Defendant

19                                   MASTEC NETWORK
                                  SOLUTIONS, INC.

20

21  4830-8249-9313.1 / 046446-1254

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S AMENDED NOTICE OF DEPO OF
PLAINTIFF GREGG LEE FOSHEE JR.'S NON-
RETAINED EXPERT WITNESS ASHLEY

5.

EXHIBIT "A"

# UNITED STATES DISTRICT COURT

for the

EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Ashley Delgado, M.S., 8050 N. Palm Ave., Suite 300, Fresno, CA 93720
*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via videoconference | July 23, 2021 at 10:00am |

The deposition will be recorded by this method: stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 13, 2021

        *CLERK OF COURT*

                            OR

                                /s/ Julie R. Campos

*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc. , who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*
on *(date)*                                        .

☐ I served the subpoena by delivering a copy to the named individual as follows:


on *(date)*                              ;or

☐ I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                              .

My fees are $                              for travel and $                              for services, for a total of $                              .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*


*Printed name and title*


*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

4811-1845-0929.1 / 046446-1254

American LegalNet, Inc.
www.FormsWorkFlow.com

**ATTACHMENT A**

**TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.**

**DEFINITIONS**

A.     The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.     The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.     The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.     Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

> 1.     The words "and" and "or" shall be construed both disjunctively and conjunctively;
>
> 2.     The words "any" and "all" shall be construed to mean "any and all";
>
> 3.     The singular shall include the plural; and vice versa;
>
> 4.     The words "include(s)" and "including" shall be construed to mean "without limitation"; and
>
> 5.     Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.     The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

      F.      The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

      G.      The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

      H.      The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

      I.      The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

      J.      The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

      K.      The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

///

## INSTRUCTIONS

A.    This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.    Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.    Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

      1.    The date the document bears;

      2.    The type of document, whether letter, memorandum, etc.;

      3.    The subject matter of the document;

      4.    The name(s) of the author(s) of the document;

      5.    The name(s) of the recipient(s) of the document;

      6.    The name of each person who received a copy of the document, whether indicated or by blind copy;

      7.    The name and address of the current or most recent custodian of the document; and

      8.    The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.    If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

///

E.      Any document responsive to any category of this Demand that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1.      The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2.      The date of disposal;

3.      The reason for disposal;

4.      The person authorizing disposal;

5.      The person disposing of the document; and

6.      The name, address of the most recent custodian of the document.

F.      Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

Exhibit "H"

| Attorney or Party without Attorney: JULIE R CAMPOS (#SBN) LITTLER MENDELSON PC 5200 NORTH PALM AVENUE SUITE 302 FRESNO , CA 93704 Telephone No: (559) 244-7500 | | | For Court Use Only |
|---|---|---|---|
| Attorney For: Defendant | Ref. No. or File No.: 046446.1254 | | |
| Insert name of Court, and Judicial District and Branch Court: IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA | | | |
| Plaintiff: GREGG LEE FOSHEE JR Defendant: MASTEC NETWORK SOLUTIONS, INC. | | | |

| PROOF OF SERVICE | Hearing Date: 7/23/2021 | Time: 10:00AM | Dept/Div: | Case Number: 1:20-CV-00890-AWI-SAB |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Subpoena to Testify at a Deposition in a Civil Action

3. a. *Party served:*    ASHLEY DELGADO M.S.
   b. *Person served:*   NANCY DOE, RECEPTIONIST. AUTHORIZED TO ACCEPT. Hispanic , Female , Age: 50'S , Hair: Black , Eyes: Brown , Height: 5'5" , Weight: 150 , authorized to accept served under F.R.C.P. Rule 4.

4. *Address where the party was served:*   8050 N Palm Ave STE 300, Fresno, CA 93711

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed, Jul 14 2021 (2) at: 12:00 PM

6. *Person Who Served Papers:*
   a. Victor Moreno (S201310000022)              d. *The Fee for Service was:*
   b. **FIRST LEGAL**
      2300 Tulare Street, Suite 130
      FRESNO, CA 93721
   c. (559) 233-1993

7. *I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

07/15/2021
*(Date)*                    *(Signature)*

**PROOF OF SERVICE**          *5890499*
*(8378068)*

# UNITED STATES DISTRICT COURT
### for the

### EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Ashley Delgado, M.S., 8050 N. Palm Ave., Suite 300, Fresno, CA 93720
                      *(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via videoconference | July 23, 2021 at 10:00am |

    The deposition will be recorded by this method:  stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 13, 2021

          *CLERK OF COURT*

                             OR

                               /s/ Julie R. Campos

      *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc.
                                   , who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

     I received this subpoena for *(name of individual and title, if any)*
on *(date)*        .

☐ I served the subpoena by delivering a copy to the named individual as follows:

                                                         on *(date)*          ;or

☐ I returned the subpoena unexecuted because:

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$                        .

My fees are $             for travel and $            for services, for a total of $

     I declare under penalty of perjury that this information is true.

Date:                             

                                       *Server's signature*

                                       *Printed name and title*

                                       *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
 **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
 **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
 **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
 **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A

## TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.

### DEFINITIONS

A.    The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.    The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.    The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.    Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

      1.    The words "and" and "or" shall be construed both disjunctively and conjunctively;

      2.    The words "any" and "all" shall be construed to mean "any and all";

      3.    The singular shall include the plural; and vice versa;

      4.    The words "include(s)" and "including" shall be construed to mean "without limitation"; and

      5.    Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.    The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

F.      The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

G.      The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

H.      The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

I.      The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

J.      The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

K.      The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

///

## INSTRUCTIONS

A.     This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.     Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.     Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

    1.     The date the document bears;

    2.     The type of document, whether letter, memorandum, etc.;

    3.     The subject matter of the document;

    4.     The name(s) of the author(s) of the document;

    5.     The name(s) of the recipient(s) of the document;

    6.     The name of each person who received a copy of the document, whether indicated or by blind copy;

    7.     The name and address of the current or most recent custodian of the document; and

    8.     The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.     If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

///

E.    Any document responsive to any category of this Demand that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

    1.    The manner of disposal, including destruction, loss, discarding, or other means of disposal;

    2.    The date of disposal;

    3.    The reason for disposal;

    4.    The person authorizing disposal;

    5.    The person disposing of the document; and

    6.    The name, address of the most recent custodian of the document.

F.    Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

## REQUEST FOR PRODUCTION NO. 12:

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

## REQUEST FOR PRODUCTION NO. 13:

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

## REQUEST FOR PRODUCTION NO. 14:

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

## REQUEST FOR PRODUCTION NO. 15:

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

## REQUEST FOR PRODUCTION NO. 16:

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

## REQUEST FOR PRODUCTION NO. 17:

All correspondence of any kind with or relating to Plaintiff.

