# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGG LEE FOSHEE JR., | Case No. 1:20-cv-00890-AWI-SAB |
| Plaintiff, | ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION TO SHORTEN TIME AND DENYING DEFENDANT'S MOTION TO COMPEL NON-RETAINED EXPERT'S DEPOSITION |
| v. | |
| MASTEC NETWORK SOLUTIONS, INC., | |
| Defendant. | (ECF Nos. 42, 43, 44, 45, 46, 47, 48, 49, 50) |

On October 15, 2021, Defendant filed a motion to compel non-retained expert Ashley Delgado's ("Delgado") appearance at a deposition, along with an *ex parte* application to shorten the time to hear such motion, and supporting materials. (ECF Nos. 42, 43, 44, 45, 46, 47, 48, 49, 50.) Defendant requests the motion be set for October 20, 2021, or five (5) calendar days from the date of the filing of the application. (ECF No. 47.) Defendant proffers that good cause exists to shorten the time to hear the motion to compel because: (1) the expert discovery deadline expires on October 28, 201; (2) the Court informed Defendant at an informal discovery conference held on September 29, 2021, that an application to shorten time could be filed; and (3) Plaintiff has agreed to allow for the shortened time. (ECF No. 47 at 2.)

On review of the filings, it appears that Delgado failed to appear at a deposition on August 3, 2021, after Defendant encountered difficulties in completing service and in scheduling alternative dates in June and July of 2021. (ECF No. 43 at 2-5.) The second amended deposition

1

subpoena setting the August 3, 2021 deposition was served on Delgado on July 29, 2021. (ECF No. 45 at 4.) After the August 3, 2021 nonappearance, there is no other description of diligence to confer with Delgado or move toward compelling the deposition until August 27, 2021, when Defense counsel conferred with Plaintiff's counsel regarding an intention to file a motion to compel the deposition of Delgado. (Id.) There appears to be no further description in the filings of what occurred after August 27, 2021, or any communication with Delgado. On September 24, 2021, a joint informal discovery dispute letter brief was filed concerning the subject matter of this motion to compel. (ECF No. 26.) On September 29, 2021, the Court held an informal conference. (ECF No. 31.) At the conference, the Court advised Defendant that because the subject of the discovery dispute was a nonparty, a motion to compel would be required to compel the nonparty's appearance at the deposition, and such compulsion could not be accomplished through the informal discovery dispute process, which is reserved for parties, and based on consent. The Court also advised Defendant that an application to shorten time would be entertained by the Court, if necessary.

Now before the Court is the application to shorten time, filed sixteen (16) days after the informal conference, and only five (5) calendar days before the requested hearing date. The Court does not find Defendant has shown the diligence required to establish good cause to shorten the time given this lapse, and given the proposed hearing date is only five days from filing. The Court additionally finds the motion to compel to be untimely. As the parties were advised on August 19, 2020, when the scheduling order was issued:

> All expert discovery, including motions to compel, shall be completed no later than [the expert discovery deadline]. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF No. 8 at 4 (emphasis in original).)

Further, and significantly, the Court finds allowing such motion to move forward on shortened time would be improper as it appears Delgado has not been served with either the

application to shorten time nor the motion to compel. The Court has reviewed the certificates of service, and they only attest that service was completed on Plaintiff's counsel through electronic service, with no indication the documents were served on the nonparty Delgado. (ECF Nos. 46, 50.) Both the application to shorten time and the motion to compel shall be denied as procedurally improper for failure to serve the nonparty as well.

The Court's denial here is without prejudice. Given the current expert discovery deadline, and the admonition in the scheduling order, the prudent course of action may be to file a further stipulated request to attempt to extend the expert discovery deadline, with enough time to set the motion to compel for hearing, if good cause can be shown. The Court does not make a ruling whether a stipulated request to extend the expert discovery deadline would be granted based on the record before it.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's *ex parte* application to shorten time (ECF No. 47) is DENIED without prejudice; and

2. Defendant's motion to compel the deposition of non-retained expert Ashley Delgado (ECF Nos. 42, 44) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 15, 2021**

UNITED STATES MAGISTRATE JUDGE