1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| GREGG LEE FOSHEE JR., | Case No. 1:20-cv-00890-AWI-SAB |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL NONPARTY ASHLEY DELGADO'S APPEARANCE AT DEPOSITION |
| v. | |
| MASTEC NETWORK SOLUTIONS, INC., | ORDER REQUIRING DEFENDANT TO SERVE COPY OF THIS ORDER ON NONPARTY |
| Defendant. | |
| | (ECF Nos. 56, 64, 65) |

11
12
13
14
15
16
17
18

## I.

## INTRODUCTION

19
20

Currently before the Court is Defendant's motion to compel the nonparty Ashley Delgado's ("Delgado") appearance at a deposition. (ECF No. 56.) On November 24, 2021, the Court held a hearing via videoconference on Defendant's motion to compel Delgado's deposition. (ECF No. 65.) At the hearing, Julie R. Campos appeared on behalf of Defendant. Geoffrey C. Lyon appeared on behalf of Plaintiff. Delgado appeared on her own behalf.

21
22
23
24
25

Having considered the moving papers, the concurrently filed declaration and exhibits attached thereto, the matters discussed at the hearing held on November 24, 2021, as well as the Court's file, the Court issues the following order granting Defendant's motion to compel nonparty Delgado's appearance at a deposition.

26
27
28

## II.

## BACKGROUND

Plaintiff filed this case on May 4, 2020, in the Fresno County Superior Court.  (ECF No. 1.)  The case was removed to the Eastern District of California on June 26, 2020.  (Id.)  A scheduling order issued on August 19, 2020, initially setting the expert discovery deadline of August 13, 2021.  (ECF No. 8.)  On July 28, 2021, the Court granted a stipulated request to extend the expert discovery deadline by a period of thirty (30) days, in order to complete the deposition of a non-retained expert identified as Dr. Melissa Tihin ("Tihin").  (ECF No. 14.)  On August 20, 2021, the parties filed a stipulation to further extend the expert discovery deadline due to the non-appearance of another witness, Delgado, at a deposition initially scheduled for August 3, 2021, and the Court granted such extension.  (ECF Nos. 15, 17.)  On September 24, 2021, a joint informal discovery dispute letter brief was filed concerning the subject matter of this motion to compel.  (ECF No. 26.)  On September 29, 2021, the Court held an informal conference.  (ECF No. 31.)  At the conference, the Court advised Defendant that because the subject of the discovery dispute was a nonparty, a motion to compel would be required to compel the nonparty's appearance at the deposition, and such compulsion could not be accomplished through the informal discovery dispute process, which is reserved for parties and based on consent.

On October 15, 2021, the Court denied Defendant's application to shorten time and associated motion to compel the nonparty witness's deposition as untimely and procedurally deficient.  (ECF No. 51.)  On October 26, 2021, the Court granted a stipulated request to extend the expert discovery deadline by a period of forty-five (45) days until December 13, 2021, in order to complete Delgado's deposition.  (EFC No. 52.)

On November 11, 2021, Defendant filed the instant motion to compel Delgado's appearance at a deposition, setting the hearing on shortened time to be heard on November 24, 2021, along with an application, stipulated to by the Plaintiff and Defendant, to shorten the time to hear the motion.  (ECF Nos. 56, 60.)  On the same date, the Court granted the stipulated request to hear the motion on shortened time on November 24, 2021.  (ECF No. 64.)  The Court

1  ordered any opposition by Delgado to the motion to compel to be filed on or before November
2  19, 2021, and ordered Defendant to serve a copy of the order on Delgado.  (Id.)  No written
3  opposition was filed by Delgado.  However, at the hearing on the motion, Delgado indicated she
4  attempted to submit documents through the Courthouse filings dropbox during the morning prior
5  to the hearing.

6  On November 24, 2021, the parties and Delgado appeared before the Court for the
7  hearing on the motion.  (ECF No. 65.)

8  **III.**

9  **LEGAL STANDARD**

10  Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged
11  matter that is relevant to any party's claim or defense and proportional to the needs of the case,
12  considering the importance of the issues at stake in the action, the amount in controversy, the
13  parties' relative access to relevant information, the parties' resources, the importance of the
14  discovery in resolving the issues, and whether the burden or expense of the proposed discovery
15  outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  Information need not be admissible in
16  evidence to be discoverable.  Fed. R. Civ. P. 26(b)(1).  The December 2015 amendment to Rule
17  26 was to restore the proportionality factors in defining the scope of discovery.  See Advisory
18  Committee Notes to Rule 26(b)(1) 2015 Amendment.  Under the amended Rule 26, relevancy
19  alone is no longer sufficient to obtain discovery, the discovery requested must also be
20  proportional to the needs of the case.  In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562,
21  564 (D. Ariz. 2016).