## REQUEST FOR PRODUCTION NO. 18:

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

## REQUEST FOR PRODUCTION NO. 19:

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

Exhibit "I"

| | |
|---|---|
| **From:** | George Tihin |
| **To:** | Campos, Julie |
| **Subject:** | RE: Depo subpoena - Foshee v Mastec |
| **Date:** | Thursday, July 15, 2021 9:46:11 AM |
| **Attachments:** | ATT00001.png |
| | ATT00002.png |

Hi Julie,

The short answer, unfortunately, is that the new release you provided does not suffice. Please see below.

Dr. Tihin contacted Mr. Foshee last week to ask whether he was willing to revoke his prior revocation of waiver of patient/psychotherapist privilege. She explained to him that (1) he needs to communicate to her in writing that he is revoking the prior revocation of waiver and (2) he needs to sign the specific non-boilerplate release that she provided to him on Central Valley Family Therapy letterhead.

These are the requirements of the applicable licensing body for marriage and family therapists. Mr. Foshee has not done either of these things. In fact, Mr. Foshee expressly and directly instructed Dr. Tihin to continue to assert patient/psychotherapist privilege.

This is where we stand if Dr. Tihin is to produce documents and provide deposition testimony:

1—Dr. Tihin needs Mr. Foshee to communicate directly to Dr. Tihin in writing that he is revoking his prior revocation of waiver of patient/psychotherapist privilege.
2—Dr. Tihin needs Mr. Foshee to sign the specific non-boilerplate release that was provided to Mr. Foshee on Central Valley Family Therapy letterhead.

Absent the completion of these two written pieces of communication, Dr. Tihin is legally and ethically obligated by the applicable licensing body to continue to assert patient/psychotherapist privilege.

If Mr. Foshee completes these two written pieces of communication, then Dr. Tihin will be permitted to produce documents and, if you still require her deposition testimony, she will be able to provide testimony.

If Mr. Foshee does not complete these two written pieces of communication, then Dr. Tihin will not be permitted to produce documents and she will be obligated to assert patient/psychotherapist privilege at a deposition.

As I indicated in my 7/6/2021 email, Dr. Tihin is willing to assert the privilege on the record at deposition, as long she receives her deposition fee of $500.00 at least two business days prior to the deposition. Also, please make sure to communicate to me potential dates for a deposition prior to scheduling so that an appropriate time can be agreed upon, as Dr. Tihin owns and operates a mental health agency and her availability is limited. That being said, I imagine that, if the written pieces of communication are provided by Mr. Foshee, thereby allowing Dr. Tihin to produce documents, you

might not even need to take her deposition.

Thank you.


George B. Tihin, Esq.
General Counsel
Central Valley Family Therapy
770 E Shaw Ave Suite 230
Fresno, California 93710
Tel: (559) 691-6840 Ext. 114
Fax: (559) 468-6141
Email: George@Centralvalleyfamilytherapy.com

Statement of Confidentiality
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient of this email, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. Please notify the sender of this email of the error and delete the email.

**From:** Campos, Julie <jcampos@littler.com>
**Sent:** Wednesday, July 14, 2021 9:57 AM
**To:** George Tihin <George@centralvalleyfamilytherapy.com>
**Cc:** reddings@littler.com; lhammond@littler.com; jdrudge@littler.com
**Subject:** RE: Depo subpoena - Foshee v Mastec

Hi George,

We've obtained an updated authorization to release medical records from Plaintiff. I've attached a copy here for your records. Please let me know if there is anything further that Dr. Tihin needs in order to produce the requested documents and testify at her deposition.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com



# Littler

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** George Tihin <George@centralvalleyfamilytherapy.com>
**Sent:** Tuesday, July 6, 2021 9:09 AM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** RE: Depo subpoena - Foshee v Mastec

Hi Julie,

Unfortunately, Mr. Foshee has not responded to Dr. Tihin's requests to contact her to advise whether he is willing to withdraw his revocation of authorization to release information. The release you forwarded via email does not supersede Mr. Foshee's revocation of authorization. Therefore, Dr. Tihin is legally and ethically obligated to assert patient-psychotherapist privilege and will do so.

If you would like Dr. Tihin to appear for the deposition to assert patient-psychotherapist privilege, that's fine. She will, of course, need you to provide a check for $500.00 to cover her fee. Please make sure the check is received at least two business days prior to the deposition (which is Monday, July 12).

Provided the check is received by July 12, Dr. Tihin will appear for the deposition; but please keep in mind that she is obligated to assert patient-psychotherapist privilege and will do so.

Thank you.


George B. Tihin, Esq.
General Counsel
Central Valley Family Therapy
770 E Shaw Ave Suite 230
Fresno, California 93710
Tel: (559) 691-6840 Ext. 114
Fax: (559) 468-6141
Email: George@Centralvalleyfamilytherapy.com

Statement of Confidentiality
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient of this email, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. Please notify the sender of this email of the error and delete the email.

**From:** Campos, Julie <jcampos@littler.com>
**Sent:** Monday, June 28, 2021 4:50 PM
**To:** George Tihin <George@centralvalleyfamilytherapy.com>
**Cc:** reddings@littler.com; lhammond@littler.com; jdrudge@littler.com
**Subject:** RE: Depo subpoena - Foshee v Mastec

Hi George,

Thank you for taking a moment to chat. Here is the release that Plaintiff signed in January 2021.

If you are able to provide updated information for Ms. Delgado that would be much appreciated.