22  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than
23  it would be without the evidence; and (b) the fact is of consequence in determining the action."
24  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly
25  to encompass any matter that bears on, or that reasonably could lead to other matter that could
26  bear on, any issue that is or may be in the case."  Oppenheimer Fund, Inc., 437 U.S. 340, 351
27  (1978).  Discovery is designed to help define and clarify the issues.  Id.  Although relevancy is
28  broadly defined for the purposes of discovery, it does have "ultimate and necessary boundaries."

Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted).

Depositions are governed by Federal Rule of Civil Procedure 30, which states in relevant part:

**(a) When a Deposition May Be Taken.**

**(1)** *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.

**(2)** *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):

**(A)** if the parties have not stipulated to the deposition and:

**(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;

**(ii)** the deponent has already been deposed in the case; or

**(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or

**(B)** if the deponent is confined in prison.

Fed. R. Civ. P. 30.  Rule 45, governing deposition subpoenas, provides in relevant part:

**(a) In General.**

**(1)** *Form and Contents.*

**(A)** *Requirements--In General.* Every subpoena must:

**(i)** state the court from which it issued;

**(ii)** state the title of the action and its civil-action number;

**(iii)** command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
**(iv)** set out the text of Rule 45(d) and (e).

**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony

[. . .]

**(3)** *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

[. . .]

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena*.

**(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results

6

from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

> **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

> **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

[ . . . ]

**(2)** *Claiming Privilege or Protection*.

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

> **(i)** expressly make the claim; and

> **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

[ . . . ]

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court-- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45.  Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

**(a) Motion for an Order Compelling Disclosure or Discovery.**

(1) In General.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37; see also Fed. R. Civ. P. 37(b)(1) ("If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.").

In determining whether to limit the extent of discovery, the court weighs the probative value of proposed discovery against its potential burden.  Fed. R. Civ. P. 26(b)(2)(C). Specifically, the court "must limit" discovery if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## IV.

## DISCUSSION

**A.    Factual Timeline of Events as Proffered by Defendant**

On May 21, 2021, Defendant disclosed Delgado as a non-retained expert in this case based upon her treatment of Plaintiff while Delgado was employed at Central Valley Family Therapy ("CVFT").  (Mem. P. & A. Supp. Def.'s Mot. Compel Deposition ("Mem.") 2, ECF No.

57; Decl. Julie R. Campos Supp. Def.'s Mot. Compel Deposition ("Campos Decl.") ¶ 2, ECF No. 58; Campos Decl. Ex. A, ECF No. 58 at 7.)  On June 24, 2021, Defendant served a notice of deposition of Delgado on Plaintiff, for the deposition set for July 13, 2021.  (Mem. 2; Campos Decl. ¶ 3, Ex. B, ECF No. 58 at 11.)  Defendant attempted to personally serve Delgado with the deposition subpoena, however the attempt at service was unsuccessful on June 24, 2021, and again on June 28, 2021, when the process server was informed that Delgado no longer worked at the address listed on the subpoena.  (Mem. 2; Campos Decl. ¶¶ 4-5, Exs. C-D, ECF No. 58 at 31, 42.)  On July 1, 2021, Defendant attempted to personally serve Delgado with the deposition subpoena for her July 13, 2021 deposition at the address stated on Delgado's registration with the state Board of Behavioral Sciences, however, Defendant's attempt at service at this address was again unsuccessful.  (Mem. 4; Campos Decl. ¶ 6, Ex. E, ECF No. 58 at 44.)

After what Defendant proffers to have been diligent efforts to locate a current address for Delgado, Defendant was able to locate her new business address on July 12, 2021.  (Mem. 4.) On July 12, 2021, Defendant served the deposition subpoena on Delgado's new business address. (Mem. 4; Campos Decl. ¶ 7, Ex. F, ECF No. 58 at 57.)  However, given that the deposition was scheduled for the next day, Defendant rescheduled the deposition in order to allow Delgado sufficient time to comply with the subpoena.  (Mem. 4; Campos Decl. ¶ 8.)  On July 13, 2021, Defendant served an amended notice of deposition on Plaintiff, for the new deposition date of July 23, 2021.  (Mem. 4; Campos Decl. ¶ 8, Ex. G, ECF No. 58 at 69.)  On July 14, 2021, Defendant also personally served an amended deposition subpoena on Delgado at her current business address.  (Mem. 4; Campos Decl. ¶ 9, Ex. H, ECF No. 58 at 86.)