Finally, I've attached the email with the link and login information for Dr. Tihin's videoconference deposition.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** George Tihin <george@centralvalleyfamilytherapy.com>
**Sent:** Monday, June 28, 2021 12:46 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Depo subpoena - Foshee v Mastec

## [EXTERNAL E-MAIL]

Hi Jennifer,
I am counsel for Central Valley Family Therapy. You served a depo subpoena on Dr. Melissa Tihin for 7/14/2021 @ 10:00 a.m.
Can you give me a call to discuss?
My cell is (805) 540-9397.
Thanks.

George B. Tihin, Esq.
General Counsel
Central Valley Family Therapy

770 E Shaw Ave Suite 230
Fresno, California 93710
Tel: (559) 691-6840
Fax: (559) 468-6141
Email: George@Centralvalleyfamilytherapy.com

Statement of Confidentiality
This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient of this email, any use, dissemination, forwarding, printing, or copying of this email is strictly prohibited. Please notify the sender of this email of the error and delete the email.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Exhibit "J"

| From: | Campos, Julie |
|---|---|
| To: | Ashley Delgado |
| Cc: | Eddings, Ryan; Hammond, Lisa; Drudge, Jennifer A. |
| Subject: | RE: Deposition Subpoena re Gregg Lee Foshee Jr. |
| Date: | Monday, July 26, 2021 12:56:52 PM |
| Attachments: | image001.png |
| | image002.png |

Hi Ms. Delgado,

I understand that you no longer work for Central Valley Family Therapy ("CVFT"), however you have been identified as an expert in this case by both Mr. Foshee and Defendant MasTec. Mr. Foshee has authorized CVFT to release his medical information. I anticipate that the deposition should only take 1-2 hours.

Please let me know if August 3rd at 10:00am works for you. If not, please provide another date during the week of August 2nd that works for you.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com



Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225
**From:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Sent:** Sunday, July 25, 2021 12:35 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Re: Deposition Subpoena re Gregg Lee Foshee Jr.

Per my statement, I cannot confirm or deny the information that you are requesting. That is my statement and I do not have any information or records to produce. Thank you.

Respectfully,
Ashley Delgado M.S., LMFT 122489

On Fri, Jul 23, 2021 at 9:51 AM Campos, Julie <jcampos@littler.com> wrote:

Good morning Ms. Delgado,

Thank you for your response below. We still need you to appear for your deposition, and produce any of the requested records which are in your possession.

We'd like to reschedule your deposition for August 3rd at 10:00 am. Does this date and time work for you? If not, is there a date during the week of August 2nd that works for you?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

**Littler**

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Sent:** Thursday, July 22, 2021 7:27 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Re: Deposition Subpoena re Gregg Lee Foshee Jr.

## [EXTERNAL E-MAIL]

Dear Ms. Campos,

My name is Ashley Delgado and I was informed as of 7/12/2021 that a subpoena was being given to me regarding this case. I attempted to reach you last week to give my response but I believe the email bounced. Since then I have recieved another request and I would like to reply with this statement.

I, Ashley Delgado, cannot confirm nor deny that Gregg Foshee was a client at Central Valley Family Therapy. Secondly, I, Ashley Delgado, am no longer an employee at Central Valley Family Therapy, therefore I cannot speak on the agency's behalf nor produce any records or documentation on their behalf. Thank you.

Respectfully,

Ashley Delgado
Licensed Marriage and Family Therapist No. 122489

On Thu, Jul 22, 2021, 3:32 PM Campos, Julie <jcampos@littler.com> wrote:

Hi Ms. Delgado,

I just tried giving you a call but got your voicemail. I am one of the attorneys representing MasTec in relation to the deposition subpoena that we served on you last week regarding Gregg Lee Foshee Jr. The deposition is going to be rescheduled, so you do not need to appear tomorrow morning (July 23rd). We will send out a new subpoena with a new date and time.

We are currently looking at rescheduling your deposition for August 3rd. Does this date work for you? If not, is there a date during the week of August 2nd that works for you?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

--------------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are

not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

Exhibit "K"

LITTLER MENDELSON, P.C.
RYAN L. EDDINGS, Bar No. 256519
JULIE R. CAMPOS, Bar No. 314063
5200 North Palm Avenue, Suite 302
Fresno, CA 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525

Attorneys for Defendant
MASTEC NETWORK SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE JR., | Case No. 1:20-cv-0089-AWI-SAB |
| Plaintiff, | **DEFENDANT MASTEC NETWORK SOLUTIONS, INC.'S SECOND AMENDED NOTICE OF DEPOSITION OF PLAINTIFF GREGG LEE FOSHEE JR.'S NON-RETAINED EXPERT WITNESS ASHLEY DELGADO, M.A.** |
| v. | |
| MASTEC NETWORK SOLUTIONS, INC., and DOES 1 to 10, | |
| Defendants. | Date: August 3, 2021<br>Time: 10:00 am<br>Location: Via Videoconference |
| | Action filed in State Court: 05/04/2020;<br>Fresno County Superior Court Case No. 20CECG01106 |

TO PLAINTIFF, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant MASTEC NETWORK SOLUTIONS, INC. ("Defendant"), through its attorneys of record, will take the deposition of Plaintiff's non-retained expert witness Ashley Delgado, M.A. on August 3, 2021, commencing at 10:00 a.m., via videoconference. The deposition will continue from day to day thereafter, excluding weekends and holidays, until completed, unless otherwise mutually agreed by counsel for the parties.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S SECOND AMENDED NOTICE OF
DEPO OF PLAINTIFF GREGG LEE FOSHEE
JR.'S NON-RETAINED EXPERT WITNESS
ASHLEY DELGADO, M.A.

1   Due to restrictions stemming from the COVID-19 pandemic and the
2   California statewide Orders issued by Governor Newsom, this deposition will be
3   conducted **by video conference**, whereby Deponent, Claimant's counsel, Respondents'
4   representative, Respondents' counsel, the court reporter, and the videographer will each
5   separately appear by video. A court reporting services provider will be providing all
6   parties involved with an e-mail containing an internet link that will allow them to
7   download and install applicable video conferencing software prior to the deposition.
8   Each party involved will then be able to use their own respective personal computer
9   (with webcam component) to participate in the video conferenced deposition from their
10  respective homes in compliance with the Governor's Orders.