Defendant proffers Plaintiff's delayed authorization to release medical records required Defendant to reschedule Delgado's deposition.  (Mem. 4.)  Specifically, in addition to Delgado's deposition, Defendant subpoenaed the deposition of Delgado's supervisor from CVFT, Dr. Tihin, who was also disclosed as a non-retained expert in this case.  (Mem. 4; Campos Decl. ¶¶ 2, 10, Ex. A.)  The deposition subpoenas for both Delgado and Tihin contained document requests regarding their treatment of Plaintiff.  (Mem. 4; Campos Decl. ¶¶ 9-10, Ex. H.)  Once the deposition subpoenas were served, Defendant was informed by CVFT that Plaintiff had

1    revoked his authorization for CVFT to release his medical records, despite having previously

2    signed a release in early 2021.  (Mem. 4 Campos Decl. ¶ 10, Ex. I, ECF No. 58 at 98.)  As a

3    result, Defendant proffers they had to again continue Delgado's deposition in order to allow time

4    for the production of the necessary records from CVFT.  (Mem. 4; Campos Decl. ¶ 10.)

5           On July 22, 2021, Defendant's attorney Julie Campos ("Counsel") reached out to

6    Delgado via telephone and email to inform her that her July 23, 2021 deposition was going to be

7    rescheduled.  (Mem. 4; Campos Decl. ¶ 11, Ex. J, ECF No. 58 at 104.)  Counsel advised Delgado

8    that she did not need to appear for her deposition on July 23, 2021, and asked Delgado if she was

9    available to reschedule her deposition for August 3, 2021.  (Mem. 5.)  Counsel further asked

10   Delgado to provide her availability in the event that August 3, 2021 was unavailable, and

11   Delgado responded via email on the night of July 22, 2021 stating:

12                 I, Ashley Delgado, cannot confirm nor deny that Gregg Foshee
                   was a client at Central Valley Family Therapy.  Secondly, I,
13                 Ashley Delgado, am no longer an employee at Central Valley
                   Family Therapy, therefore I cannot speak on the agency's behalf
14                 nor produce any records or documentation on their behalf.  Thank
                   you.
15

16   (Mem. 5; Campos Decl. ¶ 11, Ex. J.)  On July 23, 2021, Counsel responded to Delgado stating

17   that she still needed to appear for her deposition, and again requested that Delgado provide her

18   availability for her deposition.  (Mem. 5; Campos Decl. ¶ 11, Ex. J.)  On July 25, 2021, Delgado

19   responded via email stating:

20                 Per my statement, I cannot confirm or deny the information that
                   you are requesting.  That is my statement and I do not have any
21                 information or records to produce.  Thank you.

22   (Mem. 5; Campos Decl. ¶ 11, Ex. J.)  On July 26, 2021, Counsel responded to Delgado via email

23   and reiterated that she had been identified as an expert in this case, and that Plaintiff had

24   authorized CVFT to release his medical information.  Counsel again asked Delgado if she was

25   available on August 3, 2021 for her deposition and requested that Delgado provider her

26   availability if that date did not work.  (Mem. 5; Campos Decl. ¶ 11, Ex. J.)  Delgado never

27   responded to Counsel's email.  (Campos Decl. ¶ 11.)  Defendant proffers that despite these

28   diligent efforts to work with Delgado to schedule her deposition for a mutually agreeable date,

1    Delgado refused to respond to Counsel's requests for her availability.   Therefore, on July 27,

2    2021, Defendant served a second amended notice of deposition on Plaintiff for Delgado's

3    deposition set for August 3, 2021, and on July 29, 2021, Defendant personally served its second

4    amended deposition subpoena on Delgado.  (Mem. 5-6; Campos Decl. ¶¶ 12-13, Exs. K, L, ECF

5    No. 58 at 109, 126.)  Counsel also emailed Delgado a copy of the second amended deposition

6    subpoena, along with the login information for the videoconference deposition.   (Mem. 6;

7    Campos Decl. ¶ 14, Ex. M, ECF No. 58 at 138.)

8         Delgado's deposition was set to begin at 10:00 a.m. on August 3, 2021.  (Mme. 6;

9    Campos Decl. ¶¶ 12-14, Exs. K, L, Ex. M, ECF No. 58 at 138.)   At the start time of the

10   deposition, Delgado was not present.  The Parties waited for 10 minutes to allow Delgado some

11   time to join the videoconference deposition, however she never joined.  (Mem. 6; Campos Decl.

12   ¶ 15.)  At 10:10:45 a.m., Counsel emailed Delgado advising that her deposition was set to begin

13   an 10:00 a.m., and asked Delgado to let Counsel know if she was having trouble connecting to

14   the videoconference.   Counsel also included the login information for the videoconference

15   deposition, however, Delgado never responded to the email.  (Mem. 6; Campos Decl. ¶ 15, Ex.

16   N, ECF No. 58 at 144.)  The parties remained on the videoconference call until 10:21 a.m., and

17   at that time, Delgado still had not appeared for her deposition.  (Mem. 6; Campos Decl. ¶ 16, Ex.