11  PLEASE TAKE FURTHER NOTICE that the deposition will be taken by
12  a duly-qualified deposition officer who is authorized to administer an oath. The
13  deposition will be recorded stenographically and by videotape and use instant visual
14  display of testimony, e.g., RealTime and/or LiveNote. The deposition will be taken for
15  the purpose of cross-examination and for all other purposes and uses authorized by the
16  Federal Rules of Civil Procedure. Defendant reserves the right to introduce the
17  deposition testimony, including any video recording of the deposition testimony, as
18  evidence at the arbitration of this matter.

19  If you require the services of an interpreter, you must advise this office in
20  writing of both the need for the interpreter and the language required no later than five
21  (5) days before the date set for the deposition. If you fail to do so and the deposition is
22  then continued for lack of an interpreter, sanctions will be brought against you.

23  PLEASE TAKE FURTHER NOTICE the deponent is to produce the
24  documents and other tangible things described below three days before the deposition
25  (no later than close of business on August 1, 2021) as well as to bring the originals of
26  same to the deposition, at the time and place indicated above. Deponent is also
27  requested to provide a current W-9 form as soon as possible for payment of expert
28  ///

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

DEF'S SECOND AMENDED NOTICE OF
DEPO OF PLAINTIFF GREGG LEE FOSHEE        2.
JR.'S NON-RETAINED EXPERT WITNESS

witness fees.   Please email the W-9 form to the following email address: jcampos@littler.com.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

DEF'S SECOND AMENDED NOTICE OF
DEPO OF PLAINTIFF GREGG LEE FOSHEE
JR.'S NON-RETAINED EXPERT WITNESS                3.

**REQUEST FOR PRODUCTION NO. 9**:

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10**:

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11**:

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12**:

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13**:

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14**:

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15**:

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16**:

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

/ / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

DEF'S SECOND AMENDED NOTICE OF
DEPO OF PLAINTIFF GREGG LEE FOSHEE
JR.'S NON-RETAINED EXPERT WITNESS

4.

**REQUEST FOR PRODUCTION NO. 17**:

All correspondence of any kind with or relating to Plaintiff

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining to your treatment of Plaintiff.

*   *   *

A true and correct copy of the deposition subpoena is attached hereto as Exhibit A.

Dated:     July 27, 2021             LITTLER MENDELSON, P.C.

By: _____
RYAN L. EDDINGS
JULIE R. CAMPOS
Attorneys for Defendant
MASTEC NETWORK
SOLUTIONS, INC.

4828-4093-3619.1 / 046446-1254

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

DEF'S SECOND AMENDED NOTICE OF
DEPO OF PLAINTIFF GREGG LEE FOSHEE
JR.'S NON-RETAINED EXPERT WITNESS                5.

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## for the

### EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Ashley Delgado, M.S., 8050 N. Palm Ave., Suite 300, Fresno, CA 93720

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via videoconference | August 3, 2021 at 10:00am |

    The deposition will be recorded by this method:   stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 27, 2021

        *CLERK OF COURT*

                              OR

| | |
|---|---|
| | /s/ Julie R. Campos |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc. _____, who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

4836-9467-1091.1 / 046446-1254

American LegalNet, Inc.
www.FormsWorkFlow.com

**TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.**

**DEFINITIONS**

A.      The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.      The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.      The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.      Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

1.      The words "and" and "or" shall be construed both disjunctively and conjunctively;

2.      The words "any" and "all" shall be construed to mean "any and all";

3.      The singular shall include the plural; and vice versa;

4.      The words "include(s)" and "including" shall be construed to mean "without limitation"; and

5.      Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.      The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

F. The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

G. The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

H. The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

I. The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

J. The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

K. The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

///

## INSTRUCTIONS

A.    This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.    Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.    Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

1.    The date the document bears;

2.    The type of document, whether letter, memorandum, etc.;

3.    The subject matter of the document;

4.    The name(s) of the author(s) of the document;

5.    The name(s) of the recipient(s) of the document;

6.    The name of each person who received a copy of the document, whether indicated or by blind copy;

7.    The name and address of the current or most recent custodian of the document; and

8.    The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.    If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

*///*

E.     Any document responsive to any category of this Demand that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1.     The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2.     The date of disposal;

3.     The reason for disposal;

4.     The person authorizing disposal;

5.     The person disposing of the document; and

6.     The name, address of the most recent custodian of the document.

F.     Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

Exhibit "L"

| Attorney or Party without Attorney:<br>JULIE R. CAMPOS (#SBN 314063)<br>LITTLER MENDELSON PC<br>5200 NORTH PALM AVENUE SUITE 302<br>FRESNO, CA 93704<br>  Telephone No: (559) 244-7500 | | For Court Use Only |
|---|---|---|
|   Attorney For: Defendant | Ref. No. or File No.: | |
| Insert name of Court, and Judicial District and Branch Court:<br>IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA | | |
| Plaintiff: GREGG LEE FOSHEE JR<br>Defendant: MASTEC NETWORK SOLUTIONS, INC. | | |

| PROOF OF SERVICE | Hearing Date:<br>08/03/2021 | Time:<br>10:00 AM | Dept/Div: | Case Number:<br>1:20-CV-00890-AWI-SAB |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

3. a.  Party served:    ASHLEY DELGADO, M.S.
   b.  Person served:   NANCY DOE, RECEPTIONIST. AUTHORIZED TO ACCEPT. Hispanic , Female , Age: 50'S , Hair: Black , Eyes: Brown , Height: 5'3" , Weight: 150

4. Address where the party was served:   8050 NORTH PALM AVENUE SUITE 300, FRESNO, CA 93720

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu, Jul 29 2021 (2) at: 03:16 PM
   b. Witness fee: $40.00