18   O, ECF No. 58 at 151.)

19        On October 26, 2021, the Court issued an order in which the expert discovery deadline

20   was continued to December 13, 2021.  (ECF No. 55.)  As part of the stipulation to continue the

21   expert discovery deadline, Defendant represented that it would continue to attempt to contact

22   Delgado in an effort to set her deposition without further Court intervention (ECF No. 52).

23   (Mem. 6–7.)  In accordance with the affirmation to the Court, Defendant proffers it diligently

24   sought to contact Delgado in an attempt to resolve this issue and set her deposition without the

25   need for Court intervention.  (Mem. 7; Campos Decl. ¶¶ 17–19, Exs. P, Q, ECF No. 58 at 158,

26   162.)

27        Specifically, Counsel emailed, called, and left a voicemail for Delgado on the phone

28   number and email address listed on Ms. Delgado's website on October 20, 2021, October 22,

1   2021, October 28, 2021, and October 29, 2021.  (Mem. 7; Campos Decl. ¶ 17, Ex. P.)  However,

2   Counsel never received a response from Delgado.  (Mem. 7; Campos Decl. ¶ 17.)  Counsel called

3   and left a voicemail for Ms. Delgado at the phone number listed on Ms. Delgado's website again

4   on November 8, 2021, however, Delgado again did not answer Counsel's phone call.  (Mem. 7;

5   Campos Decl. ¶¶ 18-19, Ex. Q.)  On November 8, 2021, in a further effort to reach Delgado,

6   Counsel called the phone number listed for Delgado on the Psychology Today website.  A

7   receptionist answered the phone and indicated that she was with Path, a service with which the

8   receptionist confirmed Delgado is currently affiliated.  Counsel left a message with the

9   receptionist explaining that Defendant would like to set Delgado's deposition, and requested that

10  Delgado return Counsel's phone call and/or emails.  The receptionist advised that she would

11  promptly send Delgado an email relaying the message.  Nevertheless, Delgado failed to respond

12  to Defense counsel that day.  (Id.)

13          On November 9, 2021, Counsel again emailed, called, and left a voicemail for Delgado at

14  the phone number and email address listed on Delgado's website in order to schedule a time for

15  her deposition.  (Mem. 8; Campos Decl. ¶ 19, Ex. Q.)  Later in the day on November 9, 2021,

16  Delgado emailed Counsel a letter stating that Delgado does not agree to be an expert witness in

17  this case and that this would be her "final response."  (Mem. 8; Campos Decl. ¶ 20, Ex. R, ECF

18  No. 58 at 164.)  Defendant submits that Delgado's November 9, 2021 letter makes it clear that

19  Delgado is both aware of Defendant's deposition subpoena, and that she refuses to comply with

20  the subpoena.  (Mem. 8.)  On November 10, 2021, Counsel responded to Delgado's email and

21  letter and explained that it would seek an order from the Court compelling Delgado's appearance

22  at her deposition.  (Mem. 8; Campos Decl. ¶ 21, Ex. S, ECF No. 58 at 167.)

23          In the filings associated with this motion, Defendant submits that at the time of filing,

24  Defendant will cause the motion and the concurrently filed stipulated application for the order

25  shortening time to be personally served on Delgado, and would send Delgado an email courtesy

26  copy of the filings.  (Mem. 8; Campos Decl. ¶ 23.)  Defendant thus proffers Delgado will have

27  ///

28  ///

1   sufficient notice of Defendant's Motion.[1]

2       **B.**    **The Court Shall Grant the Defendant's Motion to Compel**

3          Defendant's notice of motion expressly states that the motion is made pursuant to Federal

4   Rule of Civil Procedure 37(a), on the ground that Delgado failed to appear at the August 3, 2021

5   deposition, pursuant to Defendant's deposition subpoena.  (ECF No. 56.)  While the notice of

6   motion refers to the deposition subpoena, the motion does not reference or expressly state that

7   the motion is brought pursuant to Federal Rule of Civil Procedure 45.  (Id.)  The memorandum

8   filed in support of the motion is nearly devoid of legal authority, and does not cite any portion of

9   Rule 37.  The memorandum does reference Rule 45 in affirming that Defendant properly served

10  a deposition subpoena pursuant to Rule 45, and then cites one second circuit opinion (though

11  counsel does not provide any full citation to the authority), for the proposition that the Court may

12  compel an expert witness may testify to considering certain factors, Kaufman v. Edelstein, 539

13  F.2d 811 (2d Cir. 1976).  (Mem. 8-9.)  The Second Circuit stated when considering quashing a

14  subpoena directed at requiring a non-designated expert to testify at trial, the Court may consider:

15  "the degree to which the expert is being called because of his knowledge of facts relevant to the

16  case rather than in order to give opinion testimony; the difference between testifying to a

17  previously formed or expressed opinion and forming a new one; the possibility that, for other

18  reasons, the witness is a unique expert; the extent to which the calling party is able to show the

19  unlikelihood that any comparable witness will willingly testify; the degree to which the witness

20  is able to show that he has been oppressed by having continually to testify; and, undoubtedly,

21  many others."  Kaufman v. Edelstein, 539 F.2d 811, 822 (2d Cir. 1976).