6. Person Who Served Papers:
   a. Victor Moreno (S201310000022)
   b. FIRST LEGAL
      2300 Tulare Street, Suite 130
      FRESNO, CA 93721
   c. (559) 233-1993

   d. The Fee for Service was:

7. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

07/29/2021
_____
(Date)

_____
(Signature)



**PROOF OF
SERVICE**

*5942153*
*(8378635)*

# UNITED STATES DISTRICT COURT
### for the

### EASTERN DISTRICT

| | | |
|---|---|---|
| GREGG LEE FOSHEE JR. | ) | |
| *Plaintiff* | ) | Civil Action No. 1:20-CV-00890-AWI- |
| v. | ) | SAB |
| | ) | |
| MASTEC NETWORK SOLUTIONS, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
    Ashley Delgado, M.S., 8050 N. Palm Ave., Suite 300, Fresno, CA 93720

*(Name of person to whom this subpoena is directed)*

☒ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via videoconference | August 3, 2021 at 10:00am |

    The deposition will be recorded by this method:   stenographically and by videotape

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 27, 2021

            **CLERK OF COURT**

                        OR

| | |
|---|---|
| _____ | /s/ Julie R. Campos |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* MasTec Network Solutions, Inc. _____, who issues or requests this subpoena, are:

Julie R. Campos 5200 N. Palm Ave., Fresno, CA 93704, (559) 244-7500, jcampos@littler.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

Civil Action No. 1:20-CV-00890-AWI-SAB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ;or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                          _____
                                                    *Printed name and title*

                                          _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:


American LegalNet, Inc.
www.FormsWorkFlow.com

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

4836-9467-1091.1 / 046446-1254

American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A

## TO DEPOSITION SUBPOENA OF ASHLEY DELGADO, M.A.

## DEFINITIONS

A.    The terms "YOU" or "YOUR" shall refer to Ashley Delgado, M.A., her staff, her employees, colleagues at Central Valley Family Therapy, representatives, agents, investigators, teaching assistants, administrative assistants, research assistants, interns, or any other person acting on his behalf.

B.    The term "DEFENDANT" shall refer collectively to Defendant MASTEC NETWORK SOLUTIONS, INC. that has been named as Defendant in this Action.

C.    The term "PERSON" includes a natural person, firm, association, organization, partnership, business, corporation, and/or public entity.

D.    Whenever it is necessary to bring within the scope of this document demand (hereinafter the "Demand") documents that might otherwise be construed to be outside its scope:

1.    The words "and" and "or" shall be construed both disjunctively and conjunctively;

2.    The words "any" and "all" shall be construed to mean "any and all";

3.    The singular shall include the plural; and vice versa;

4.    The words "include(s)" and "including" shall be construed to mean "without limitation"; and

5.    Any feminine pronoun shall be deemed to include the masculine or the neuter, and vice versa, as may be appropriate.

E.    The term "DOCUMENT" or "DOCUMENTS AND THINGS" as used herein shall mean all writings, regardless of origin or location, of any kind, including, but not limited to, books, records, letters, telegrams, memoranda, electronic mail, voice-mail messages, reports, draft reports, studies, speeches, calendars or diary entries, minutes, pamphlets, handwritten notes, charts, tabulations, data compilations, photographs, audiotapes and/or videotapes of conferences, and telephone or other conversations or communications in YOUR actual or constructive

possession, custody or control. The term "DOCUMENT" or "DOCUMENTS AND THINGS" also includes reproductions or film impressions of any of the aforementioned writings, tape recordings, documents stored on computer hard disks, floppy disks, tape back-up, or in any computer or electronic information storage device, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and including all tangible printouts of information stored in any computer, word processor, server, internet, or electronic information storage device, including printouts of e-mails, and copies of DOCUMENTS which are not identical duplicates of the originals, and copies of all DOCUMENTS of which the originals are not in YOUR possession, custody, or control.

      F.     The terms "CONCERNING," "RELATE TO" or "RELATING TO" means in any way directly or indirectly, concerning, referring to, pertaining to, reflecting, mentioning, discussing, describing, disclosing, consisting, confirming, supporting or evidencing the subject matter of the request.

      G.     The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to all oral, written and/or symbolic means of communication, including but not limited to, wireless text or SMS messages, spoken words, letters, telegrams, telexes, mailgrams, facsimile transmissions, electronic-mail, wires, memoranda, notes, cards, the like, and drafts of the like.

      H.     The term "COMPLAINT" as used herein shall refer to the Complaint filed by Claimant in the above-captioned matter.

      I.     The term "EXPERT REPORTS" shall refer to all reports YOU submitted in this LAWSUIT.

      J.     The term "LAWSUIT" shall mean the lawsuit entitled *Gregg Lee Foshee Jr. v. MasTec Network Solutions, Inc.* pending in the United States District Court Eastern District of California, Case No. 1:20-cv-00890-AWI-SAB.

      K.     The term "PLAINTIFF" shall mean Plaintiff Gregg Lee Foshee Jr., the plaintiff in this Action.

*///*

## INSTRUCTIONS

A.    This Demand requires that YOU make available for inspection and copying each responsive document or tangible thing that is within YOUR actual or constructive possession, custody or control, including documents that YOU have a right to secure from any other source. These sources include, but are not limited to, YOUR agents, attorneys, accountants, consultants, advisors or other persons acting or purporting to act on YOUR behalf.

B.    Each Request in this Demand seeks production of each responsive document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.    Any document responsive to any category of this Demand that is withheld from production shall be identified with the following information:

      1.    The date the document bears;

      2.    The type of document, whether letter, memorandum, etc.;

      3.    The subject matter of the document;

      4.    The name(s) of the author(s) of the document;

      5.    The name(s) of the recipient(s) of the document;

      6.    The name of each person who received a copy of the document, whether indicated or by blind copy;

      7.    The name and address of the current or most recent custodian of the document; and

      8.    The extent, and specific ground(s) for, each objection to production and, in particular, the nature of any privilege claimed as to the document and all facts upon which the assertion of privilege is based.

D.    If only portions of an otherwise responsive document contain information subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted from the document, and the rest of the document shall be produced.