22

23  [1]  The Court ordered Defendant to additionally serve the order granting the application to hear the motion on
24  shortened time and provide the videoconference information to Delgado.  (ECF No. 64.)  The Court's order did not
    require Defendant to file proof of such service, and none was filed.  (Id.)  The Court additionally notes that Delgado
25  contacted the Courtroom Deputy on November 16, 2021, seeking to "quash" the motion to compel.  The Courtroom
    Deputy informed Delgado that the Court cannot accept the opposition or request via such email communication with
26  the Court, and directed Delgado to file any written opposition to the present motion directly with the Clerk's office.
    The Court cannot engage in substantive ex parte communications with the parties or nonparties concerning any
27  contended issues underlying this motion, though Delgado and the parties may contact the Courtroom Deputy for
    issues such as confirming videoconference login information, or other technical assistance in attending the hearing.
28  In response to the November 16, 2021 email, the Courtroom Deputy provided Delgado with the videoconference
    login information.  The Court did not receive any written opposition filed with the Clerk's office.  Regardless,
    Delgado appeared at the hearing, thus the Court finds sufficient notice was effected.

1   In consideration of these factors here, Defendant proffers: it seeks Delgado's deposition
2   testimony on her knowledge of facts regarding her treatment of Plaintiff; does not seek to have
3   Delgado form any new opinion regarding Plaintiff; only seeks to obtain Delgado's testimony on
4   previously formed opinions based upon her treatment of Plaintiff; and that Delgado is a unique
5   expert because she drafted the records obtained from CVFT regarding Plaintiff's treatment, and
6   thus Delgado is the best available witness to testify regarding the documents she drafted.  (Mem.
7   8.)  Further, given Delgado's deposition will likely only take a couple of hours — as Counsel
8   repeatedly informed Delgado — Defendant argues there is no reason that Delgado would be
9   oppressed by having to testify.  (Id.)

10   The Court finds consideration of the interplay of Rule 45 and Rule 37 to be relevant to
11   this motion.  Defendant is not seeking sanctions in the present motion.  However, given the
12   manner of notice of the motion under Rule 37, and the lack of authority presented to the Court in
13   support of the motion, the Court finds it necessary to delve into the issues underlying compelling
14   nonparties to comply with a Rule 45 subpoena through both Rule 45 and Rule 37, including the
15   related discussions concerning the issuance of sanctions or finding of contempt, and the
16   differences depending on if documents are sought through the Rule 45 subpoena (subpoena
17   *duces tecum*), versus compelling or seeking sanctions under Rule 37 related to a Rule 45
18   subpoena that only seeks appearance at a deposition.  The deposition subpoena issued to both
19   Delgado and Tihin here contained document requests regarding their treatment of Plaintiff, and
20   thus in part were a subpoena *duces tecum*.  (Mem. 4; Campos Decl. ¶¶ 9-10, Ex. H.)

21   In ruling on an *ex parte* application for an order to show cause why a contempt citation
22   should not issue for the alleged failure of a nonparty to comply with a previous order granting a
23   motion to compel the nonparty to comply with a subpoena requiring production of documents,
24   this Court has previously stated that while "[a] court may sanction a party for failing to obey a
25   discovery order and may treat the failure as contempt of court [under] Fed. R. Civ. P.
26   37(b)(2)(A)(vii)[,] a court may not impose Rule 37(b) sanctions against a nonparty for asserted
27   noncompliance with a subpoena issued under Rule 45."  Chaudhry v. Angell, No. 1:16-CV-
28   01243-SAB, 2021 WL 1711101, at *3 (E.D. Cal. Apr. 29, 2021) (citing Sali v. Corona Reg'l

Med. Ctr., 884 F.3d 1218, 1224 (9th Cir. 2018) ("A subpoena under Rule 45, in contrast, is

directed at the nonparty.  It obligates the nonparty to appear at the scheduled deposition at pain

of being held in contempt.  None of the other sanctions available under Rule 37 are available

against the nonparty.")).  The Court shall reproduce that discussion, which did not discuss in

depth any potential distinctions between a subpoena directing appearance at a deposition versus a

subpoena commanding production of documents:

> A court may sanction a party for failing to obey a discovery order and may treat the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).  However, a court may not impose Rule 37(b) sanctions against a nonparty for asserted noncompliance with a subpoena issued under Rule 45. See Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1224 (9th Cir. 2018) (other than contempt, "[n]one of the other sanctions available under Rule 37 are available against the nonparty" who fails to comply with a Rule 45 subpoena); see also Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.4 (9th Cir. 1983) (noting that Rule 37 does not authorize an award of expenses for a motion to compel nonparties to produce documents); Genx Processors Mauritius Ltd. v. Jackson, 2:14-cv-01938-APG-PAL, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018) ("The court may not use the enforcement remedies contemplated in Rule 37 for a nonparties' failure to comply with a subpoena")  (citing Pennwalt Corp., 708 F.2d at 494)); Jerry Beeman & Pharmacy Servs., Inc., 322 F. Supp. 3d 1027, 1034 n.4 (C.D. Cal. 2018) (explaining sanctions under Rule 37(b)(2) were not warranted as the moving party did not show "a particular discovery order that ha[d] been violated," but approving inherent authority sanctions).
>
> A court may impose sanctions against a nonparty for failure to comply with a subpoena for document production pursuant to Rule 45. See Fed. R. Civ. P. 45(g); Pennwalt Corp., 708 F.2d at 494; McAllister v. St. Louis Rams, LLC, 2:17-mc-157-AB (KSx), 2018 WL 6164281, at *2 n.4 (C.D. Cal. July 2, 2018) (finding Rule 37 sanctions inapplicable to nonparty, and stating "Rule 45 is only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum") (citing Pennwalt Corp., 708 F.2d at 494).
> Under Rule 45, a court may exercise its contempt powers when a person who has been served with a subpoena "fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Contempt sanctions are among a court's inherent powers. See Shillitani v. United States, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.");Ochoa v. Lopez, CV 11-9239 AG (MLGx), 2016 WL 9712071, at *1 (C.D. Cal. June 20, 2016) ("A court has inherent power to enforce its orders by holding those who violate those orders in civil contempt and issuing corresponding sanctions.") (citing Shillitani, 384 U.S. at 370).

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith exception to the requirement of obedience to a court order." Id. (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." Id. (quoting Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)).

"In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section...the magistrate judge may exercise the civil contempt authority of the district court." 28 U.S.C. § 636(e)(4).

Chaudhry v. Angell, No. 1:16-CV-01243-SAB, 2021 WL 1711101, at *3 (E.D. Cal. Apr. 29, 2021); see also Id. at *3 n.6 ("The Court did not locate any authority as to this provision's applicability when a party in a consent case is seeking contempt sanctions against a nonparty witness.  The Court notes that in a case where the parties have not consented to the jurisdiction of a United States magistrate judge and where a party's conduct 'constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.'  28 U.S.C. § 636(e)(6).").

"Rule 30 authorizes a party to take the deposition of 'any person,' generally without the court's permission [and] [t]he deponent's attendance may be compelled by subpoena under Rule 45." Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1221–22 (9th Cir. 2018) (citing Fed. R. Civ. P. 30(a)(1)).  "If the deponent disobeys the subpoena, the district court can hold the deponent in contempt." Id. (citing Fed. R. Civ. P. 45(g)).  In Pennwalt, the Ninth Circuit stated "[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a **subpoena duces tecum** is Rule 45(f)." Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983) (emphasis added).  The Ninth Circuit continued in discussing Rule 37(a)(4), which is now recodified as subdivision 37(a)(5),

that the Rule "authorizes an award of expenses, including attorney fees, for a motion to compel discovery.  It applies, however, to motions to compel parties to produce documents (under Rule 34), and motions to compel nonparties to attend depositions, but **not motions to compel nonparties to produce documents**." Pennwalt, 708 F.2d at 494 n.4.  The Ninth Circuit has recently affirmed that the statement regarding the applicability to compulsion to attend depositions is dictum.  Sali, 884 F.3d at 1223 ("*Pennwalt* refers to Rule 37(a)(4), which was recodified as subdivision (a)(5) in 2007 . . . [t]he rule's substance is unchanged [and] *Pennwalt*'s statement in this regard was dictum because that case involved a nonparty's failure to comply with a subpoena duces tecum.").  A Bankruptcy Appellate Panel for the Ninth Circuit recently discussed these issues, and additionally stated that a court order must first be subject to an order compelling discovery prior to exercising its contempt powers and imposing the sanction of attorneys' fees for the failure to comply with a Rule 45 subpoena *duces tecum*:

> We reversed, holding that the sanction of attorney's fees could not be imposed on a nonparty witness for noncompliance with a subpoena duces tecum under Civil Rule 37 (incorporated by Rule 7037); rather, Civil Rule 45 is the sole basis for enforcing a nonparty's noncompliance with a subpoena duces tecum. *Id.* at 877–79. *See also* Civil Rule 34(c), incorporated by Rule 7034, which provides that motions to compel a nonparty to produce documents are governed by Civil Rule 45. Under Civil Rule 45, the nonparty must first be subject to an order compelling discovery and then fail to comply with that order before the court can invoke its contempt powers and impose a sanction of attorney's fees. *Id. See also Pennwalt Corp.,* 708 F.2d at 494.