///

E.   Any document responsive to any category of this Demand that was, but no longer is, in YOUR possession, custody or control, whether actual or constructive, shall be described as completely as possible, and the following information shall be provided:

1.   The manner of disposal, including destruction, loss, discarding, or other means of disposal;

2.   The date of disposal;

3.   The reason for disposal;

4.   The person authorizing disposal;

5.   The person disposing of the document; and

6.   The name, address of the most recent custodian of the document.

F.   Defendant requests that data be produced in pipe delimited format, and documents and other ESI be produced in the form of black-and-white, single-page, 300-dpi TIF images, accompanied by individual extracted-text text files for each item being produced, and a load file with the following metadata fields (where available/applicable): Production Beg Num; Production End Num; Production Beg Attach; Production End Attach; Custodian; Original Folder Name/File-path; Confidentiality Designation; MD5 Hash; Message To; Message From; Message CC; Message BCC; Message Date Sent (Date-Time Sent); Message Subject; Attachment Count; File Name; File Extension; File Date Created; File Date Modified; and Native Link (file-path and file-name indicating where natively-produced exceptions – Excels, PowerPoints, audio/video content – are located within the production).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Any and all documents and tangible things, including, but not limited to letters, notes, reports, depositions, pleadings, brochures, memoranda, work sheets, charts and records received by them or prepared by them in the above-captioned litigation.

### REQUEST FOR PRODUCTION NO. 2:

Any and all reports prepared regarding the above captioned litigation.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs, videotapes, moving pictures or computer graphics and negatives, whether taken or prepared by them or someone else, or any other item of evidence or demonstration of other matter involved in the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all treatises, resources, or other documents and computer information relied upon in formulating any opinions.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all test data or test results concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 6:**

The complete file of each expert, including any notes.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all physical items, materials, substances or real evidence in their custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all other materials, of whatever type, in said expert witnesses possession pertaining to and in connection with each expert witnesses consultations, investigation, opinions, and conclusions concerning the above-captioned litigation or any other litigation whether experts rendered opinions for plaintiffs.

**REQUEST FOR PRODUCTION NO. 9:**

Each experts resume/curriculum vitae.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents and information pertaining to any other materials which have been read, reviewed, consulted, seen or used by each expert witness in connection with his consultations, investigation, opinions and conclusions concerning the above-captioned litigation.

**REQUEST FOR PRODUCTION NO. 11:**

Each experts fee agreement with Plaintiff.

**REQUEST FOR PRODUCTION NO. 12:**

All reports and/or writings which refer or relate to conversations, meetings, or communications you have had with Plaintiff or Plaintiff's counsel in this matter

**REQUEST FOR PRODUCTION NO. 13:**

A list of all cases in which each expert has testified in court in the last five (5) years, including the jurisdiction and case number and, whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 14:**

A list of all cases in which each expert has given a deposition in the last five (5) years, including the jurisdiction and case number and whether the witnesses testified for the plaintiff or defendant.

**REQUEST FOR PRODUCTION NO. 15:**

All writings which evidence, refer or relate to any time spent and amounts billed, either by you or anyone else on your behalf.

**REQUEST FOR PRODUCTION NO. 16:**

All records, including electronically stored information relating to patient's medical histories, complaints, symptoms, examinations, findings, diagnosis or prognosis and billing records.

**REQUEST FOR PRODUCTION NO. 17:**

All correspondence of any kind with or relating to Plaintiff.

**REQUEST FOR PRODUCTION NO. 18:**

All records, including electronically stored information, relating to Plaintiff 's medical and/or psychological and/or psychiatric histories, complaints, symptoms, examinations, findings, diagnoses, prognoses, treatment, or therapy.

**REQUEST FOR PRODUCTION NO. 19:**

All documents, including electronically stored information, showing flowsheet data by day, sign-in sheets, color photographs, video tapes, or other written or graphic material pertaining

to your treatment of Plaintiff.

4819-1843-8358.1 052796.1007

4851-6747-5184.1 / 046446-1254

Exhibit "M"

| | |
|---|---|
| **From:** | Campos, Julie |
| **To:** | Ashley Delgado |
| **Cc:** | Eddings, Ryan; Hammond, Lisa; Drudge, Jennifer A. |
| **Subject:** | RE: Deposition Subpoena re Gregg Lee Foshee Jr. |
| **Date:** | Thursday, July 29, 2021 4:09:52 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | 2021-07-27 Second Amended Subpoena to Testify At A Deposition to Ashley Delgado M.S. 4849-6541-7204 1.pdf |

Trying one more time. Here is a copy of the subpoena that was served on you.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Thursday, July 29, 2021 4:07 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge, Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

My apologies. The subpoena was not attached to my last email. Here is a copy of the subpoena that was served on you.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Thursday, July 29, 2021 4:05 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge,
Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

Hi Ms. Delgado,

Please find attached a copy of the subpoena that has been served on you. Your deposition is set for
**August 3, 2021 at 10:00 am** via videoconference. Here is the link for the videoconference:

https://proceedings.veritext.com/?token=0de50657ce150044b3c4d2f1854a9549

Login instructions are also in the attached email.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Monday, July 26, 2021 12:57 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge,
Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

Hi Ms. Delgado,

I understand that you no longer work for Central Valley Family Therapy ("CVFT"), however you have been identified as an expert in this case by both Mr. Foshee and Defendant MasTec. Mr. Foshee has authorized CVFT to release his medical information. I anticipate that the deposition should only take 1-2 hours.

Please let me know if August 3rd at 10:00am works for you. If not, please provide another date during the week of August 2nd that works for you.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225
**From:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Sent:** Sunday, July 25, 2021 12:35 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Re: Deposition Subpoena re Gregg Lee Foshee Jr.

Per my statement, I cannot confirm or deny the information that you are requesting. That is my statement and I do not have any information or records to produce. Thank you.

Respectfully,
Ashley Delgado M.S., LMFT 122489

On Fri, Jul 23, 2021 at 9:51 AM Campos, Julie <jcampos@littler.com> wrote:

Good morning Ms. Delgado,

Thank you for your response below. We still need you to appear for your deposition, and produce any of the requested records which are in your possession.