> Our holding in *Plise* is narrower than Appellants contend. First, to receive the procedural protections of Civil Rule 45, the nonparty witness must timely object to a subpoena duces tecum, either by serving written objections to the requesting party or by a motion to quash. *In re Plise,* 506 B.R. at 879. *See also Pennwalt Corp.,* 708 F.2d at 494 n. 5 (once the subpoenaed party objects, the protections of Civil Rule 45(d) come into play and the party seeking discovery must obtain a court order directing compliance). Debtors did not serve any written objections on the Trustee regarding production of the requested documents or file a motion to quash.

> Next, for a subpoenaed nonparty's failure to attend a deposition, Civil Rule 37(a)(5) authorizes an award of expenses, including attorney's fees, incurred for a motion to compel the nonparty's attendance. *Pennwalt Corp.,* 708 F.2d at 494 n. 4 (Civil Rule 37 sanctions apply to motions to compel nonparties to attend depositions); Civil Rule 37(a)(5)(A) (expressly referencing a "party or deponent" and stating that the

sanction of attorney's fees may be imposed on the party, the deponent, the attorney advising the party or deponent whose conduct necessitated the motion to compel, or both). *See also* Civil Rule 30(d)(2), incorporated by Rule 7030, which provides that the court may impose a sanction of reasonable attorney's fees incurred by any party on a "person" who impedes, delays or frustrates the fair examination of a deponent; *and* Civil Rule 30(d)(3)(C), which provides that any such sanction is governed by Civil Rule 37(a)(5). In this case, much of the conflict stemmed from securing Debtors' appearance for depositions and Nguyen's alleged interference with Mrs. Pham's deposition.

Debtors and Nguyen could have been sanctioned for attorney's fees under Civil Rule 37(a)(5) for any failure to comply with the subpoenas.

In re Pham, 536 B.R. 424, 431 (B.A.P. 9th Cir. 2015); Kirschner v. J.P. Morgan Chase Bank, N.A., No. 20-CV-01712-LAB-JLB, 2021 WL 2633592, at *1–2 (S.D. Cal. June 25, 2021) ("The Court, however, may not use the enforcement remedies contemplated in Rule 37 for a nonparty's failure to comply with a subpoena *duces tecum* . . . [t]he only authority in the Federal Rules of Civil Procedure to sanction a nonparty for failing to comply with a subpoena *duces tecum* is Rule 45(g).") (citing Pennwalt, 708 F.2d at 494 & n.4; Sali, 884 F.3d at 1225).

In line with Pennwalt and In re Pham, at least one post-Sali court has recently assumed, without deciding, that Rule 37 attorneys' fees could be awardable for noncompliance with a subpoena to *appear* for a deposition.  See V5 Techs. v. Switch, Ltd., No. 217CV02349KJDNJK, 2019 WL 7489860, at *6 (D. Nev. Dec. 20, 2019) ("Defendant seeks an award of expenses under Rule 37(a)(5)(A). . . [a]ssuming without deciding that this rule applies to a motion to compel a nonparty deposition, *cf. Sali*, 884 F.3d at 1224 (discussing distinctions between rules applicable to party and nonparty discovery), an award of expenses is not warranted here.").  Pre-Sali, a district court in Oregon found Pennwalt authorized the award of fees under Rule 37(a)(5) against a nonparty for failing to comply with a Rule 45 subpoena to attend a deposition:

As a sanction for her contempt, Dallas asks the court to enter a liability finding against Baldino under Rule 37(b)(2). The Rule applies only to "a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)" and is, therefore, inapplicable to a nonparty. *See Pennwalt,* 708 F.2d at 495 n.5 ("Rule 37(b)(2) permits the main forum to impose sanctions on a party who violates a court order.") Dallas is not entitled to any of the sanctions identified in Rule 37(b)(2), including the requested finding of liability. However, Rule 37(a)

18

authorizes a party to seek a motion to compel discovery when a deponent fails to meaningfully participate in a scheduled deposition and directs the court to award reasonable expenses incurred in making the motion to compel if such motion is granted; provided the movant attempted in good faith to obtain the requested discovery before filing the motion, the failure to provide the discovery was unjustified, and the circumstances justify an award of expenses. Rule 37(a) applies to Dallas's motion to compel Baldino's attendance at a Rule 45 deposition and authorizes the court to award Dallas reasonable expenses incurred in making such motion, if otherwise appropriate under the statute. *See Pennwalt,* 708 F.2d at 495 n.5 (Rule 37(a), which authorizes an award of expenses for a successful motion to compel, applies to motions to compel nonparties to attend depositions).