We'd like to reschedule your deposition for August 3rd at 10:00 am. Does this date and time work for you? If not, is there a date during the week of August 2nd that works for you?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Sent:** Thursday, July 22, 2021 7:27 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Re: Deposition Subpoena re Gregg Lee Foshee Jr.

## [EXTERNAL E-MAIL]

Dear Ms. Campos,

My name is Ashley Delgado and I was informed as of 7/12/2021 that a subpoena was being given to me regarding this case. I attempted to reach you last week to give my response but I believe the email bounced. Since then I have recieved another request and I would like to reply with this statement.

I, Ashley Delgado, cannot confirm nor deny that Gregg Foshee was a client at Central Valley Family Therapy. Secondly, I, Ashley Delgado, am no longer an employee at Central Valley Family Therapy, therefore I cannot speak on the agency's behalf nor produce any records or documentation on their behalf. Thank you.

Respectfully,

Ashley Delgado
Licensed Marriage and Family Therapist No. 122489

On Thu, Jul 22, 2021, 3:32 PM Campos, Julie <jcampos@littler.com> wrote:

Hi Ms. Delgado,

I just tried giving you a call but got your voicemail. I am one of the attorneys representing MasTec in relation to the deposition subpoena that we served on you last week regarding Gregg Lee Foshee Jr. The deposition is going to be rescheduled, so you do not need to appear tomorrow morning (July 23rd). We will send out a new subpoena with a new date and time.

We are currently looking at rescheduling your deposition for August 3rd. Does this date work for you? If not, is there a date during the week of August 2nd that works for you?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

Exhibit "N"

| From: | Campos, Julie |
|---|---|
| To: | "Ashley Delgado" |
| Cc: | Eddings, Ryan; Hammond, Lisa; Drudge, Jennifer A. |
| Subject: | RE: Deposition Subpoena re Gregg Lee Foshee Jr. |
| Date: | Tuesday, August 3, 2021 10:10:44 AM |
| Attachments: | Veritext Virtual Invitation Foshee Jr Gregg L v. Mastec Network Solutions Inc. 832021 4740234 Ashley Delgado M.A..msg |
| | image001.png |
| | image002.png |

Good morning Ms. Delgado,

As noted below, your deposition is scheduled for this morning beginning at 10:00 am PT via videoconference. We do not see you on the videoconference yet. Please let me know if you are having trouble connecting.

I've attached the link to the videoconference again for your reference.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Thursday, July 29, 2021 4:10 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge, Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

Trying one more time. Here is a copy of the subpoena that was served on you.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

**Littler**

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Thursday, July 29, 2021 4:07 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge,
Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

My apologies. The subpoena was not attached to my last email. Here is a copy of the subpoena that
was served on you.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

**Littler**

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Thursday, July 29, 2021 4:05 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge,
Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

Hi Ms. Delgado,

Please find attached a copy of the subpoena that has been served on you. Your deposition is set for **August 3, 2021 at 10:00 am** via videoconference. Here is the link for the videoconference:

https://proceedings.veritext.com/?token=0de50657ce150044b3c4d2f1854a9549

Login instructions are also in the attached email.

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com

# Littler

Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Campos, Julie
**Sent:** Monday, July 26, 2021 12:57 PM
**To:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Cc:** Eddings, Ryan <REddings@littler.com>; Hammond, Lisa <LHammond@littler.com>; Drudge, Jennifer A. <JDrudge@littler.com>
**Subject:** RE: Deposition Subpoena re Gregg Lee Foshee Jr.

Hi Ms. Delgado,

I understand that you no longer work for Central Valley Family Therapy ("CVFT"), however you have been identified as an expert in this case by both Mr. Foshee and Defendant MasTec. Mr. Foshee has authorized CVFT to release his medical information. I anticipate that the deposition should only take 1-2 hours.

Please let me know if August 3rd at 10:00am works for you. If not, please provide another date during the week of August 2nd that works for you.

Thanks,

Julie

Julie Campos

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225
**From:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Sent:** Sunday, July 25, 2021 12:35 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Re: Deposition Subpoena re Gregg Lee Foshee Jr.

Per my statement, I cannot confirm or deny the information that you are requesting. That is my
statement and I do not have any information or records to produce. Thank you.

Respectfully,
Ashley Delgado M.S., LMFT 122489

On Fri, Jul 23, 2021 at 9:51 AM Campos, Julie <jcampos@littler.com> wrote:

Good morning Ms. Delgado,

Thank you for your response below. We still need you to appear for your deposition, and produce
any of the requested records which are in your possession.

We'd like to reschedule your deposition for August 3rd at 10:00 am. Does this date and time work
for you? If not, is there a date during the week of August 2nd that works for you?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

**From:** Ashley Delgado <ashleydelgadolmft@gmail.com>
**Sent:** Thursday, July 22, 2021 7:27 PM
**To:** Campos, Julie <JCampos@littler.com>
**Subject:** Re: Deposition Subpoena re Gregg Lee Foshee Jr.

# [EXTERNAL E-MAIL]

Dear Ms. Campos,

My name is Ashley Delgado and I was informed as of 7/12/2021 that a subpoena was being given to me regarding this case. I attempted to reach you last week to give my response but I believe the email bounced. Since then I have recieved another request and I would like to reply with this statement.

I, Ashley Delgado, cannot confirm nor deny that Gregg Foshee was a client at Central Valley Family Therapy. Secondly, I, Ashley Delgado, am no longer an employee at Central Valley Family Therapy, therefore I cannot speak on the agency's behalf nor produce any records or documentation on their behalf. Thank you.

Respectfully,

Ashley Delgado
Licensed Marriage and Family Therapist No. 122489

On Thu, Jul 22, 2021, 3:32 PM Campos, Julie <jcampos@littler.com> wrote:

Hi Ms. Delgado,

I just tried giving you a call but got your voicemail. I am one of the attorneys representing MasTec in relation to the deposition subpoena that we served on you last week regarding Gregg Lee Foshee Jr. The deposition is going to be rescheduled, so you do not need to appear tomorrow morning (July 23rd). We will send out a new subpoena with a new date and time.