Dallas Buyers Club, LLC v. Doe-67.170.167.29, No. 6:15-CV-221-AC, 2015 WL 5996338, at *5 (D. Or. Oct. 13, 2015). The order awarding expenses and finding contempt followed an initial order compelling attendance at the deposition. Dallas Buyers Club, 2015 WL 5996338, at *6 ("In the July Order, the court granted Dallas's motion to compel Baldino's attendance at a deposition . . . [the] refusal to participate in the deposition on August 19, 2015, was not substantially justified, and the circumstances before the court justify an award of expenses under Rule 37(a) . . . the court finds an award of reasonable expenses incurred by Dallas in seeking to compel Baldino's attendance at, and participation in, the August 19, 2015, is appropriate . . . [and] finds Baldino substantially violated the Orders and is in contempt of court.").

Given the Defendant does not seek sanctions, expenses, or a finding of contempt, the above discussion is not yet determinative to the instant motion, but the Court nonetheless engaged the issues and provides such information, as Defendant should be aware if the need arises for Defendant to seek further compulsion or compliance if Delgado fails to appear for her deposition as the Court herein orders. Thus, Defendant should be mindful of the above legal standards, and should make a determination of the appropriate course of action in setting the deposition compelled by this order, including determination whether a further Rule 45 subpoena should be concurrently served with the setting or notice of the deposition, and how Defendant should proceed if it files any further motion for compliance, sanctions, expenses, or a finding of contempt, as related to both appearance at the deposition, and document production by the nonparty.

1   The Court now turns to the crux of the motion at hand.  "A nonparty seeking to avoid
2   subpoenaed discovery bears the burden of showing why it should not be permitted."  V5 Techs.,
3   2019 WL 7489860, at *1 (citing Goodman v. United States, 369 F.2d 166, 169 (9th Cir. 1966)).
4   Nonparty Delgado did not file a written opposition with the Court, but she did appear at the
5   hearing to present oral argument.  At the hearing, Delgado argued that she cannot testify on
6   behalf of Mr. Foshee due to her confidentiality requirements as a therapist; that Mr. Foshee did
7   not specifically give her permission to testify at a deposition about his treatment; that she no
8   longer works at CVFT and therefore does not have access to any of Mr. Foshee's records; and
9   that she does not remember his treatment as it would have occurred approximately two years
10  ago.  Further, Delgado indicated she was aware of the previously set deposition, based on her
11  communications with Ms. Campos.  In response to Delgado's arguments, the parties confirmed
12  that Mr. Foshee had provided authorization and the related releases permitting discussion of his
13  treatment, and that the parties were already in possession of Mr. Foshee's records and could
14  arrange to provide a copy to Delgado in advance of her deposition for her review, if necessary.

15          Based on the totality of the above facts detailing nonparty Delgado's failure to appear for
16  the deposition despite being served with a Rule 45 subpoena, no opposition being filed by the
17  nonparty, as well as the matters discussed at the November 24, 2021 hearing, the Court finds
18  good cause exists to grant Defendant's motion to compel Delgado's deposition.  Fed. R. Civ. P.
19  30(a)(1); Fed. R. Civ. P. 37(a); Fed. R. Civ. P. 45; Sali, 884 F.3d at 1222 ("As we have
20  recognized, Rule 37(a) encompasses an order to attend a deposition."); In re Pham, 536 B.R. at
21  431; RG Abrams Ins. v. L. Offs. of C.R. Abrams, No. 221CV00194FLAMAAX, 2021 WL
22  4974049, at *4 (C.D. Cal. Aug. 19, 2021) (Rule 37 is "more commonly . . . used
23  to compel the deposition attendance of non-party deponents."); V5 Techs., 2019 WL 7489860, at
24  *1 ("Even in the context of a nonparty deposition, a 'strong showing' is required before a party
25  will be denied entirely the right to take that deposition.").

26          At the hearing, the parties agreed that Friday, December 10, 2021, was an acceptable date
27  to complete the deposition and the Court shall order nonparty Delgado to appear for a deposition
28  by video on December 10, 2021, at 10:00 a.m.

# V.

## CONCLUSION AND ORDER

The Court finds an order compelling the nonparty and non-designated expert witness Ashley Delgado to attend a deposition is appropriate under Federal Rules of Civil Procedure 30(a)(1), 37(a) and 45.

Accordingly, IT IS HEREBY ORDERED that:

1.   Defendant's motion to compel the deposition of nonparty Ashley Delgado (ECF No. 56 ) is GRANTED;

2.   Nonparty Ashley Delgado must appear for and participate in a deposition on **December 10, 2021, at 10:00 a.m.**, as confirmed and agreed to by Delgado and the parties at the hearing.  Failure to appear may result in the imposition of sanctions;

3.   Defendant need not serve, but nevertheless shall provide the information for the deposition, including the Zoom login information required for the deposition, to nonparty Ashley Delgado within **two (2) days of entry of this order**; and

4.   The Clerk of the Court is directed to mail a copy of this order to Delgado at the mailing address provided by Delgado to the Courtroom Clerk at the hearing on the motion.

IT IS SO ORDERED.

Dated:   **November 24, 2021**

_____

UNITED STATES MAGISTRATE JUDGE