We are currently looking at rescheduling your deposition for August 3rd. Does this date work for you? If not, is there a date during the week of August 2nd that works for you?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com


Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

Exhibit "O"

1                    UNITED STATES DISTRICT COURT

2                   EASTERN DISTRICT OF CALIFORNIA

3                        _____

4

5        GREGG LEE FOSHEE, JR.,            )
                                           )
6                 Plaintiff,               )
                                           )
7             vs.                          ) No. 1:20-cv-0089-AWI-SAB
                                           )
8        MASTEC NETWORK SOLUTIONS,         )
         INC., and DOES 1 to 10,           )
9                                          )
                  Defendants.              )
10       _____)

11

12

13

14                  CERTIFICATE OF NONAPPEARANCE

15                    RE THE DEPOSITION OF

16                       ASHLEY DELGADO

17                    (Remote Proceeding)

18                  Tuesday, August 3, 2021

19                    Fresno, California

20

21

22

23

24

25       Reported by:  Sandra L. Edmonson, CSR No. 7704, RDR, CRR, CRC

                                                              Page 1

```
1                    APPEARANCES
2          (All parties appearing remotely)
3

4
5   For Plaintiff Gregg Lee Foshee, Jr.:
6           LYON LAW FIRM
            BY:  MAZEM KHATIB, ESQ.
7                (Specially appearing)
            3605 Long Beach Boulevard
8           Suite 311
            Long Beach, California  90807
9           (562)426-2112
            mazem.khatib@calemploymentattorneys.com
10
11
    For Defendant MasTec Network Solutions, Inc.:
12
            LITTLER MENDELSON, P.C.
13          BY:  JULIE R. CAMPOS, ESQ.
            5200 North Palm Avenue
14          Suite 302
            Fresno, California  93704
15          (559)244-7500
            jcampos@littler.com
16
            MASTEC IN-HOUSE COUNSEL
17          BY:  SYLVIA YANES, ESQ.
18
19
20
21
22
23
24
25

                                      Page 2
```

```
 1                        I   N   D   E   X

 2

 3     STATEMENT BY                                    PAGE

 4

 5     MS.  CAMPOS                                        4

 6

 7

 8

 9

10

11

12                 **EXHIBITS WERE NOT MARKED**

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Wood & Randall, A Veritext Company
661-395-1050

```
1   STATE OF CALIFORNIA )
                        ) ss.
2   COUNTY OF KERN      )

3

4        I, Sandra L. Edmonson, a Certified Shorthand
5   Reporter in the State of California, holding Certificate
6   No. 7704, do hereby certify:
7        That pursuant to notice, the deposition of
8   Ashley Delgado was scheduled to take place at 10:00 a.m.
9   on the 3rd day of August, 2021, via virtual Zoom;
10       That at the time and the hour above set forth,
11  I appeared via virtual Zoom;
12       That at the hour of 10:21 a.m., it was evident
13  that no appearance would be made by Ashley Delgado, and
14  having been notified to that effect by Ms. Campos,
15  Attorney for the Defendant, I departed without having
16  taken the deposition of the witness or proceedings
17  relative to the same except as follows:
18       MS. CAMPOS:  All right.  It is 10:21, and
19  Defendant has served Ms. Delgado with a subpoena and
20  emailed her multiple times to let her know her
21  deposition was this morning at ten o'clock a.m.
22       I sent her another email this morning at
23  10:11 a.m. letting her know we did not see her on the
24  call yet and asking if she had any connection issues.
25       At this time, I have not heard any response
```

Page 4

1    from her, so we are noting her nonappearance on the

2    record.

3                           ---o0o---

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                    Page 5

```
1    STATE OF CALIFORNIA    )
                            )   ss.
2    COUNTY OF KERN         )

3

4

5         I, Sandra L. Edmonson, a Certified Shorthand

6    Reporter for the State of California, hereby certify that I

7    was present and reported in stenotype all the proceedings

8    in the foregoing-entitled matter; and I further certify

9    that the foregoing is a full, true, and correct statement

10   of such proceedings and a full, true, and correct

11   transcript of my stenotype notes thereof.

12        Dated at Bakersfield, California, on Saturday,

13   August 7, 2021.

14

15

16

                    Sandra L. Edmonson

17                  Sandra L. Edmonson, CSR No. 7704

18

19

20

21

22

23

24

25

                                                    Page 6
```

Exhibit "P"

| From: | Geoffrey Lyon |
| --- | --- |
| To: | Campos, Julie |
| Cc: | Qianxi Loo; Joseph Briggs; Eddings, Ryan |
| Subject: | RE: Foshee v. MasTec |
| Date: | Friday, August 27, 2021 11:29:44 AM |
| Attachments: | image001.png |
| | image002.png |

no

Best regards,

**Geoffrey C. Lyon**

**Lyon Law** T 562-426-2112; 3605 Long Beach Blvd Ste 311, Long Beach CA 90807-4025;
EmploymentAttorneyCalifornia.com. If you are not the intended recipient please destroy this email and attachments as it may
contain attorney-client privileged or attorney work-product information. No tax advice is intended by this email

**From:** Campos, Julie <JCampos@littler.com>
**Sent:** Friday, August 27, 2021 11:28 AM
**To:** Geoffrey Lyon <glyon@lyonlawyer.com>
**Cc:** Qianxi Loo <reception@lyonlawyer.com>; Joseph Briggs <jbriggs@lyonlawyer.com>; Eddings,
Ryan <REddings@littler.com>
**Subject:** Foshee v. MasTec

CAUTION: [Email Received From External Source]

Hi Geoffrey,

As you know, Defendant intends to file a motion to compel the deposition of Ashley Delgado since
she failed to appear at her deposition on August 3, 2021 pursuant to Defendant's subpoena. Does
Plaintiff have any objection to Defendant's motion?

Thanks,

Julie

**Julie Campos**
Attorney at Law
559.244.7549 direct, 408.910.8688 mobile
JCampos@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
5200 North Palm Avenue, Suite 302, Fresno, CA 93704-2225

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.